```
1  CHARLES J. McKEE        (SBN 152458)
   County Counsel
2  TRACI A. KIRKBRIDE      (SBN 195690)
   Deputy County Counsel
3  Office of the County Counsel
   County of Monterey
4  168 West Alisal Street, 3rd Floor
   Salinas, California  93901-2680
5  Telephone:  (831) 755-5045
   Facsimile:   (831) 755-5283
6  Email: kirkbrideta@co.monterey.ca.us

7  Attorneys for Defendants, COUNTY OF MONTEREY and
   MICHAEL KANALAKIS
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>    Defendants.<br>_____/ | Case No. C 07-02599 JF<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF MONTEREY AND MICHAEL KANALAKIS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE<br>[F.R.C.P. 12(b)(1) and (6)]<br><br>Date:           July 20, 2007<br>Time:          9:00 AM<br>Ctrm.:         3, 5th Floor<br>Judge:        Hon. Jeremy Fogel<br>Action Filed:  May 16, 2007 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS.

On December 7, 2006, Jimmy Haws was a pretrial detainee in the custody of the Monterey County Sheriff's Office and was housed in the Monterey County Jail. On the morning of December 7th, Jimmy Haws and his cellmate, Roger Spencer, were released from their cell into a common area of the jail for their one hour of "free" time. During this time, Haws and Spencer got into a physical altercation. At one point, Spencer placed Haws in a choke hold while they were at the top of a flight of stairs. The choke hold apparently caused Haws to lose consciousness. Spencer then released his hold on Haws and

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                                Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                                                            1 of 10

1  caused Haws to fall down the flight of stairs. The fall caused Haws to strike his head. Haws was
2  transported to Natividad Medical Center and subsequently was transferred to the Community Hospital of
3  the Monterey Peninsula (CHOMP) where he underwent surgery for his head injuries. Currently, Haws is
4  in a long-term care facility undergoing rehabilitation and recovery.

5      Plaintiffs filed their complaint against Defendants County of Monterey, Michael Kanalakis and
6  Natividad Medical Center on May 16, 2007, alleging seven causes of action. Including four causes of
7  action under 42 U.S.C. § 1943, a negligence cause of action, a cause of action for failure to take
8  reasonable action to summon medical care under California Government Code § 845.6 and a cause of
9  action for dangerous condition of public property under California Government Code §830. The last
10 three causes of action are state law-based claims.

## II.

## STANDARD OF REVIEW TO BE USED IN 12(b)(6) MOTIONS.

13     The Defendants' motion seeks dismissal of Plaintiff's SAC pursuant to F.R.C.P., Rule 12(b)(1)
14 and (6). In adjudicating 12 (b)(6) motions, it is true that the court must generally accept the allegations
15 contained in the plaintiffs' pleading as true. But when the pleading contains unwarranted deductions of
16 fact or unreasonable inferences, they need not be accepted. *In re Delorean Motor Co.* 991 F.2d 1236,
17 1240 (6th Cir. 1993); *Taylor v. F.D.I.C.*, 132 F. 3d 753, 762 (DC Cir. 1997); *Transphase Systems, Inc. v.*
18 *Southern Calif. Edison Co.* 839 F. Supp. 711, 718 (CD CA 1993) (quoting text); *Beliveau v. Caras*, 873
19 F. Supp. 1393, 1395-1396 (CD CA 1995) (citing text).

## III.

## PLAINTIFFS SETH DANIEL HAWS AND MIA SKYE HAWS, BY AND THROUGH THEIR GUARDIAN AD LITEM, CARRIE A. HAWS AND CARRIE A. HAWS INDIVIDUALLY LACK STANDING TO BRING THIS ACTION.

