DAVID SHEUERMAN SB#78132
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, CA  95125
(408) 288-9700
Fax: (408) 295-9900
Email: dsheuerman@smtlaw.com

Attorneys for Defendant,
NATIVIDAD MEDICAL CENTER

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants. | NO.  C 07 02599 RS<br><br>**DEFENDANT NATIVIDAD MEDICAL CENTER'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL** |

In answer to plaintiffs' unverified Complaint for Violation of Civil Rights and pursuant to Code of Civil Procedure, §431.30(d), defendant Natividad Medical Center alleges as follows:

**I.  COMPLAINT**

**(Jurisdiction and Venue)**

1. To the extent plaintiffs; cause of action under Title 22 of the United States Code, Section 1983 and Title 28, Sections 1331 and 1343 is properly pled, defendant admits that this Court has jurisdiction over this proceeding.

2. Defendant denies unlawful acts or practices occurred and admits the remainder of paragraph 2.

3. Defendant admits plaintiffs filed a claim against this defendant January 18, 2007 which was rejected on March 13, 2007.

4. Defendant is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 4 and on that basis denies said allegations.

5. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 5 and on that basis denies said allegations.

6. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 6 and on that basis denies said allegations.

7. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 7 and on that basis denies said allegations.

8. Defendant admits that Natividad Medical Center is a public hospital which does provide medical treatment to certain persons detained by the County in the Salinas jail.

9. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 9 and on that basis denies said allegations.

10. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 10 and on that basis denies said allegations.

11. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 11 and on that basis denies said allegations.

12. Defendant is informed and believes the allegations of this paragraph are correct.

13. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 13 and on that basis denies said allegations.

14. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 14 and on that basis denies said allegations.

15. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 15 and on that basis denies said allegations

16. Defendant is without sufficient information to form a belief as to the veracity of the

allegations of paragraph 16 and on that basis denies said allegations

17. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 17 and on that basis denies said allegations

18. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 18 and on that basis denies said allegations

19. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 19 and on that basis denies said allegations

20. To the extent paragraph 20 alleges the physician who initially evaluated Jimmy Haws was an agent or employee of defendant Natividad Medical Center and to the extent paragraph 20 may allege that agents or employees of answering defendant "delayed" transporting Jimmy Haws for a CT scan, said allegations are denied as are the remainder of the allegations in paragraph 20 of the Complaint.

21. Defendant admits that a CT scan was performed at approximately 1:30 p.m.; defendant admits the CT scan was read as showing a right hemispheric epidural hematoma; defendant admits Jimmy Haws departed from Natividad Medical Center at approximately 2:40 p.m. Defendant is without sufficient information to form a belief as to the veracity of the remaining allegations of paragraph 21 which are therefore denied.

22. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 22 are denied. As to the actions of other defendants, this answering defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

23. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 23 are denied. As to the actions of other defendants, this answering defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

24. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 24 are denied. As to the actions of other defendants, this answering defendant has insufficient

1  information to form a belief as to the veracity of these allegations which are therefore denied.

2      25. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 25 are denied. As to the actions of other defendants, this answering defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

    26. This defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

    27. This defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

**FIRST CAUSE OF ACTION**

    28. Defendant incorporates and realleges its response to all preceding paragraphs of this Answer.

    29. Defendant is without sufficient information to form a belief as to the veracity of any of the allegations of paragraph 29 and are therefore denied.

    30. Defendant is without sufficient information to form a belief as to the veracity of any of the allegations of paragraph 30 and are therefore denied.

    31. To the extent this paragraph alleges that defendants other than Natividad Medical Center acted as alleged, this defendant is without sufficient information to form a belief as to the veracity of those allegations which are therefore denied.

    32. To the extent this paragraph alleges that defendants other than Natividad Medical Center acted as alleged, this defendant is without sufficient information to form a belief as to the veracity of those allegations which are therefore denied.

