\*\* E-Filed 07/27/2007 \*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS, MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300 inclusive,<br><br>Defendants. | Case Number C 07-02599 JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>[re: docket no. 8] |

**I. BACKGROUND**

Plaintiffs filed the Complaint in this action on May 16, 2007. The Complaint makes the following allegations, which the Court assumes to be true for the purposes of this motion: Plaintiff Jimmy D. Haws ("Haws")[2] was a pretrial detainee at the Salinas Jail in December 2006.

---

[1] This disposition is not designated for publication and may not be cited.

[2] The other plaintiffs are Carrie Haws, his wife and guardian ad litem; and Seth and Mia Haws, their minor children. Complaint ¶ 4.

Complaint ¶¶ 12, 15. Roger Spencer ("Spencer") was an inmate in the Salinas Jail and shared a cell with Haws. Complaint ¶ 14. Prior to the incident that gave rise to this action, Spencer had attacked Haws and the two had been separated by placement in isolation. Complaint ¶ 14. Spencer and Haws subsequently were housed together again in a two-person cell. *Id.*

On the morning of December 7, 2006, Spencer argued with and physically attacked Haws in their cell. Complaint ¶ 15. Other inmates, but no Sheriff's deputies, witnessed the argument and attack. *Id*. Later that morning, when Haws and Spencer were released into the common area of the pod, Spencer confronted Haws on the stairs between the two levels of the pod, attacked Haws, and held him in a headlock for several minutes, rendering Haws unconscious. Complaint ¶¶ 15-16. When Spencer released Haws, Haws fell unconscious down the stairs, and struck his head. Complaint ¶ 18. A Sheriff's deputy witnessed this portion of the fight. *Id*.

It took forty-two minutes for emergency medical personnel to be summoned and to transport Haws to Natividad Medical Center ("NMC"),[3] where he arrived at 11:42 a.m. Complaint ¶ 19. A physician at NMC determined that Haws was suffering from a head injury and ordered a CT scan at 11:59 a.m. Complaint ¶ 20. County employees delayed transporting Haws for the CT scan for over one-and-one-half hours, during which time Haws's condition seriously deteriorated. *Id*. A head CT scan was performed at 1:30 p.m. and disclosed an internal brain injury that required surgery. Complaint ¶ 21. County personnel did not authorize Haws's transfer to the surgery facility for another hour, and he was not transferred to that facility for an additional forty-five minutes. *Id*. Plaintiffs allege that these numerous delays proximately caused Haws to suffer irreversible brain damage. Complaint ¶¶ 21, 57-58.

The Complaint names three defendants: the County; Michael Kanalakis ("Kanalakis"), the Sheriff of Monterey County; and NMC. The Complaint also asserts claims against four sets of Doe defendants: Does 1-25, described as County agents who constructed, owned, operated, repaired, maintained, and controlled the buildings of the Salinas Jail; Does 26-50, described as

---

[3] NMC is a public hospital operated by the County of Monterey ("the County") that provides medical treatment to persons detained by the County in the Salinas Jail. Complaint ¶ 8.

2
Case No. C 07-02599 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
(JFEX1)

County officials who ran, operated, oversaw, administered, supervised, and were otherwise responsible for the conduct of the Monterey County Sheriff's Department ("MCSD") at the Salinas Jail; Does 51-100, described as Sheriff's deputies, other jail employees or agents of the County employed at the Salinas Jail; and Does 101-200, described as physicians, nurses, and other healthcare practitioners who were employees or agents of the County employed by NMC;

Plaintiffs assert the following claims:

(1)-(4)[4] Violation of 42 U.S.C. § 1983, against the County of Monterey ("the County"), Kanalakis and Does 26-50, Does 51-100, Does 101-200; [5]

(5) Negligence, against Does 51-100 and 101-200;

(6) Failure to take reasonable action to summon immediate medical care under Cal. Gov. Code §845.6, against the County and Does 101-200;

(7) Violation of Cal. Gov. Code § 830 *et seq*. against the County and Does 1-25. [6]

The County and Kanalakis move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[7] Plaintiffs oppose the motion. The Court heard oral argument on July 20, 2007.

