Michael B. Moore, Esq. (SBN 62182)
595 Market Street, Suite 1320
San Francisco, California 94105
Telephone:  (415) 956-6500
Facsimile:  (415) 956-6580
Email:      mbm@moore-law.net

Ralph W. Boroff, Esq. (SBN 59164)
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone:  (831) 458-0502
Facsimile:  (831) 426-0159

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
NORTHERN DISTRICT OF THE STATE OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants. | CASE NO.:   C07 02599 JF<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS — JURY TRIAL DEMANDED** |

## JURISDICTION

1.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. In addition, this Court has pendent and supplemental jurisdiction pursuant to 28. USC §1367 over the state law claims alleged in this complaint.

## VENUE

2.   The unlawful acts and practices alleged occurred in the County of Monterey, State of California, within this judicial district.  Therefore, venue lies in the United States District Court

of California, San Jose Division, 28 USC §84(c), 1391(b)(2), Northern District of California Local Rule 3-2(c).

## CLAIMS REQUIREMENT

3. Plaintiffs have complied with the requirements of California Government Code Section 900, *et seq.*, where an action for state court claims is filed against a public entity and its employees.

## PARTIES

4. Jimmy D. Haws is a citizen of the United States and a resident of King City, California. Carrie A. Haws is the wife of Jimmy D. Haws and is the guardian ad litem of Jimmy D. Haws, and their minor children, Seth Daniel Haws and Mia Skye Haws

5. The County of Monterey (hereinafter "County") is a public entity which is responsible for and administers the Salinas Jail through its agency, the Monterey County Sheriff's Department (hereinafter "MCSD"). County promulgates policies and practices for the housing, custody, care, safekeeping and protection of inmates (including pretrial detainees) in the Salinas Jail. The County and Does 1-25 constructed, owned, operated, repaired, maintained and controlled the buildings in which the Salinas Jail is located.

6. Michael Kanalakis (hereinafter "Kanalakis") is and, at all times herein mentioned, was the Sheriff of Monterey County. Defendant Kanalakis and other County officials, Does 26-50, ran, operated, oversaw, administered, supervised and were otherwise responsible for the conduct of MCSD at the Salinas Jail.

7. Does 51-100 are and were Sheriff's deputies or other employees or agents of the County employed at the Salinas Jail.

8. Natividad Medical Center (hereinafter "NMC") is a public hospital operated by County which provided medical treatment to persons detained by County in the Salinas Jail.

9. Does 101-200 are physicians, nurses and other healthcare practitioners who are employees or agents of County employed at NMC. Does 101-110 were independent contractors

providing medical and/or professional services to inmates brought to NMC for treatment of conditions incurred while incarcerated at the Salinas County Jail. The work to be performed by Does 101-110 had a peculiar risk of harm when performed in a manner inconsistent with the duty of due care. The duties to take reasonable action to summon immediate medical care and to provide that care are non-delegable duties as that responsibility is contemplated in Government Code §815.4.

10. Plaintiffs are ignorant of the true names and capacities of defendant Does 1-300, inclusive and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and therein allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth. Plaintiffs will amend this complaint to state the true names and capacities of defendants Does 1-300, inclusive, when they have been ascertained.

11. At all times mentioned herein, each named Doe defendant was the agent or employee of defendant County and, in doing the things alleged, was acting within the course and scope of such agency or employment and with the actual or implied permission, consent, authorization and approval of the County.

**STATEMENT OF FACTS**

12. Prior to and on the day of this incident, Jimmy D. Haws was a pretrial detainee in the custody of County and MCSD at the Salinas Jail.

13. Prior to and on the day of this incident, Roger Spencer (hereinafter "Spencer") was a violent, mentally unstable inmate in the custody of County and MCSD, Kanalakis and Does 26-100, inclusive, at the Salinas Jail. At all times mentioned herein, County, MCSD, Kanalakis and Does 26-100 knew or should have known that Spencer was a danger to other persons in custody at the Salinas Jail.

