```
DAVID SHEUERMAN SB#78132
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, CA  95125
(408) 288-9700
Fax: (408) 295-9900
Email: dsheuerman@smtlaw.com


Attorneys for Defendant,
NATIVIDAD MEDICAL CENTER
```

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants. | NO.  C 07 02599 RS<br><br>**DEFENDANT NATIVIDAD MEDICAL CENTER'S ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS-JURY TRIAL** |

In answer to plaintiffs' unverified Amended Complaint for Violation of Civil Rights and pursuant to Code of Civil Procedure, §431.30(d), defendant Natividad Medical Center alleges as follows:

### I.  COMPLAINT
**(Jurisdiction and Venue)**

1. To the extent plaintiffs; cause of action under Title 22 of the United States Code, Section 1983 and Title 28, Sections 1331 and 1343 is properly pled, defendant admits that this Court has jurisdiction over this proceeding.

2. Defendant denies unlawful acts or practices occurred and admits the remainder of paragraph 2.

3. Defendant admits plaintiffs filed a claim against this defendant January 18, 2007 which was rejected on March 13, 2007.

4. Defendant is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 4 and on that basis denies said allegations.

5. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 5 and on that basis denies said allegations.

6. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 6 and on that basis denies said allegations.

7. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 7 and on that basis denies said allegations.

8. Defendant admits that Natividad Medical Center is a public hospital which does provide medical treatment to certain persons detained by the County in the Salinas jail.

9. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 9 and on that basis denies said allegations.

10. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 10 and on that basis denies said allegations.

11. Defendant is without sufficient information to form a belief as to the veracity of the allegations contained in paragraph 11 and on that basis denies said allegations.

12. Defendant is informed and believes the allegations of this paragraph are correct.

13. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 13 and on that basis denies said allegations.

14. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 14 and on that basis denies said allegations.

15. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 15 and on that basis denies said allegations

16. Defendant is without sufficient information to form a belief as to the veracity of the

allegations of paragraph 16 and on that basis denies said allegations

17. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 17 and on that basis denies said allegations

18. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 18 and on that basis denies said allegations

19. Defendant is without sufficient information to form a belief as to the veracity of the allegations of paragraph 19 and on that basis denies said allegations

20. To the extent paragraph 20 alleges the physician who initially evaluated Jimmy Haws was an agent or employee of defendant Natividad Medical Center and to the extent paragraph 20 may allege that agents or employees of answering defendant "delayed" transporting Jimmy Haws for a CT scan, said allegations are denied as are the remainder of the allegations in paragraph 20 of the Complaint.

21. Defendant admits that a CT scan was performed at approximately 1:30 p.m.; defendant admits the CT scan was read as showing a right hemispheric epidural hematoma; defendant admits Jimmy Haws departed from Natividad Medical Center at approximately 2:40 p.m. Defendant is without sufficient information to form a belief as to the veracity of the remaining allegations of paragraph 21 which are therefore denied.

22. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 22 are denied. As to the actions of other defendants, this answering defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

23. This defendant denies any actions by agents or employees of Natividad Medical Center caused plaintiff to suffer any injury or damages and to that extent the allegations of paragraph 23 are denied. As to the actions of other defendants, this answering defendant has insufficient information to form a belief as to the veracity of these allegations which are therefore denied.

24. This defendant denies any actions by agents or employees of Natividad Medical

DEFENDANT NATIVIDAD MEDICAL CENTER'S ANSWER TO FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

1  Center caused plaintiff to suffer any injury or damages and to that extent the allegations of
2  paragraph 24 are denied.  As to the actions of other defendants, this answering defendant has
3  insufficient information to form a belief as to the veracity of these allegations which are therefore
4  denied.

5       25.  This defendant denies any actions by agents or employees of Natividad Medical
6  Center caused plaintiff to suffer any injury or damages and to that extent the allegations of
7  paragraph 25 are denied.  As to the actions of other defendants, this answering defendant has
8  insufficient information to form a belief as to the veracity of these allegations which are therefore
9  denied.

10      26.  This defendant has insufficient information to form a belief as to the veracity of
11 these allegations which are therefore denied.

12      27.  This defendant has insufficient information to form a belief as to the veracity of
13 these allegations which are therefore denied.

### FIRST CAUSE OF ACTION

15      28.  Defendant incorporates and realleges its response to all preceding paragraphs of this
16 Answer.

17      29.  Defendant is without sufficient information to form a belief as to the veracity of any
18 of the allegations of paragraph 29 and are therefore denied.

19      30.  Defendant is without sufficient information to form a belief as to the veracity of any
20 of the allegations of paragraph 30 and are therefore denied.

21      31.  To the extent this paragraph alleges that defendants other than Natividad Medical
22 Center acted as alleged, this defendant is without sufficient information to form a belief as to the
23 veracity of those allegations which are therefore denied.

