```
CHARLES J. McKEE         (SBN 152458)
County Counsel
TRACI A. KIRKBRIDE       (SBN 195690)
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, California 93901-2680
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
Email: kirkbrideta@co.monterey.ca.us

Attorneys for Defendants, COUNTY OF MONTEREY and
MICHAEL KANALAKIS
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive, <br><br> Defendants. <br> _____/ | Case No. C 07-02599 JF <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF MONTEREY AND MICHAEL KANALAKIS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITH PREJUDICE [F.R.C.P. 12(b)(6)] <br><br> Date: November 2, 2007 <br> Time: 9:00 AM <br> Ctrm.: 3, 5th Floor <br> Judge: Hon. Jeremy Fogel <br> Action Filed: May 16, 2007 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS.

On December 7, 2006, Jimmy Haws was a pretrial detainee in the custody of the Monterey County Sheriff's Office and was housed in the Monterey County Jail. On the morning of December 7th, Jimmy Haws and his cellmate, Roger Spencer, were released from their cell into a common area of the jail for their one hour of "free" time. During this time, Haws and Spencer got into a physical altercation. At one point, Spencer placed Haws in a choke hold while they were at the top of a flight of stairs. The choke hold apparently caused Haws to lose consciousness. Spencer then released his hold on Haws and

*Jimmy D. Haws, et al. v. County of Monterey, et al.*   Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' First Amended Complaint   1 of 4

caused Haws to fall down the flight of stairs. The fall caused Haws to strike his head. Haws was transported to Natividad Medical Center and subsequently was transferred to the Community Hospital of the Monterey Peninsula (CHOMP) where he underwent surgery for his head injuries. Currently, Haws is in a long-term care facility undergoing rehabilitation and recovery.

Plaintiffs filed their complaint against Defendants County of Monterey, Michael Kanalakis and Natividad Medical Center on May 16, 2007, alleging seven causes of action. These moving defendants filed a Motion to Dismiss Plaintiffs' Complaint on June 12, 2007. On July 20, 2007, the hearing was held on Defendants' motion. Subsequently, on July 27, 2007, the Honorable Jeremy Fogel issued his Order granting in part and denying in part Defendants' Motion to Dismiss. On August 15, 2007, Plaintiffs' filed their First Amended Complaint (FAC). The FAC contains six causes of action, three of which are alleged exclusively against DOE defendants.

## II.

### STANDARD OF REVIEW TO BE USED IN 12(b)(6) MOTIONS.

The Defendants' motion seeks dismissal of Plaintiff's FAC pursuant to F.R.C.P., Rule 12(b)(6). In adjudicating 12(b)(6) motions, it is true that the court must generally accept the allegations contained in the plaintiffs' pleading as true. But when the pleading contains unwarranted deductions of fact or unreasonable inferences, they need not be accepted. *In re Delorean Motor Co.* 991 F.2d 1236, 1240 (6th Cir. 1993); *Taylor v. F.D.I.C.*, 132 F. 3d 753, 762 (DC Cir. 1997); *Transphase Systems, Inc. v. Southern Calif. Edison Co.* 839 F. Supp. 711, 718 (CD CA 1993) (quoting text); *Beliveau v. Caras*, 873 F. Supp. 1393, 1395-1396 (CD CA 1995) (citing text).

## III.

### PLAINTIFFS FAC AGAIN FAILS TO ASSERT AN INDEPENDENT CLAIM UNDER THE FOURTEENTH AMENDMENT FOR THEIR ALLEGED LOSS OF CONSORTIUM AND INSTEAD ASSERTS THE LOSS OF CONSORTIUM ONLY AS A BASIS FOR DAMAGES. THIS IS CONTRARY TO THE COURT'S ORDER OF JULY 27, 2007.

The sole basis for this Motion to Dismiss is Plaintiffs' continued failure to assert their loss of consortium allegations as an independent cause of action. Plaintiffs have again asserted the loss of consortium allegations only as a basis for damages in the FAC. These moving defendants asserted this same basis in their initial Motion to Dismiss Plaintiffs' Complaint. In Judge Fogel's Order dated July

*Jimmy D. Haws, et al. v. County of Monterey, et al.*  Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' First Amended Complaint    2 of 4

27, 2007, in which he granted in part and denied in part Defendants' Motion to Dismiss, Judge Fogel, at page 5 of his order in the second full paragraph on that page, states that Plaintiff's original complaint only "includes loss of consortium as a basis for damages, not as an independent claim under the Fourteenth Amendment". After going on to state that the complaint alleges limited facts to support a loss of consortium claim and that "the Complaint does not provide sufficient facts tending to show that Haws' family members have standing to bring a claim under section 1983" the court states, "Any amended claim should address these inadequacies". The Order also stated in footnote 8 that its analysis also applied to Plaintiff's claims that are asserted only against DOE defendants. Plaintiffs have failed to follow the Court's order specifically as to their loss of consortium claims to assert an independent claim under the Fourteenth Amendment.

For the reasons stated above, Defendants request that the court dismiss Plaintiffs' FAC. Further, since Plaintiffs have now had two opportunities to state a claim for loss of consortium and have failed to follow the Court's explicit order in regards to the loss of consortium assertions, the Court should dismiss the FAC without leave to amend as to any loss of consortium claims.

### CONCLUSION.

For Plaintiff's failure to follow the court's explicit order as it specifically pertains to Plaintiff's loss of consortium assertions, the court should dismiss Plaintiff's FAC with prejudice specifically as to any future loss of consortium claims.

DATED: September 4, 2007.   Respectfully submitted,

CHARLES J. McKEE, County Counsel


By /S/ Traci A. Kirkbride
   TRACI A. KIRKBRIDE, Deputy County Counsel

Attorneys for Defendants COUNTY OF MONTEREY and MICHAEL KANALAKIS

*Jimmy D. Haws, et al. v. County of Monterey, et al.*   Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis'
Motion to Dismiss Plaintiffs' First Amended Complaint   3 of 4