23     To seek relief under 42 U.S.C. § 1983, a plaintiff must show that the defendant, acting under
24 color of state law, deprived the plaintiff of *his or her* constitutional or federal statutory rights. *West v.*
25 *Atkins*, 487 U.S. 42,48, 108 S. Ct. 2250, 101 L.Ed. 2d 40 (1988). A plaintiff has standing to invoke
26 federal court jurisdiction only when the plaintiff himself has suffered "some illegal action". *Warth v.*
27 *Seldin*, 422 U.S. 490, 499, 45 L.Ed. 2d 343, 95 S. Ct. 2197 (1975). Here, with the exception of plaintiff
28 Jimmy D. Haws, by and through his guardian ad litem, Carrie A. Haws, the remaining plaintiffs have not

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                    2 of 10

alleged any injury or damages to themselves personally or any unique damages and instead simply "ride the coattails" of the allegations concerning Jimmy Haws. The remaining plaintiffs have not and cannot set forth any allegations as to how their constitutional due process rights under the Fifth and Fourteenth Amendments, their right to be free from cruel and unusual punishment under the Eighth Amendment, or their right to be free from interference with their alleged "zone of privacy" under the Fourth and Ninth Amendments have been violated by any of the defendants. These plaintiffs also lack standing under the three state-law based causes of action due to their inability to allege any damages to them personally. The incurrence of legally compensable damages or harm is a necessary requirement to stating a cause of action against a defendant. *Ladd v. County of San Mateo*, (1996) 12 Cal. 4th 913, 917; *Restatement 2d of Torts*, Section 328A(d); Judicial Council of California, *Civil Jury Forms* (2006) Negligence, No. 400.

## IV.

**THIS COURT LACKS JURISDICTION TO CONSIDER PLAINTIFFS' COMPLAINT SINCE THERE IS NO LEGAL THEORY OR CAUSE OF ACTION SET FORTH WHICH IS COGNIZABLE UNDER FEDERAL LAW.  THE UNITED STATES DISTRICT COURT THEREFORE LACKS SUBJECT MATTER JURISDICTION.**

Here, with respect to plaintiff's claims, plaintiff has failed to allege, and cannot allege, sufficient facts under a cognizable legal theory.

For a Federal District Court to have jurisdiction over a subject matter in controversy, assuming, as here, no diversity of citizenship, there must be a question of Federal law. 28 U.S.C. § 1331.

Here, Plaintiffs, have not asserted any cognizable theory under federal law. Instead, Plaintiffs' complaint sets forth allegations that misstate protections supposedly afforded by various Constitutional amendments in an attempt to support their claims under 42 U.S.C. §1983. At several points in the Complaint, plaintiffs list rights supposedly guaranteed under Constitutional amendments which they assert Defendants have violated. As an illustration of this, on page 6 of the Complaint, Plaintiffs assert the following allegations: that defendants County and Kanalakis acted under color of law to deprive plaintiffs of the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendment; that Plaintiffs were deprived of the right to be free from cruel and unusual punishment and from prejudgment punishments as guaranteed by the Eight Amendment; and that plaintiffs were deprived of the right to be free from interference with the zone of privacy as

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                                                                                3 of 10

protected by the Fourth and Ninth Amendments. Defendants will address each of these Constitutional issues in turn.

### A. Due Process of Law Under the Fifth and Fourteenth Amendments

Plaintiffs have failed to set forth facts to establish how Plaintiffs' rights to due process of law were supposedly violated by the defendants. Plaintiffs assert on page 8, lines 18-19 of their Complaint that plaintiffs were deprived of their right to "prompt medical attention while incarcerated as guaranteed by the Due Process Claus of the Fifth and Fourteenth Amendments". There is no guarantee to "prompt medical attention" stated anywhere in either the Fifth or Fourteenth Amendments.