    33. Defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

**SECOND CAUSE OF ACTION**

    34. This defendant realleges and incorporates by reference each of the preceding paragraphs of this Answer.

    35. Defendant is without information sufficient to form a belief as to the content of any

Doe defendants and therefore all allegations are denied.

36. Defendant is without information sufficient to form a belief as to the content of any Doe defendants and therefore all allegations are denied.

37. Defendant is without information sufficient to form a belief as to the content of any Doe defendants and therefore all allegations are denied.

**THIRD CAUSE OF ACTION**

38. This defendant realleges and incorporates by reference all previous paragraphs of this Answer.

39. To the extent this paragraph alleges that emergency department physicians at Natividad Medical Center were agents or employees of Natividad Medical Center, the allegations of this paragraph are denied. As to other unnamed health care practitioners, defendant is unable, due to lack of identity, to form a belief as to the veracity of the allegations of this paragraph which are therefore denied.

40. This defendant has insufficient information in which to form a belief as to the veracity of these allegations which are therefore denied.

41. This defendant has insufficient information in which to form a belief as to the veracity of these allegations which are therefore denied.

42. This defendant has insufficient information in which to form a belief as to the veracity of these allegations which are therefore denied.

43. To the extent this paragraph alleges agents or employees of Natividad so acted, the allegations are denied. With respect to other defendants unnamed, defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

44. To the extent this paragraph alleges agents or employees of Natividad so acted, the allegations are denied. With respect to other defendants unnamed, defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

45. To the extent this paragraph alleges agents or employees of Natividad so acted, the allegations are denied. With respect to other defendants unnamed, defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

46. To the extent this paragraph alleges agents or employees of Natividad so acted, the allegations are denied. With respect to other defendants unnamed, defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

47. To the extent this paragraph alleges agents or employees of Natividad so acted, the allegations are denied. With respect to other defendants unnamed, defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

### FOURTH CAUSE OF ACTION

**(No allegations against this responding defendant)**

### FIFTH CAUSE OF ACTION

52. Defendant realleges and incorporate by reference all previous paragraphs of this Answer.

53. Defendant has insufficient information or belief as to the veracity of the allegations of this paragraph which are therefore denied.

54. To the extent this paragraph alleges any of the said acts were committed by agents or employees of Natividad Medical Center, the allegations are denied. As to the remainder of the allegations of paragraph 54, defendant has insufficient information or belief as to the veracity of those allegations which are therefore denied.

55. To the extent this paragraph alleges any of the said acts were committed by agents or employees of Natividad Medical Center, the allegations are denied. As to the remainder of the allegations of paragraph 55, defendant has insufficient information or belief as to the veracity of those allegations which are therefore denied.

### SIXTH CAUSE OF ACTION

56. This defendant realleges and incorporates by reference all previous paragraphs of this Answer.

57. To the extent this paragraph alleges agents or employees of Natividad Medical Center acted as alleged in paragraph 57, the allegations are denied. To the extent this paragraph alleges others acted in the manner alleged, defendant has insufficient information or belief as to the veracity of those allegations which are therefore denied.

58. To the extent this paragraph alleges agents or employees of Natividad Medical Center acted as alleged in paragraph 58, the allegations are denied. To the extent this paragraph alleges others acted in the manner alleged, defendant has insufficient information or belief as to the veracity of those allegations which are therefore denied.

59. To the extent this paragraph alleges agents or employees of Natividad Medical Center acted as alleged in paragraph 59, the allegations are denied. To the extent this paragraph alleges others acted in the manner alleged, defendant has insufficient information or belief as to the veracity of those allegations which are therefore denied.

## SEVENTH CAUSE OF ACTION

**(No allegations against this answering defendant)**

## FIRST AFFIRMATIVE DEFENSE

The Complaint failed to state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the appropriate statute of limitations as set forth in California Code of Civil Procedure, §§340.5 and that defendant reserves the right to request a separate trial in regard to this affirmative defense pursuant to California Code of Civil Procedure, §597.5.