---

[4] The second and third claims are asserted exclusively against Doe defendants and are not a subject of this motion. To the extent that the Court's analysis applies equally to those claims, they should be amended accordingly.

The first and fourth claims appear to be duplicative. Any distinction between them should be pled clearly in an amended complaint. Otherwise, these claims should be combined.

[5] As part of their claims under section 1983, Plaintiffs assert a violation of their right to be free from interference with the zone of privacy protected by the Fourth and Ninth Amendments. In opposition to the instant motion, Plaintiffs concede that their claims are not cognizable under the Fourth and Ninth Amendments. Accordingly, these claims should not be included in an amended complaint.

[6] Plaintiffs concede in their opposition that the public entities and employees are immune from suit for injury to a prisoner due to dangerous condition of public property. Accordingly, this claim should not be included in an amended complaint.

[7] NMC answered the Complaint on June 22, 2007, and is not a party to this motion to dismiss.

## II.  LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).  However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

## III.  DISCUSSION

**1. Federal Claims**

Plaintiffs' first claim, brought under 42 U.S.C. § 1983, asserts violations of their substantive due process rights under the Fifth and Fourteenth Amendments, as well as their right to be free from cruel and unusual punishment under the Eighth Amendment. 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 requires a claimant to prove that a person (1) acted under color of state law and (2) committed an act that deprived claimant of some constitutional right. *Redman v. County of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991). Defendants do not contest that they were acting under color of state law. However, Defendants argue that Plaintiffs have failed to allege the

4

violation of a cognizable right under federal law.

**A. Right to Personal Security**

Haws argues that Defendants have violated his right not to be deprived of life or liberty without due process of law under the Fourteenth Amendment. The Supreme Court has recognized that the right to personal security constitutes a historic liberty interest protected substantively by the Due Process Clause that is not extinguished by lawful confinement. *Youngberg v. Romeo*, 457 U.S. 307, 315, 320 (1982) (citing *Ingraham v. Wright*, 437 U.S. 651, 673 (1977)). The Ninth Circuit, analyzing *Youngberg*, has held that prison officials violate the Fourteenth Amendment rights of pretrial detainees through deliberate indifference to detainees' personal security. *Redman*, 942 F.2d at 1443.

In *Redman*, a pretrial detainee sued the county and county jail personnel, including the Sheriff of San Diego County, under section 1983 after he was placed with a homosexual cell mate and assaulted numerous times. The Court relied upon evidence of a custom and practice of placing nonaggressive inmates in the same cell as aggressive inmates. The Court concluded, based upon the evidence,

> that a reasonable jury could find that the jail officials were acting pursuant to County policies or customs when Redman and Clark were placed in the same cell. A reasonable jury could find that these policies or customs or both exacerbated the danger posed by an aggressive homosexual to the general prison population to such an extent that they amounted to deliberate indifference to Redman's personal security, thus constituting a violation of § 1983.

*Redman*, 942 F.2d at 1445.

In the instant case, Plaintiffs allege facts comparable to those in *Redman*. Like Haws, the Plaintiff in *Redman* sustained an injury because of an unprevented attack. Haws alleges that the County and Kanalakis showed deliberate indifference to the safety of inmates by failing to correct a pattern of overcrowding, improper placement of inmates, and inadequate supervision of the inmates by sheriff's deputies. Haws claims that as a result of the customs implemented by the employees of the Salinas Jail, he was left unprotected from physical attacks by Spencer. Accepting the allegations in Plaintiffs' complaint as true, the Court concludes that Haws has stated a legally cognizable claim against the County and Kanalakis for violation of his Fourteenth

Amendment right to personal security.