14. Prior to the day of this incident, County, MCSD, Kanalakis and Does 26-100 housed Jimmy D. Haws and Spencer in the same cell in the D Pod section of the Salinas Jail. D Pod is a lockdown pod for inmates who are the subject of serious charges and/or who are administratively segregated. Spencer had previously attacked Jimmy D. Haws and they were, as a result, separated

3
Complaint for Violation of Civil Rights

by placement in isolation. Thereafter Jimmy D. Haws and Spencer were housed together again in a two person cell in D Pod.

15. This incident occurred on December 7, 2006. That morning, Spencer loudly argued with and physically attacked Jimmy D. Haws in their cell. The argument and attack in the cell were seen and heard by other inmates but were not seen or heard by Does 51-100, who were responsible for supervising inmates, or were ignored by those defendants.

16. Later that morning when Jimmy D. Haws and Spencer were released from their cell into the common area of D Pod for their one-hour release period, Spencer resumed loudly arguing with and threatening Jimmy D. Haws. The argument and threats were seen and heard by other inmates but were not seen and heard by Does 51-100 or were ignored by those defendants.

17. Spencer then confronted Jimmy D. Haws on the stairs between the two levels of D Pod, attacked him and held him in a head lock for several minutes during which time Jimmy D. Haws became unconscious. This activity was seen and heard by other inmates but was not seen or heard by Does 51-100 or was ignored by those defendants.

18. When Spencer released him, Jimmy D. Haws fell unconscious down the stairs, violently striking his head and suffering a closed head injury. A Sheriff's deputy observed Jimmy D. Haws lying unconscious at the bottom of the steps at approximately 11:00 a.m.

19. It took 42 minutes for emergency medical personnel to be summoned and to transport Jimmy D. Haws less than one city block to NMC where he arrived at 11:42 a.m. At that time, Jimmy D. Haws was suffering from a closed head injury but was conscious and able to speak.

20. Doe 101, a physician with NMC, promptly determined Jimmy Haws was suffering from a closed head injury and ordered a head CT scan at 11:59 a.m. Does 101-200 delayed transporting Jimmy Haws to the location in the hospital for the CT scan for over one-and-one-half hours during which period Jimmy Haws' condition seriously deteriorated. Jimmy Haws repeatedly vomited, a symptom of severe head injury, but no CT was done. Jimmy Haws became extremely restless and anxious but no CT was done. Jimmy Haws became incontinent of urine, very agitated

and non-cooperative (also symptoms of severe head injury) but no CT was done.

21.   The head CT scan was finally performed at 1:30 p.m. and disclosed massive internal bleeding of Jimmy Haws' brain, requiring surgical intervention. Does 101-200 did not authorize the transfer of Jimmy Haws to another facility for surgery until an hour later at 2:30 p.m., and he did not arrive at the other facility until 3:15 p.m., by which time he had suffered irreversible brain damage. Surgery to relieve the pressure was performed thereafter.

## DAMAGES

22.   As a proximate result of defendants' conduct, Jimmy Haws suffered permanent traumatic brain injury resulting in pain and suffering, past and future wage loss, past and future loss of earning capacity and past and future medical and attendant care costs. As a proximate result of defendants' conduct, Jimmy Haws is severely impaired as to his ability to speak, understand, concentrate, remember, and communicate with and interact with other people including his wife, Carrie Haws, and his children, Seth Daniel and Mia Skye Haws. As a further proximate result of defendants' conduct, Jimmy Haws is unable to walk and use his right arm which limits his ability to physically interact with and assist his wife and children. In addition, since his injury, Jimmy Haws has been confined to hospitals, rehabilitation facilities and long term care facilities in which he has been a patient. As a result of the foregoing, Jimmy Haws has been substantially unable to interact with and communicate with his wife and children and has been substantially unable to provide them with guidance, advice, emotional support and counsel. As a proximate result of defendants' conduct, Carrie, Seth Daniel and Mia Skye Haws have been deprived of their continued relationship with and continued association with their father and husband, Jimmy Haws and have thus been deprived of their life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

23.   As a further proximate result of defendants' conduct, Carrie Haws has suffered loss of consortium, comfort, care, services and support of Jimmy Haws.