24      32.  Defendant is without sufficient information to form a belief as to the veracity of the
25 allegations in paragraph 32 which are therefore denied.

26      33.  To the extent this paragraph alleges wrongful actions by Natividad Medical Center,
27 the allegations are specifically denied and to the extent this paragraph alleges that other defendants
28 acted as alleged, this defendant is without sufficient information to form a belief as to the veracity of

1  these allegations which are therefore denied.

2      34. To the extent this paragraph alleges wrongful actions by Natividad Medical Center, the
3  allegations are specifically denied and to the extent this paragraph alleges that other defendants
4  acted as alleged, this defendant is without sufficient information to form a belief as to the veracity of
5  these allegations which are therefore denied.

6      35. Defendant is without sufficient information to form a belief as to the veracity of the
7  allegations which are therefore denied.

8  **SECOND CAUSE OF ACTION**

9      36. This defendant realleges and incorporates by reference each of the preceding
10 paragraphs of this Answer.

11     37. Defendant is without sufficient information to form a belief as to the veracity of the
12 allegations which are therefore denied.

13     38. Defendant is without sufficient information to form a belief as to the veracity of the
14 allegations which are therefore denied.

15     39. Defendant is without sufficient information to form a belief as to the veracity of the
16 allegations which are therefore denied.

17 **THIRD CAUSE OF ACTION**

18     40. This defendant realleges and incorporates by reference each of the proceeding
19 paragraphs of this Answer.

20     41. To the extent this paragraph alleges physicians caring for Jimmy Haws at Natividad
21 Medical Center were agents or employees of Natividad Medical Center, said allegations are
22 specifically denied and with respect to the remainder of the allegations, this defendant is without
23 sufficient information to form a belief as to the veracity of those allegations which are therefore
24 denied.

25     42. To the extent this paragraph alleges health care practitioners employed by Natividad
26 Medical Center were working as agents or employees of the County, said allegations are denied, and
27 with respect to the remainder of the allegations of this Complaint, defendant is without sufficient
28 information to form a belief as to the veracity of those allegations which are therefore denied.

43. To the extent this paragraph alleges health care practitioners employed by Natividad Medical Center were acting under color of state laws, said allegations are denied, and with respect to the remainder of the allegations of this Complaint, defendant is without sufficient information to form a belief as to the veracity of those allegations which are therefore denied.

44. To the extent this paragraph alleges agents or employees of Natividad Medical Center exceeded authority under the US Constitution, said allegations are denied, and with respect to the remainder of the paragraph, this defendant has insufficient information to form a belief as to the veracity of those allegations which are therefore denied.

45. To the extent this paragraph alleges health care practitioners employed by Natividad Medical Center were acting under color of state laws, said allegations are denied, and with respect to the remainder of the allegations of this Complaint, defendant is without sufficient information to form a belief as to the veracity of those allegations which are therefore denied.

46. To the extent this paragraph alleges agents or employees of Natividad Medical Center acted with deliberate indifference to Mr. Haws' need for medical assistance, these allegations are specifically denied and with respect to the remainder of the allegations, this defendant has insufficient information to assist the validity of those allegations which are therefore also denied.

47. To the extent this paragraph alleges policies or practices of Natividad Medical Center caused delayed or improper treatment to the Jimmy Haws, said allegations are denied and with respect to other remainder of the allegations of this paragraph, defendant is without sufficient information to access the veracity of these allegations which are therefore denied.

48. Defendant realleges and incorporate by reference to Paragraphs 41 through 47, inclusive; as to the remainder of the allegations, defendant is without sufficient information to access the veracity of the allegations of this paragraph which are therefore denied.

49. To the extent this paragraph alleges any agent or employee of Natividad Medical Center acted as alleged, this paragraph is specifically denied and with respect to other remainder of the allegations of this paragraph, defendant is without sufficient information to access the veracity of these allegations which are therefore denied.

**FOURTH CAUSE OF ACTION**

50. Defendant realleges and incorporates by reference each of the proceeding paragraphs of this

51. Defendant is without sufficient information to assess the veracity of these allegations which are therefore denied.

52. Defendant is without sufficient information to assess the veracity of these allegations which are therefore denied.

53. Defendant is without sufficient information to assess the veracity of these allegations which are therefore denied.

**FIFTH CAUSE OF ACTION**

54. This defendant realleges and incorporates by reference each of the proceeding paragraph of this Answer.

55. To the extent this paragraph alleges any agent or employee of Natividad Medical Center failed to take any actions appropriate for plaintiff's medical care, those allegations are specifically denied. With respect to the remainder of the allegations of this paragraph, this defendant has insufficient information to verify the allegations which are therefore denied.