### B. Cruel and Unusual Punishment and Prejudgment Punishment Under the Eighth Amendment

First, there is no right to be free from "prejudgment punishment" set forth in the Eighth Amendment. Second, as Plaintiffs concede in their Complaint at p. 3, ¶12, Plaintiff Jimmy Haws was a pretrial detainee in the custody of the County of Monterey as opposed to being an inmate already convicted and awaiting sentencing. The Eighth Amendment's prohibition against cruel and unusual punishment only protects <u>convicted</u> prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979), *Graham v. Connor*, 490 U.S. 386, 395 n. 10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). Instead, the source of the individual's rights is the Due Process Clause of the Fourteenth Amendment. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Regarding allegations concerning medical treatment, a claim of mere negligence or harassment related to medical problems is not enough to make out a violation of the Eighth Amendment. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees concerning allegations that officials are deliberately indifferent to the medical needs of those inmates in their custody is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                           Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                                                                    4 of 10

**C.  The Right to be Free from Interference with the Zone of Privacy as Protected by the Fourth and Ninth Amendments**

Again, Plaintiffs misstate the Constitutional guarantees. Under the Fourth Amendment, there is no recognized right to be free from interference with the "zone of privacy". Although the Ninth Circuit explicitly recognizes a prisoner's right to *bodily privacy* (*Sepulveda v. Ramirez*, 967 F.2d 1413, 1415 (9th Cir. 1992)), this does not equate with a supposed "zone of privacy". It is well established that prisoners/inmates have no general right to privacy in jail. *See Hudson v. Palmer*, 468 U.S. 517, 82 L.Ed. 2d 393, 104 S.Ct. 3194 (1984).

Plaintiffs assert on p. 6, lines 24-25 of their Complaint that the supposed right to be free from interference with the "zone of privacy" is also protected by the Ninth Amendment. There is no such guarantee set forth in the Ninth Amendment and, in fact, the Ninth Amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. *Canton Beach NAACP v. Runnels*, 617 F. Supp. 607, 609 n.3 (S.D. Miss. 1985). "[t]hat [9th] amendment has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation". *Schowengerdt v. United States of America*, 944 F. 2d 483, 490 (9th Cir. 1991); *See Strandberg v. City of Helena*, 791 F.2d 744 (9th Cir. 1986).The Supreme Court has repeatedly voiced concern that a section 1983 claim be based on a specific constitutional guarantee. *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 666, 88 L. Ed. 2d 662 (1986); *Parratt v. Taylor*, 451 U.S. 527, 544, 68 L.Ed. 2d 420, 101 S.Ct. 1908 (1981); *Paul v. Davis*, 424 U.S. 693, 700-01, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976). The Ninth Amendment provides no such specific constitutional guarantee.

Again, in addition to misconstruing the constitutional guarantees as set forth above, Plaintiffs have failed to set forth any facts which would establish how these moving defendants supposedly violated any of the above-listed Constitutional rights.

Simply listing causes of action with no factual allegations in support does not meet the burden of Plaintiffs stating claims against Defendants that are cognizable under Federal law and thereby conferring the Federal court with jurisdiction over this matter. Federal Rule of Civil Procedure 8(a). Plaintiffs have not and cannot allege a cognizable legal right under Federal law that the moving defendants have

*Jimmy D. Haws, et al. v. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint    5 of 10

supposedly invaded.

For these reasons, the United States District Court has no jurisdiction to hear this matter and, therefore, Plaintiffs' Complaint must be dismissed with prejudice.

## V.

### PLAINTIFFS' COMPLAINT FAILS SINCE PLAINTIFFS HAVE NOT ALLEGED SUFFICIENT FACTS SHOWING THAT THEY WERE DEPRIVED OF A COGNIZABLE INTEREST.

A dismissal under Rule 12(b)(6) is appropriate in either of the following cases:

1:  where there are insufficient facts alleged under a cognizable legal theory; or

2:  where there is no cognizable legal theory alleged.

*Graehling v. Village of Lombard, III*, 58 F.3d 295, 297 (7th Cir. 1995).

In order for a plaintiff to recover damages under a cause of action for a civil rights violation he must show that the defendant has deprived him of a cognizable interest, i.e., a right afforded the plaintiff by the U.S. Constitution or the laws of the United States. *Golden State Transit v. City of Los Angeles*, 493 U.S. 103, 106, 110 S. Ct. 444, 107 L. Ed. 2d 420 (1989).

"A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. Proc. 8(a).  However, it is not enough simply to allege that a wrong has been committed and demand relief. *See Noll v. Carlson*, 809 F.2d 1446, 1449 n. 4 (9th Cir. 1987).  Although there need not be an elaborate recitation of every fact a plaintiff may rely upon at trial, in order to withstand a motion to dismiss, the complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F. 3d 1475, 1481 (9th Cir. 1997) (allegations of complaint must "establish a basis for judgment against the defendant").