## THIRD AFFIRMATIVE DEFENSE

That the damages, if any, complained of by plaintiff were proximately caused by the negligence of firms, persons, corporations and/or entities other than this answering defendant and that said negligence comparatively reduces the percentage of any fault by this answering defendant, if any can be found, which negligence defendant expressly denies.

## FOURTH AFFIRMATIVE DEFENSE

That plaintiff Jimmy Haws did not exercise ordinary care, caution or prudence to avoid the injuries alleged in the Complaint and that said injuries were directly and proximately caused and contributed to by the negligence of plaintiff Jimmy Haws.

## FIFTH AFFIRMATIVE DEFENSE

That the injuries alleged in the Complaint were proximately caused by acts or events

which were unforeseen and unforeseeable and over which this defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

That in the event defendant is found to be negligent which is expressly denied, this defendant may elect to introduce evidence of any amounts paid or payable as a benefit to plaintiffs pursuant to California Civil Code §3333.1.

### SEVENTH AFFIRMATIVE DEFENSE

In the event defendant is found to be negligent, which is expressly denied, the non-economic damages shall not exceed the amount specified in California Code of Civil Procedure §3333.2.

### EIGHTH AFFIRMATIVE DEFENSE

In the event this defendant is found to be negligent, which is expressly denied, defendant may elect to have future damages, in excess of the amount specified in California Code of Civil Procedure §667.7, paid in whole or in part as specified therein as periodic payments.

### NINTH AFFIRMATIVE DEFENSE

In the event defendant is found to be negligent, which is expressly denied, the liability of defendant is limited by reason of C.C.P. §1431.2.

### TENTH AFFIRMATIVE DEFENSE

As and for a separate and additional affirmative defense, defendant alleges that it may rely upon any and all further defenses which become available or appear during discovery of this action and hereby specifically reserves its right to amend this Answer, as of right or with leave of court, for the purpose of asserting additional affirmative defenses.

WHEREFORE, defendant prays that plaintiffs take nothing by reason of the Complaint and that this defendant have and recover judgment for costs of suit and for such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant respectfully demands that the present matter be set for jury trial.

1 | Dated:  June 22, 2007                              SHEUERMAN, MARTINI & TABARI

                                                      By_____
                                                         DAVID SHEUERMAN
                                                         Attorneys for Defendant,
                                                         NATIVIDAD MEDICAL CENTER

**CASE NAME: Jimmy D. Haws, et al. V. County of Monterey, et al.**
**U. D. DISTRICT COURT, NORTHERN DISTRICT, ACTION NO. C 07 02599 RS**

**PROOF OF SERVICE**

I am a resident of the United States. My business address is 1033 Willow Street, San Jose, CA 95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On June 22, 2006, I served the within: DEFENDANT NATIVIDAD MEDICAL CENTER'S ANSWER TO COMPLAINT AND REQUEST FOR JURY TRIAL on the PARTIES in said action as follows:

| | |
|---|---|
| Counsel for Plaintiffs: | Ralph W. Boroff, Esq. |
| Michael B. Moore, Esq. | 55 River Street, Suite 100 |
| 595 Market Street, Suite 1320 | Santa Cruz, CA 95060 |
| San Francisco, CA 94105 | (831) 458-0502 |
| (415) 956-6500 | Fax: (831) 426-0159 |
| Fax: (415) 956-6580 | |

Counsel for County of Monterey:
Traci Kirkbride, Esq.
Monterey County
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901-2680
(831) 755-5045
Fax: (831) 755-5283

 XX     (BY MAIL) I caused and a true copy of each document identified above to be sealed in an envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

_____ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

_____ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

_____ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at           , by use of facsimile machine telephone number (408) 295-9900. The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

_____ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1  **XXX**   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                              _____
                                                             Joy Bertrand