**B. Right to Consortium**

The Ninth Circuit has held that parents and children have a liberty interest, protected by the Due Process Clause, that allows recovery for loss of consortium. *See Morrison v. Jones*, 607 F.2d 1269 (9th Cir. 1979) (holding that the parent of a child sent to Germany by health officials had standing to bring section 1983 claim for violation of Constitutional right to preserve access to her child); *Smith v. City of Fontana*, 818 F.2d 1412 (9th Cir. 1987) (holding that children of decedent who allegedly died as a result of excessive force used during arrest could maintain a section 1983 civil rights action for violation of substantive due process rights). The state officials in those cases denied the children access to their parent by removing the child to another country and by causing the father's death. The Court concludes that rendering a parent seriously brain-damaged may constitute a similarly serious loss of relationship and may form the basis for a claim under section 1983.

However, the Complaint only includes loss of consortium as a basis for damages, not as an independent claim under the Fourteenth Amendment. Moreover, Plaintiffs allege limited facts regarding Haws's condition and the resulting deprivation suffered by Carrie, Seth and Mia Haws. The Complaint describes Haws's brain injury as permanent, and Defendants state that Haws is currently living "in a long-term care facility undergoing rehabilitation and recovery," but the Complaint does not allege that Haws's brain injury has caused significant communication problems or other issues. Accordingly, as currently pled, the Complaint does not provide sufficient facts tending to show that Haws's family members have standing to bring a claim under section 1983. Any amended claim should address these inadequacies.[8]

---

[8] Plaintiffs' second and third claims are not asserted against the moving parties. However, this analysis applies equally to those claims.

**B. Right to be Free from Cruel and Unusual Punishment and not to be Exposed to Deliberate Indifference**

Plaintiffs assert in their first claim that Defendants violated their Eighth Amendment right to be free from cruel and unusual punishment by allowing Spencer to injure Jimmy Haws. Plaintiffs also assert and in their fourth claim that Defendants showed deliberate indifference to Haws's medical needs after Haws sustained his injury. However, while Plaintiffs appear to claim a violation of a constitutionally protected right, this claim is spread across the first and fourth claims with little explanation as to how the Eighth amendment affords any Plaintiff a right to relief.

Plaintiffs argue that the Ninth Circuit recognized Eighth Amendment protection for pretrial detainees in *Jones v. City of Los Angeles*, 444 F.3d 1118 (9th Cir. 2006). However, Plaintiffs do not come within any of the Eighth Amendment protections identified in *Jones:* two of these .protections apply to convicted inmates and the third pertains to limits on what types of conduct a state may criminalize. *See id*. at 1128, 1138. Instead, as Defendants correctly argue, it is the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, that protects pretrial detainees. *Redman*, 942 F.2d at 1441. *See also Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1986) ("Because pretrial detainees are not convicted prisoners, the rights of those in police custody to receive medical treatment arise under the due process clause of the Fourteenth Amendment."). As Defendants also point out, the appropriate standard for evaluating constitutional claims brought by pretrial detainees concerning allegations that officials are deliberately indifferent to their medical needs is the same as that used to evaluate convicted prisoners' claims under the Eighth Amendment. *See id*.

As discussed above, the Complaint provides sufficient facts to state a claim that Defendants showed deliberate indifference to Haws's need for medical assistance. However, these allegations must be pled as part of a claim for violation of the Fourteenth Amendment in an

amended complaint.[9]

**C. Kanalakis' Qualified Immunity Defense**

Kanalakis argues that he is entitled to qualified immunity. To determine whether an officer is entitled to qualified immunity, a court must ask two questions. First, do the facts alleged, viewed in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Second, if the plaintiff has alleged a deprivation of a constitutional right, was that right clearly established? *Id*.

Kanalakis asserts that he is entitled to qualified immunity because he personally did not violate any of Haws's constitutional rights. Because Plaintiffs allege that other officials and employees violated Haws's rights, Kanalakis contends that the first prong of the *Saucier* test is not satisfied. However, the Complaint alleges facts sufficient to bring a Fourteenth Amendment claim against Kanalakis under *Redman*. That case held a sheriff liable for comparable violations "even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446-47. Plaintiffs allege that Kanalakis permitted overcrowding, required inmates who had previously fought to be housed together, required violent inmates to be housed with other inmates, failed to staff the prison sufficiently, and failed to train jail personnel sufficiently to monitor inmates. Accepting these allegations as true, Plaintiffs have alleged conduct by Kanalakis that violated Haws's constitutional rights. Moreover, this right was clearly established under *Redman*. Accordingly, Kanalakis is not entitled to qualified immunity at this stage of the action.