24.   As a further proximate result of defendants' conduct, Seth Daniel Haws has suffered

loss of consortium, comfort, care, services and support of Jimmy Haws.

25.     As a further proximate result of defendants' conduct, Mia Skye Haws has suffered loss of consortium, comfort, care, services and support of Jimmy Haws.

26.     The conduct of defendants Kanalakis and Does 26-300 was malicious, wanton and oppressive. Plaintiffs are therefore entitled to punitive damages against those defendants.

27.     Plaintiffs have found it necessary to engage the services of counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorneys fees and litigation costs incurred in pursuing this action for violation of civil rights.

## FIRST CAUSE OF ACTION

**(Violation of 42 U.S.C. §1983 - Jimmy D. Haws, Carrie Haws, Seth Daniel Haws and Mia Skye Haws Against County, Kanalakis and Does 26-50)**

28.     Plaintiffs reallege and incorporate by reference paragraphs 1-27 of this complaint.

29.     Defendants' above alleged actions and failures to act resulted from policies, customs and practices of defendant County including, but not limited to, the following:

a.     County, Kanalakis and Does 26-50 caused and permitted the Salinas Jail to be overcrowded. The overcrowding contributed to causing inmate on inmate violence.

b.     County, Kanalakis and Does 26-50 caused and permitted cells built to house one person to house two persons at the time of this incident. The overcrowding contributed to causing inmate on inmate violence.

c.     County, Kanalakis and Does 26-50 required inmates who had fought with each other to be housed in the same cell and/or in the same pod.

d.     County, Kanalakis and Does 26-50 required violent and/or mentally unstable inmates to be housed in the same cell and/or pod as other inmates.

e.     County, Kanalakis and Does 26-50 required Sheriff's deputies assigned to the Salinas Jail to work 12-hour shifts, causing the deputies to be tired and overworked, thereby reducing their effectiveness in observing and supervising the inmates.

f.     County, Kanalakis and Does 26-50 failed to assign sufficient Sheriff's

deputies to the Salinas Jail in order to provide adequate monitoring and supervision of the inmates.

g.  County, Kanalakis and Does 26-50 failed to properly train the Sheriff's deputies assigned to the Salinas Jail so that the deputies did not have sufficient knowledge or skills to adequately monitor and supervise the inmates.

h.  County, Kanalakis and Does 26-50 failed to provide jail buildings constructed so that the Sheriff's deputies could visually observe all inmates at all locations in the Salinas Jail.

i.  County, Kanalakis and Does 26-50 failed to provide adequate video and/or audio equipment so that the Sheriff's deputies could visually observe all inmates at all locations in the Salinas Jail.

30.  County, Kanalakis and Does 26-50, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by defendants Does 51-300 and other agents and employees of the County at the Salinas Jail and NMC, consisting in part of indifference to the safety of inmates in jail as well as failure to summon and provide adequate medical care and a deliberate indifference to the serious medical needs of its prisoners. Despite said notice, defendants County, Kanalakis and Does 26-50 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate or adequate measures to prevent the continued perpetuation of said pattern of conduct. This lack of adequate supervisorial response by defendants County, Kanalakis and Does 26-50 demonstrate the existence of an informal custom or policy which tolerates and promotes the continued improper placement of inmates and failure to summon and denial of proper medical attention for inmates and the violation of the civil rights of persons incarcerated in the Salinas Jail.

31.  The acts of defendants Does 51-300 alleged herein are the direct and proximate result of the deliberate indifference of defendants County, Kanalakis and Does 26-50 and their supervisory officials and employees to violations of constitutional rights of persons incarcerated in the Salinas Jail by Does 51-300 and other agents and employees of the County at the Salinas Jail and NMC.

Plaintffs' injuries and damages were foreseeable and a proximate result of the deliberate indifference of the County, Kanalakis and Does 26-50 to the pattern, practices, customs and policies described above.