56. To the extent this paragraph alleges any agent or employee of Natividad Medical Center failed to take any actions appropriate for plaintiff's medical care, those allegations are specifically denied. With respect to the remainder of the allegations of this paragraph, this defendant has insufficient information to verify the allegations which are therefore denied.

57. To the extent this paragraph alleges any agent or employee of Natividad Medical Center failed to take any actions appropriate for plaintiff's medical care, those allegations are specifically denied. With respect to the remainder of the allegations of this paragraph, this defendant has insufficient information to verify the allegations which are therefore denied.

**SIXTH CAUSE OF ACTION**

58. This defendant realleges and incorporates by referenced each of the proceeding paragraphs of this Answer.

59. Defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

1    60. Defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

2

3    61. Defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

4

5    62. Defendant is without sufficient information to form a belief as to the veracity of these allegations which are therefore denied.

6

### FIRST AFFIRMATIVE DEFENSE

The Complaint failed to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the appropriate statute of limitations as set forth in California Code of Civil Procedure, §§340.5 and that defendant reserves the right to request a separate trial in regard to this affirmative defense pursuant to California Code of Civil Procedure, §597.5.

### THIRD AFFIRMATIVE DEFENSE

That the damages, if any, complained of by plaintiff were proximately caused by the negligence of firms, persons, corporations and/or entities other than this answering defendant and that said negligence comparatively reduces the percentage of any fault by this answering defendant, if any can be found, which negligence defendant expressly denies.

### FOURTH AFFIRMATIVE DEFENSE

That plaintiff Jimmy Haws did not exercise ordinary care, caution or prudence to avoid the injuries alleged in the Complaint and that said injuries were directly and proximately caused and contributed to by the negligence of plaintiff Jimmy Haws.

### FIFTH AFFIRMATIVE DEFENSE

That the injuries alleged in the Complaint were proximately caused by acts or events which were unforeseen and unforeseeable and over which this defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

That in the event defendant is found to be negligent which is expressly denied, this defendant may elect to introduce evidence of any amounts paid or payable as a benefit to plaintiffs

pursuant to California Civil Code §3333.1.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event defendant is found to be negligent, which is expressly denied, the non-economic damages shall not exceed the amount specified in California Code of Civil Procedure §3333.2.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event this defendant is found to be negligent, which is expressly denied, defendant may elect to have future damages, in excess of the amount specified in California Code of Civil Procedure §667.7, paid in whole or in part as specified therein as periodic payments.

**NINTH AFFIRMATIVE DEFENSE**

In the event defendant is found to be negligent, which is expressly denied, the liability of defendant is limited by reason of C.C.P. §1431.2.

**TENTH AFFIRMATIVE DEFENSE**

As and for a separate and additional affirmative defense, defendant alleges that it may rely upon any and all further defenses which become available or appear during discovery of this action and hereby specifically reserves its right to amend this Answer, as of right or with leave of court, for the purpose of asserting additional affirmative defenses.

WHEREFORE, defendant prays that plaintiffs take nothing by reason of the Complaint and that this defendant have and recover judgment for costs of suit and for such other relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendant respectfully demands that the present matter be set for jury trial.

Dated:  August 17, 2007                              SHEUERMAN, MARTINI & TABARI

                                    By      /s/David Sheuerman
                                            DAVID SHEUERMAN
                                            Attorneys for Defendant,
                                            NATIVIDAD MEDICAL CENTER

**CASE NAME: Jimmy D. Haws, et al. V. County of Monterey, et al.**
**U. D. DISTRICT COURT, NORTHERN DISTRICT, ACTION NO. C 07 02599 RS**

### PROOF OF SERVICE

      I am a resident of the United States. My business address is 1033 Willow Street, San Jose, CA  95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

      On August 17, 2007, I served the within: DEFENDANT NATIVIDAD MEDICAL CENTER'S ANSWER TO FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS - JURY TRAIL DEMANDED  on the PARTIES in said action as follows:

| Counsel for Plaintiffs: | Ralph W. Boroff, Esq. |
|---|---|
| Michael B. Moore, Esq. | 55 River Street, Suite 100 |
| 595 Market Street, Suite 1320 | Santa Cruz, CA 95060 |
| San Francisco, CA 94105 | (831) 458-0502 |
| (415) 956-6500 | Fax: (831) 426-0159 |
| Fax: (415) 956-6580 | |

Counsel for County of Monterey:
Traci Kirkbride, Esq.
Monterey County
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901-2680
(831) 755-5045
Fax: (831) 755-5283

 XX\_\_\_ (BY MAIL) I caused and a true copy of each document identified above to be sealed in an envelope with first-class postage affixed.  Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

_____ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

_____ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

_____ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at          , by use of facsimile machine telephone number (408) 295-9900.  The facsimile machine used complied with CRC

1 §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

2

3 _____ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5 **XXX**   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

6

7                          /s/  Melinda Hollis
                                    Melinda Hollis
8