42 U.S.C. § 1983 is not itself a source of substantive rights. Rather, it provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S .Ct. 2689, 61 L. Ed. 2d 433 (1979).  To state a § 1983 claim, a plaintiff must show (1) that defendants violated his federal rights and (2) that they acted under color of state law.  See *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Baker*, *supra*, 443 U.S. at 140.

*Jimmy D. Haws, et al. v. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint    6 of 10

As argued in the section above, Plaintiffs have failed to assert a right under Federal law that has supposedly been violated. In addition, Plaintiffs have also failed to set forth sufficient facts which would establish how these moving defendants supposedly violated any of these "rights" as set forth by Plaintiffs.

And specifically as to defendant Michael Kanalakis, the Sheriff of Monterey County, to state a claim against an individual, the plaintiffs must allege that the individual *personally* violated his constitutional rights. *West*, *supra*, 487 U.S. at 48. Instead, Plaintiffs assert on p. 9, lines 10-11 and 24-25 of their Complaint, that it is through Kanalakis' supervisory officials and employees that constitutional violations have been committed. This is insufficient to state a claim against defendant Kanalakis personally. Collective allegations regarding the activities of "defendants" are insufficient as a matter of law to state a claim upon which relief can be granted. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under §1983 must be based on the personal involvement of the defendant"); *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 809 (9th Cir. 1996) ("The district court dismissed Ortez's 42 U.S.C. § 1983 claims against the individual defendants for failure to allege specific facts linking each defendant to a §1983 violation"). This is the fatal flaw with the instant Complaint; Plaintiffs fail to allege any facts which would support a claim for violation of their Federal rights as to any of the moving defendants and instead set forth only conclusions. For this reason, the Court should dismiss Plaintiff's Complaint as against these moving defendants, without leave.

## VI.

### DEFENDANT KANALAKIS IS ENTITLED TO QUALIFIED IMMUNITY FROM PLAINTIFF'S ALLEGATIONS UNDER 42 U.S.C. §1983.

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a framework for courts to use in determining whether officers are entitled to qualified immunity. It directed that the court first ask a threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. at 201. See also *Cruz v. Kauai County*, 279 F. 3d 1064, 1068 (9th Cir. 2002) ("The first inquiry that a court must address when ruling

*Jimmy D. Haws, et al. v. County of Monterey, et al.*   Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint   7 of 10

upon qualified immunity is whether a constitutional right was violated"); *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001) ("After *Saucier,* a qualified immunity analysis must begin with this threshold question: based upon the facts taken in the light most favorable to the party asserting the injury, did the officer's conduct violate a constitutional right?")

It is the contention of defendant Kanalakis that, in the present case, it is not necessary to continue on to the second and third steps in the qualified immunity analysis set forth by the Court in *Saucier* which are 2) whether the right at issue was clearly established (*Saucier, supra*, 533 U.S. at 201) and 3) whether the officer's conduct was the result of a reasonable mistake (*Saucier*, *supra*, 533 U.S. at 205). Here, Michael Kanalakis' qualified immunity is established by the threshold first step in the analysis: the undisputed facts show that he personally did not violate any of Plaintiffs' constitutional rights even by Plaintiffs' own assertions on p. 9, lines 10-11 and 24-25 of their Complaint, that it is through Kanalakis' "supervisory officials and employees" that constitutional violations have been committed.

## VII.

### THE COURT SHOULD DECLINE TO EXERCISE ITS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION WHICH ARE STATE-LAW BASED CLAIMS.

**A.  Fifth Cause of Action for Negligence**

The scope of governmental tort liability in state actions is defined by the California Tort Claims Act. (Government Code Section 810, et seq.)  It is well settled that pursuant to that Act, California public entities are liable, if at all, only pursuant to a specific statute imposing liability.  Government Code section 815; *Lopez v. So. Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795.  The enactment of Government Code section 815 as part of the California Tort Claims Act thus abolished all common law tort liability for public entities and limited such liability to that specifically imposed by statute. (Government Code Section 815 and Legislative Committee Comment thereto; see also *Tolan v. State of California ex rel. Dept. Of Transportation* (1979) 100 Cal.App.3d 980, 986.)  As explained by the California Supreme Court in *Williams v. Horvath* (1976) 16 Cal.3d 834, 838:

> "Government Code Section 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute.  Thus, the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to **confine potential governmental liability to rigidly delineated circumstances** . . ." (Emphasis added.)