**2. State Claims**

**A. Standing to Seek Damages of Loss of Consortium**

Plaintiffs bring three state claims. Two of these claims - for negligence and for failure to take reasonable action to summon immediate medical care - seek damages for the loss of

---

[9]As currently pled, the Complaint suggests no basis for any Eighth Amendment claim by any Plaintiff other than Haws. Similarly, there appears to be no basis for a claim under the Fifth Amendment.

consortium suffered by Plaintiffs Carrie, Seth, and Mia Haws. Defendants assert that Plaintiffs lack standing to bring these claims because they have not alleged personal damages sufficiently.[10] While the California Supreme Court has endorsed the right of a spouse to sue for loss of consortium, *see Rodriguez v. Bethlehem Steel Corp.*, 12 Cal. 3d 382 (1974), that court has proscribed claims for loss of consortium by children of injured parents as a matter of policy, pointing out that no statutory authority supports such a claim. *See Borer v. American Airlines*, 563 P.2d 858 (Cal. 1977). Plaintiffs contend that subsequent appellate court decisions have called for a re-examination of *Borer*, and assert that the California Supreme Court would reverse the *Borer* holding if presented with the question today. This Court does not interpret the appellate precedent in the same light. In *Nix v. Preformed Line Products Company*, 170 Cal. App. 3d 975 (1985), the court of appeal noted the inconsistency in California law regarding loss of consortium by a spouse as opposed to children, but concluded that it is not a function of an intermediate court to re-examine a Supreme Court decision. Given the clear statement of *Borer*, and the continued willingness of lower California courts to follow that precedent, the Court will dismiss the state claims brought by Seth and Mia Haws. As with the federal claim, the Court also will dismiss the state claims with leave to amend as to Carrie Haws, so that she may plead sufficient facts to state a claim for loss of consortium under California law.

**B. Sufficiency of the Sixth Claim**

Plaintiffs assert a claim under Cal. Gov. Code § 845.6 based upon the numerous delays in obtaining medical treatment for Jimmy Haws after his injury. That section provides that "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know [11] that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care . .

---

[10] Defendants argue that California state law does not allow Plaintiffs to bring a negligence claim against the County. The Court does not address this argument because the negligence cause of action is not asserted against the County.

[11] This is an objective standard. *See Lucas v. City of Los Angeles*, 47 Cal. App. 4th 277, 289 (1996).

1  . .." Cal. Gov. Code § 845.6. Defendants assert that Plaintiffs fail to set forth facts alleging that
2  the County intentionally or unjustifiably failed to furnish Haws with immediate medical care.
3  The Court disagrees. The Complaint is replete with facts alleging Defendants' failure to react
4  appropriately to Haws's need for medical care. *See, e.g.,* Complaint ¶¶ 19-21, 45, 57- 58. Taking
5  these facts as true, as the Court must on a motion to dismiss, the Court concludes that the
6  Complaint states a claim under section 845.6.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED IN PART with leave to amend and DENIED IN PART.  Plaintiffs shall file an amended complaint no later than twenty (20) days from the date of this order. The complaint shall set forth clearly the claims asserted by each Plaintiff, the constitutional or state law basis for the rights allegedly violated, and the damages flowing from each violation.

DATED: July 27, 2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-02599 JF
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
(JFEX1)

1  This Order has been served upon the following persons:

2  Michael Brown Moore           mbm@mooreandbrowning.com

3  Ralph W. Boroff               rwb_attorney@1stcounsel.com

4  Traci A. Kirkbride            kirkbrideta@co.monterey.ca.us

5  David Sheuerman               dsheuerman@smtlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28