32. In doing the acts complained of, County, Kanalakis and Does 26-50 acted under color of State law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to, the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

33. In acting and failing to act as hereinabove alleged, defendants and each of them were deliberately indifferent to the substantial risk that Spencer would assault and severely injure Jimmy Haws.

34. As a proximate result of defendants' wrongful conduct, plaintiffs suffered the injuries and damages as set forth.

35. In acting as hereinabove alleged, the conduct of defendants Kanalakis and Does 26-50 was performed knowingly, intentionally, maliciously, amounting to despicable conduct by reason of which plaintiffs are entitled to an award of punitive damages in a just and reasonable sum.

## SECOND CAUSE OF ACTION

**(42 U.S.C. §1983 - Jimmy D. Haws, Carrie Haws, Seth Daniel Haws and Mia Skye Haws Against Does 51-100)**

36. Plaintiffs reallege and incorporate by reference paragraphs 1-35 of this complaint.

37. In doing the acts complained of, defendants Does 51-100 acted under the color of State law to deprive the plaintiffs of certain constitutionally protected rights including, but not limited to, the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

38. In acting and failing to act as hereinabove alleged, defendants and each of them were deliberately indifferent to the substantial risk that Spencer would assault and severely injure Jimmy Haws.

39. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and

damages as set forth.

## THIRD CAUSE OF ACTION

### (42 U.S.C. §1983 - Jimmy D. Haws, Carrie Haws, Seth Daniel Haws and Mia Skye Haws Against Does 101-200)

40. Plaintiffs reallege and incorporate by reference paragraphs 1-39 of this complaint.

41. At all times mentioned herein, Does 101-200 were the agents and employees of County employed as physicians, nurses and other healthcare practitioners at NMC providing medical treatment to inmates of the Salinas Jail.

42. Defendants Does 101-200 are sued individually and in their capacity as employees and agents of the County.

43. By engaging in the conduct described herein, Does 101-200 acted under the color of State law and in the course and scope of their employment for County.

44. By engaging in the conduct described herein, Does 101-200 exceeded the authority vested in them under the U.S. Constitution and as employees and agents of the County.

45. In doing the acts complained of, defendants Does 101-200 acted under the color of State law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to, the right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

46. In acting and failing to act as hereinabove alleged, defendants and each of them were deliberately indifferent to Jimmy Haws' need for medical assistance.

47. Defendants' above alleged actions and failures to act resulted from policies, customs and practices of defendant County including, but not limited to:

    a. Delaying treatment for Salinas Jail inmates, and

    b. Providing treatment for Salinas Jail inmates below the standard of care provided for non-inmate patients.

48. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and damages as set forth.

49.     In acting as hereinabove alleged, the conduct of defendants Does 101-200 was performed knowingly, intentionally, maliciously, amounting to despicable conduct by reason of which plaintiffs are entitled to an award of punitive damages in a just and reasonable sum.

### FOURTH CAUSE OF ACTION

**(Common Law Negligence - Jimmy D. Haws, Carrie Haws, Seth Daniel Haws and Mia Skye Haws Against Does 51-200)**

50.     Plaintiffs reallege and incorporate by reference paragraphs 1-26 of this complaint.

51.     At all times mentioned herein, Does 51-100 were subject to a duty of due care to monitor and supervise inmates of the Salinas Jail. On the day of this incident, Does 51-100 negligently failed to exercise due care in monitoring and supervising Spencer and Jimmy Haws as hereinabove alleged.

52.     At all times mentioned herein, Does 101-200 were subject, in their custodial capacity, to a duty of due care to promptly and efficiently transport inmate patients from place to place within NMC in order to receive medical care and to promptly and efficiently transfer inmate patients to other facilities when necessary in order to receive medical care. On the day of the incident, Does 101-200 failed to exercise due care to promptly and efficiently transport Jimmy Haws from place to place within NMC to receive medical care and failed to promptly and efficiently transfer Jimmy Haws to another facility to receive necessary medical care as hereinabove alleged.