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                                                                    8 of 10

Government Code § 815 provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.". Under Government Code § 811.8, "statute" is defined as an act adopted by the Legislature of the State or by the Congress of the United States or a statewide initiative act. Therefore, this would not include any local charters, ordinances or regulations or County department manuals. *Societa per Azioni de Navigazione Italia v. City of Los Angeles* (1982) 31 Cal. 3d 446, 463.

Plaintiffs' fifth cause of action is for negligence. Negligence is a common law, rather than statutory, form of liability. Since, as set forth above, the **exclusive** basis of public entity liability is statutory, causes of action based upon general negligence cannot be maintained against the County. *Tolan v. State of California ex rel. Dept. of Transportation supra*, 100 Cal.App.3d at 986; *Gonzales v. City of San Diego* (1982) 130 Cal.App. 3d 882, 887-88; *Van Kempen v. Hayward Area Park Dist.* (1972) 23 Cal.App.3d 822, 825, (holding public entities are not liable for common law negligence). *See Wright v. State*, *supra*, 122 Cal. App. 4th at 671 (holding trial court's dismissal with prejudice of intentional infliction of emotional distress claim proper based on defendant's immunity from suit as a public entity).

Since all common law forms of tort liability were abolished as a result of Government Code Section 815, the fifth cause of action in the complaint does not state a valid cause of action against the public entity since Plaintiffs have failed to identify any statute under which the defendants could be held liable.

**B.    Sixth Cause of Action for Failure to Take Reasonable Action to Summon Immediate Medical Care under California Government Code § 845.6**

Plaintiffs have failed to set forth facts which allege that defendant County intentionally or unjustifiably failed to furnish immediate medical care. *Watson v. State*, 21 Cal. App. 4th 836 (1993).

**C.    Seventh Cause of Action for Dangerous Condition of Public Property under California Government Code §830 et seq.**

Under Government Code §844.6(2), a public entity is not liable for an injury to a prisoner. Under

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                      Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint                                                                    9 of 10

subsection (c) of that statutory provision, an injury to a prisoner under a theory of dangerous condition of public property is specifically exempted from liability on the part of the public entity. *Sanders v. Yuba County* (1967) 247 Cal. App. 2d 748. Therefore, under Government Code §844.6, the County is exempt from liability under this cause of action.

## CONCLUSION.

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) and (6) provide the authority to allow a defendant to make a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In this case, the District Court does not have subject matter jurisdiction over Plaintiffs' claims for violation of their rights under 42 U.S.C. §1983. Furthermore, Plaintiffs Seth Daniel Haws, and Mia Skye Haws, by and through the guardian ad litem, Carrie A. Haws, and Plaintiff Carrie A. Haws, individually, lack standing to assert any claims in this action. Further, the Plaintiffs have failed to assert any theory under Federal law which would allow the United States District Court to exercise jurisdiction over the subject matter. Further, Plaintiffs have failed to state facts sufficient to assert a claim against defendants under any cognizable theory under Federal law. In addition, defendant Kanalakis, as the Sheriff of Monterey County, is entitled to qualified immunity. In addition, for the reasons stated above, the court should decline to exercise its supplemental jurisdiction over Plaintiffs' state law-based causes of action. Therefore, these moving Defendants request that this Court dismiss Plaintiffs' complaint with prejudice.

DATED:    June 11, 2007.    Respectfully submitted,

CHARLES J. McKEE, County Counsel

By /S/ Traci A. Kirkbride
    TRACI A. KIRKBRIDE, Deputy County Counsel

Attorneys for Defendants COUNTY OF MONTEREY and MICHAEL KANALAKIS

F:\WPWIN60\TXT\LIT\400\Haws\Mtn Dismiss.P&A.wpd

*Jimmy D. Haws, et al. v. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' Complaint    10 of 10