53.     As a proximate result of defendants' wrongful conduct, plaintiffs suffered damages as set forth.

### FIFTH CAUSE OF ACTION

**(Failure to Take Reasonable Action to Summon Immediate Medical Care Under California Government Code §845.6 - Jimmy D. Haws and Carrie Haws Against NMC, County and Does 101-200)**

54.     Plaintiffs reallege and incorporate by reference paragraphs 1 - 26 of this complaint.

55.     At the time Jimmy Haws was brought to NMC, defendant County, Does 101-200 knew, or had reason to know, that Jimmy Haws was in need of an immediate CT scan of his head to determine the extent of his closed head injury and to determine his need for further treatment.

Defendant County, Does 101-200 failed to take reasonable action to promptly obtain the head CT scan and, as a result, proper diagnosis and treatment of Jimmy Haws was unreasonably delayed. This delay proximately contributed to the severity and extent of his permanent brain damage.

56. Once the head CT scan was performed and reviewed, defendant County and Does 101-200 knew, or had reason to know, that Jimmy Haws was in immediate need of brain surgery at another facility to relieve the pressure on his brain. Defendant County and Does 101-200 failed to take reasonable action to promptly transfer Jimmy Haws to another facility and, as a result, brain surgery was unreasonably delayed. This further delay proximately contributed to the severity and extent of his permanent brain damage.

57. As a proximate result of defendants' wrongful conduct, plaintiffs suffered injuries and damages as set forth.

## SIXTH CAUSE OF ACTION

**(Dangerous Condition of Property - Jimmy D. Haws and Carrie Haws Against Does 1-25)**

58. Plaintiffs reallege and incorporate by reference paragraphs 1 - 26 of this complaint.

59. The buildings constituting the Salinas County Jail were constructed, owned, operated, maintained, repaired and controlled by County and private contractors Does 1-25.

60. At the time of this incident, a building that constituted the Salinas Jail generally, and D Pod and the cell of Spencer and Jimmy Haws specifically, were in a dangerous condition in that their condition created a substantial risk of injury when used with due care in a manner in which it was reasonably foreseeable that they would be used. The cell that house Spencer and Jimmy Haws, the portion of D Pod where they argued when released from the cell and the stairs on which Spencer attacked Jimmy Haws were in a dangerous condition in that inmates in those areas could not be monitored or supervised by Sheriff's deputies visually or through the means of video or audio surveillance, thereby creating the risk of inmate on inmate violence. Plaintiffs are currently unaware of all aspects of the dangerous condition of the Salinas jail and reserve the right to pursue their claims based on additional information discovered after the filing of this complaint.

Complaint for Violation of Civil Rights

61. Plaintiffs seek recovery from Does 1-25 (unknown private contractors) based on the dangerous condition of property and the negligent failure to adequately warn thereof.

62. The dangerous condition and the negligent failure to warn thereof, as alleged hereinabove, were a proximate cause of the injuries to plaintiffs herein by allowing arguments between Spencer and Jimmy Haws, previous assaults by Spencer on Jimmy Haws in their cell, a confrontation by Spencer with Jimmy Haws on the stairs and an assault on Jimmy Haws on the stairs to occur without being seen or heard by the Sheriff's deputies responsible for monitoring and supervising the conduct and safety of Spencer and Jimmy Haws in the Salinas Jail. The dangerous condition and negligent failure to warn thereof created a reasonably foreseeable risk of the kind of injuries which were incurred by plaintiffs. The dangerous condition and failure to adequately warn thereof was created by negligent or wrongful acts or omissions of Does 1-25. Does 1-25 had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

**PRAYER**

63. WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, jointly and severally as follows:

    a. For general damages according to proof;

    b. For special damages according to proof;

    c. Punitive damages against each of the individual defendants according to proof;

    d. Reasonable attorneys fees and costs of suit pursuant to 42 U.S.C. §1988 (not applicable to Does 1-25);

    e. Prejudgment interest;

    f. Costs of suit incurred herein and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand that the present matter be set for jury trial.

Date: August 14, 2007

LAW OFFICE OF MICHAEL B. MOORE

By: *Michael B. Moore*
Michael B. Moore