1  CHARLES J. McKEE        (SBN 152458)
   County Counsel
2  TRACI A. KIRKBRIDE        (SBN 195690)
   Deputy County Counsel
3  Office of the County Counsel
   County of Monterey
4  168 West Alisal Street, 3rd Floor
   Salinas, California  93901-2680
5  Telephone:  (831) 755-5045
   Facsimile:   (831) 755-5283
6  Email: kirkbrideta@co.monterey.ca.us

7  Attorneys for Defendants, COUNTY OF MONTEREY and
   MICHAEL KANALAKIS

8

                    IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  JIMMY HAWS, SETH DANIEL HAWS,            Case No. C 07-02599 JF
    and MIA SKYE HAWS, minors, by and
12  through their guardian ad litem, CARRIE A.    MEMORANDUM OF POINTS AND
    HAWS, and CARRIE A. HAWS,                AUTHORITIES IN SUPPORT OF
13  individually,                            DEFENDANTS COUNTY OF MONTEREY
                                             AND MICHAEL KANALAKIS'
14           Plaintiffs,                     OPPOSITION TO PLAINTIFFS' MOTION
                                             TO COMPEL ANSWERS TO
15  v.                                       INTERROGATORIES /PRODUCTION OF
                                             DOCUMENTS AND FOR SANCTIONS
16  COUNTY OF MONTEREY, MICHAEL
    KANALAKIS, NATIVIDAD MEDICAL
17  CENTER and DOES 1-300, inclusive,        Date:        February 27, 2008
                                             Time:        9:30 a.m.
18           Defendants.                     Ctrm.:       4, 5th Floor
    _____/         Judge:       Magistrate Richard Seeborg
19                                           Action Filed: May 16, 2007

20

21

22

23

24

25

26

27

28

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions

1

# TABLE OF CONTENTS

2                                                                                   **PAGE**

3   TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4   MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   I.      PLAINTIFFS' MOTION DOES NOT COMPLY WITH NUMEROUS LOCAL
        RULES OF THE NORTHERN DISTRICT AND THE FEDERAL RULES OF CIVIL
6       PROCEDURE REGARDING MOTIONS TO COMPEL AND MOTIONS FOR
        SANCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7           A.   MOTION TO COMPEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
8
                1.   Plaintiffs' Counsel Failed to Conduct a Proper Meet and Confer
9                    Prior to Filing the Motion as Required by FRCivP37(a)(2)(A)
                     and Local Rule 37-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
10
                2.   Plaintiffs' Motion Fails to Comply with the Requirements of
11                   FRCivP 37(a)(2)(A) in that Counsel Has Failed to Include a
                     Certification that He Conferred in Good Faith with Counsel
12                   For Defendants in an Effort to Secure Disclosure Without
                     Court Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
13
                3.   Plaintiffs' Motion Fails to Comply with the Requirements of
14                   Local Rule 37-2 in that the Form of the Motion is Not in
                     Compliance with LR37-2 Due to Plaintiffs' Counsel's Failure
15                   To Set Forth Each Request Followed Immediately by the Objections
                     and/or Responses Thereto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
16
            B.   MOTION FOR SANCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
17
                1.   Plaintiffs' Motion Fails to Comply with the Requirements of Local
18                   Rule 7-8 in That it is Not Separately Filed From Plaintiffs' Motion to
                     Compel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
19
                2.   Plaintiffs' Motion Fails to Comply With the Requirements of Local
20                   Rule 7-2(c) in that No Proposed Order Was Included with
                     Plaintiffs' Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
21
                3.   Plaintiffs' Motion Fails to Comply with the Requirements of Local Rule
22                   37-3(b)(2) in that No Declaration Which Describes in Detail the Efforts
                     Made by the Moving Party to Secure Compliance Without Intervention
23                   by the Court was Filed with the Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

24          C.   PLAINTIFFS' MOTION WAS NOT FILED IN GOOD FAITH. THE
                MOTION WAS FILED AFTER PLAINTIFFS' COUNSEL HAD RECEIVED
25              THE DOCUMENTS REQUESTED IN DISCOVERY AND AFTER
                DEFENSE COUNSEL HAD ALREADY COMMUNICATED TO PLAINTIFFS'
26              COUNSEL THAT THE AMENDED DISCOVERY RESPONSES TO BOTH
                THE SPECIAL INTERROGATORIES AND THE REQUEST FOR
27              PRODUCTION OF DOCUMENTS WOULD BE PROVIDED TO PLAINTIFFS'
                COUNSEL ON OR BEFORE JANUARY 11, 2008 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          i

1
                                                                    **PAGE**

2        D.    DUE TO PLAINTIFFS' COUNSEL'S FAILURE TO COMPLY WITH

NUMEROUS RULES, FOR HIS FAILURE TO ATTEMPT TO
3    RESOLVE THIS MATTER IN GOOD FAITH BEFORE FILING
THIS MOTION, AND FOR HIS BRINGING THIS MOTION IN BAD FAITH,
4    DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT IMPOSE
SANCTIONS ON PLAINTIFFS' COUNSEL, *SUA SPONTE*, TO
5    DISCOURAGE SUCH BEHAVIOR IN THE FUTURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                        Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions                ii

1

**TABLE OF AUTHORITIES**

2

**CASES**                                                                                          **PAGE**

3

*Chambers v. Nasco, Inc.* 501 U.S. 32, 47, 115 L. Ed. 2d 27,
    46, 111 S. Ct. 2123, 2134 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4

*Morris v. McGrath*, (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 19062 . . . . . . . . . . . . . . . . . . . . . . . . . 10

5

*Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. Partnership*,
    76 F.3d 1003, 1007 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

6

*Use Techno Corporation v. Kenko USA, Inc.* (N.D. Cal. October 18, 2007,
    No. C-06-02754 EDL) 2007 U.S. Dist. LEXIS 80006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7

8

*Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 973 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9

10

**COURT RULES**

11

Federal Rules of Civil Procedure
37 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

12

37(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

13

14

Local Rules for the United States District Court for the Northern District of California
7-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

15

7-2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
7-8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

16

37-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3
37-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
37-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

17

37-3(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18

19

20

21

22

23

24

25

26

27

28

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions                iii

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.**

3  **PLAINTIFFS' MOTION DOES NOT COMPLY WITH NUMEROUS LOCAL RULES OF THE**

4  **NORTHERN DISTRICT AND THE FEDERAL RULES OF CIVIL PROCEDURE**

5  **REGARDING MOTIONS TO COMPEL AND MOTIONS FOR SANCTIONS**

6  **A.    MOTION TO COMPEL**

7          1.    Plaintiffs' Counsel Failed To Conduct A Proper Meet and Confer Prior to Filing The
              Motion As Required by FRCivP37(a)(2)(A) and Local Rule 37-1(a).

8

9          Pursuant to Rule 37-1(a) of the Local Rules of the United States District Court for the Northern

10  District of California (LR), "[t]he Court will not entertain a request or a motion to resolve a disclosure or

11  discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of

12  attempting to resolve all disputed issues".  The definition of "meet and confer" or "confer" under Civil

13  Local Rule (LR) 1-5(n) states that it "means to communicate directly and discuss *in good faith* the

14  issue(s) required under the particular Rule or order".  (Emphasis added).  Previous cases in the Northern

15  District have held that merely sending a written, electronic or voice mail communication does not satisfy

16  the requirement to "meet and confer" or "confer" under the requirement of LR 37-1(a).  *Use Techno*

17  *Corporation v. Kenko USA, Inc.* (N.D. Cal.  October 18, 2007, No. C-06-02754 EDL) 2007 U.S. Dist.

18  LEXIS 80006.

19          Here in this case, not only was there no proper meet and confer in form, but Plaintiffs' counsel's

20  purported meet and confer was not conducted in good faith as required by LR 1-5(n). [See Letter Dated

21  December 28, 2007 from Ralph Boroff to Traci Kirkbride, attached as Exhibit 9 to Declaration of Traci

22  A. Kirkbride, filed concurrently herewith].  Instead the only telephone conversation that Plaintiffs'

23  counsel. Mr. Boroff, had with counsel for the defendants, Ms. Kirkbride,  regarding the discovery

24  matters consisted of Mr. Boroff demanding the responses and, upon Ms. Kirkbride again reiterating the

25  problem with getting the information from County staff over the holidays, but assuring Mr. Boroff that

26  he would have the information on or before January 11, 2008, before the depositions started on January

27  14th, Mr. Boroff responding with "that's not good enough" with no attempt at resolving the issue in

28  good faith. [See Declaration of Traci A. Kirkbride, ¶14, filed concurrently herewith].

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                            Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          1

1       As a sign of Mr. Boroff's lack of good faith, and keeping in mind that this Motion to Compel

2   was filed on <u>January 10, 2008</u>, counsel for Defendants, Ms. Kirkbride, sent over 300 pages of documents

3   that were responsive to Plaintiffs' Request for Production of Documents to Mr. Boroff via FedEx

4   Overnight Priority on December 28, 2007. [See Declaration of Traci A. Kirkbride, ¶ 17 filed

5   concurrently herewith].  This was after Ms. Kirkbride had spoken to Mr. Boroff on December 27, 2008,

6   and told him that she would be sending the documents out to him via overnight mail the next day.  [See

7   Declaration of Traci A. Kirkbride, ¶15 and Declaration of Richard S. DeSaulles, filed concurrently

8   herewith].

9       This is precisely the type of behavior that the Federal Court has sought to curtail through the

10  requirements in the FRCivPs and in the Local Rules.  Plaintiffs in this case have chosen to blatantly

11  ignore the applicable rules and have now forced the court to involve itself in this non-existent discovery

12  dispute.  Plaintiffs have chosen to proceed with this Motion even after they received the discovery prior

13  to their filing this motion and they have done so in bad faith.  Counsel's bad faith is further evidenced by

14  Mr. Boroff's Letter dated January 24, 2008, to Ms. Kirkbride, [attached as Exhibit 13 to the Declaration

15  of Traci Kirkbride, filed concurrently herewith], wherein Mr. Boroff states that he is "not interested so

16  much in 'being right'" and that he will take his motion off calendar if Ms. Kirkbride supplies him with

17  medical records-medical records that he already knew were in the possession of a third party, CFMG,

18  from which he has already obtained records and from which he had already subpoenaed medical records

19  in this case prior to ever filing this motion. [See Declaration of Traci Kirkbride,  ¶¶ 15, 16, 19, 25, filed

20  concurrently herewith].  Mr. Boroff's communications, both telephonic and written, are replete with

21  examples of everything *except* good faith and a spirit of attempting to resolve disputes without court

22  intervention.  In fact, Mr. Boroff's apparent  idea of resolving these issues between the parties

23  "informally" is to state that if the documents are not provided by Ms. Kirkbride by January 7, 2008, then

24  "we proceed to informal chambers conference with Judge Fogel to informally resolve this dispute

25  pursuant to ND Ca Rule 37-1(b) as soon as possible". [See Letter of December 28, 2007 from Ralph

26  Boroff, page 3, attached as Exhibit 9 to Declaration of Traci Kirkbride, ¶ 18, filed concurrently

27  herewith].  Apparently, Mr. Boroff has a unique understanding of the phrase "during a discovery event".

28  / / /

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                          Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions            2

2. <u>Plaintiffs' Motion Fails to Comply With the Requirements of FRCivP 37(a)(2)(A) in that Counsel Has Failed to Include a Certification that He Conferred In Good Faith With Counsel for Defendants in an Effort to Secure Disclosure Without Court Action.</u>

As detailed above, there was no attempt to meet and confer in good faith in this matter. As a result, Plaintiffs' counsel, Mr. Boroff, has failed to include the mandatory certification required by FRCivP 37(a)(2)(A), which sets forth his averment that he has "in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action". This is yet another example of Plaintiffs' counsel ignoring the rules in filing this wholly noncompliant motion.

3. <u>Plaintiffs' Motion Fails to Comply with the Requirements of Local Rule 37-2 in that the Form of the Motion Is Not in Compliance with LR 37-2 Due to Plaintiff's Counsel's Failure to Set Forth Each Request Followed Immediately by the Objections and/or Responses Thereto.</u>

In yet another example of Plaintiffs' noncompliance with the Local Rules, counsel has failed to comply with the requirements of Local Rule 37-2 by not setting forth each of the requests in full followed immediately by the objections and/or responses thereto. *Further*, Local Rule 37-2 requires that, *as to each request*, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery. Plaintiff's counsel has not done so here.

Here as evidenced by Plaintiffs' own motion and supporting documents, there are numerous violations of both the FRCivPs and the Local Rules for the Northern District, beginning with the fact that there was no proper meet and confer conducted in this matter prior to Plaintiffs filing this completely unnecessary motion on January 10, 2008. In addition, Plaintiffs' motion fails to comply with the requirements of FRCivP37(a)(2)(A), Local Rule 37-1(a), and Local Rule 37-2 as detailed above. For these reasons, Defendants respectfully request that this court, pursuant to Local Rule 37-1(a), not entertain this Motion to Compel by Plaintiffs. However, if the court is inclined to consider Plaintiffs' motion, Defendants respectfully request that this court deny the motion.

**B.    MOTION FOR SANCTIONS**

1. <u>Plaintiffs' Motion Fails to Comply With the Requirements of Local Rule 7-8 in That it is Not Separately Filed From Plaintiffs' Motion to Compel.</u>

Local Rule 37-3(a) mandates that any motion for sanctions under FRCivP 37, "must comply with Civil L.R. 7-8 and Civil L.R. 7-2". Civil Local Rule 7-8 states that "[a]ny motion for sanctions,

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          3

regardless of the sources of authority invoked, must comply with the following:  (a) The motion *must be separately filed* and the date for hearing must be set in conformance with Civil L.R. 7-2;" (Emphasis Added).  Here Plaintiffs have not filed their motion for sanctions separately but instead have combined it within their motion to compel with no legal authority cited to support such request.

2.    Plaintiff's Motion Fails to Comply With the Requirements of Local Rule 7-2(c) in that No Proposed Order Was Included With Plaintiffs' Motion

Local Rule 37-3(a) mandates that any motion for sanctions under FRCivP 37, "must comply with Civil L.R. 7-8 and Civil L.R. 7-2".  Civil Local Rule 7-2(c) states that [u]nless excused by the Judge who will hear the motion, *each motion must be accompanied by a proposed order*. (Emphasis Added).  Here, there is no indication that Plaintiffs' have filed the required Proposed Order with this motion.

3.    Plaintiffs' Motion Fails to Comply with the Requirements of Local Rule 37-3(b)(2) in that No Declaration Which Describes in Detail the Efforts Made by the Moving Party to Secure Compliance Without Intervention by the Court was Filed with the Motion.

Local Rule 37-3(b)(2) states that a motion for sanctions under FRCivP 37 must "be accompanied by competent declarations which: (2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court".  Again, there is no legal authority cited by Plaintiffs' counsel which supports a request for an award of sanctions and, further, there is no declaration filed in support of Plaintiffs' request for sanctions which describes in detail the efforts made by the moving party to secure compliance without intervention by the Court as required by Local Rule 37-3(b)(2).  Here, once again, Plaintiffs' counsel has flagrantly ignored the Rules governing the filing of these motions.

In addition, Mr. Boroff, in his declaration in support of his motion for sanctions, states that as a result of the alleged discovery non-compliance by the County, "I have had to cancel the deposition of plaintiff's treating neurosurgeon, Dr. Ray Miller, M.D. who now lives in Sisters, Oregon". [Declaration of Ralph W. Boroff in Support of Motion for Economic Sanctions, ¶ 3].  Mr. Boroff then goes on to detail how much time and money has been expended by his office in arranging this deposition.  **Mr. Boroff's declaration is signed under penalty of perjury and is dated January 9, 2008.**  There are two substantial issues regarding Mr. Boroff's representations in his declaration.

*First*, Mr. Boroff knew on **December 27, 2007**, that California Forensic Medical Group (CFMG) was the custodian of records of medical records of the inmates of the Monterey County Jail. [See

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                              Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          4

1    declaration of Traci Kirkbride, ¶¶ 15, 16, 19, 25,  filed concurrently herewith].  In fact, counsel for

2    defendants, Ms. Kirkbride, saw and spoke to Ms. Elaine Hustead, the vice-president and co-owner of

3    CFMG, on December 28, 2007, at a retirement luncheon, and Ms. Hustead told Ms. Kirkbride that Mr.

4    Boroff had already contacted her (Ms. Hustead) about the medical records and that Ms. Hustead told Mr.

5    Boroff to send her a list as to what precisely he wanted in the way of records. [See Declaration of Traci

6    Kirkbride, ¶ 16, filed concurrently herewith.

7         *Second*, on **January 8, 2008**, Virgil Pryor, the attorney representing Dr, Miller, sent a letter to

8    counsel in this matter, including Mr. Boroff, stating that he would not be able to conduct Dr. Miller's

9    deposition on January 18, 2008, due to a scheduling conflict and that he would cooperate to reschedule

10   the matter.  This letter was sent to all counsel via facsimile and U.S. Mail on January 8th. [See Letter of

11   January 8, 2008, from Virgil F. Pryor, attached as Exhibit 11 to Declaration of Traci Kirkbride, ¶ 20,

12   filed concurrently herewith].  For Mr. Boroff, after having already spoken to CFMG about the medical

13   records and after having received the letter from Dr. Miller's attorney, to swear under penalty of perjury

14   on January 9, 2008, that it was the alleged conduct on the part of the County that forced him to cancel

15   Dr. Miller's deposition is a ***blatant, intentional misrepresentation to the Court.***

16   **C.    PLAINTIFFS' MOTION WAS NOT FILED IN GOOD FAITH.  THE MOTION WAS
         FILED AFTER PLAINTIFFS' COUNSEL HAD RECEIVED THE DOCUMENTS**
17       **REQUESTED IN DISCOVERY AND AFTER DEFENSE COUNSEL HAD ALREADY
         COMMUNICATED TO PLAINTIFFS' COUNSEL THAT THE AMENDED**
18       **DISCOVERY RESPONSES TO BOTH THE SPECIAL INTERROGATORIES
         AND THE REQUEST FOR PRODUCTION OF DOCUMENTS WOULD BE**
19       **PROVIDED TO PLAINTIFFS' COUNSEL ON OR BEFORE JANUARY 11, 2008.**

20        Plaintiffs' counsel has consistently utilized what can best be described as inflexible,

21   unnecessarily demanding and bullying tactics in this litigation that cross the ethical line.  There has been

22   a repeated refusal on the part of Plaintiffs' counsel to acknowledge the realities of attempting to get

23   needed information from personnel during the holiday season.  The two plaintiffs' counsel, Mr. Boroff

24   and Mr. Moore, have implemented basically a "good cop, bad cop" strategy of dealing with the other

25   counsel in this case with little to no regard as to what the rules of procedure mandate in Federal Court

26   and with little to no regard concerning the accuracy of the representations they make.

27        Mr. Boroff's motion would have the reader believe that counsel for defendants, Ms. Kirkbride,

28   has done absolutely nothing in the way of moving discovery along in this case.  This is blatantly untrue

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                         Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions            5

1  as the following will demonstrate.

2      As part of the package of discovery that was sent out by Plaintiffs' counsel were not only the set

3  of Special Interrogatories and Request for Production of Documents which are the subject of this motion

4  to compel, but also included in the sets of discovery was a Request for Entry Upon Land to conduct a

5  visual, videotaped inspection of the Monterey County Jail. [See Request for Entry Upon Land, attached

6  as Exhibit 3 to the Declaration of Traci Kirkbride, filed concurrently herewith].  A few days later, Ms.

7  Kirkbride's office received notices for 6 depositions of County personnel.  Five of the deposition notices

8  were designated for the County's Person Most Knowledgeable (PMK) as to each notice.  One of the

9  deposition notices specifically named Chief Liebersbach as the deponent.  Each one of the PMK

10 deposition notices included a list of, on average, 15-20 topics of deposition.  Each one of the deposition

11 notices also included a list, on average, of 15 categories of documents to be produced at each deposition.

12 [See Deposition notices , attached hereto as Exhibit 5 to the Declaration of Traci Kirkbride, filed

13 concurrently herewith].

14      On October 9, 2007, defense counsel, Ms. Kirkbride,  filed and served a Notice of Unavailability

15 of Counsel for the time period of November 21 through November 30, 2007. [See Notice of

16 Unavailability, attached as Exhibit 1 to Declaration of Traci Kirkbride, filed concurrently herewith].  On

17 November 5, 2007, defense counsel, Ms. Kirkbride,  filed and served another Notice of Unavailability of

18 Counsel for the time period of December 7  through December 14, 2007.  [See Notice of Unavailability,

19 attached as Exhibit 2 to Declaration of Traci Kirkbride, filed concurrently herewith]. The reason for

20 these notices was due to the fact that Ms. Kirkbride went overseas to London on two nearly back-to-back

21 trips in November and December.  Both defense counsel were aware that Ms. Kirkbride was going

22 overseas on these trips due to the fact that on November 19, 2007, all counsel participated in a

23 telephonic conference with the Court's assigned mediator, Ms. Gail Killefer.  At one point during that

24 telephonic conference when all parties were attempting to pick a suitable date for the mediation, one of

25 the plaintiff's counsel commented that he was going overseas soon and one other person on the

26 conference call remarked that they were going overseas as well.  Ms. Kirkbride made a comment to the

27 effect that "it sounds like several of us are going to be overseas soon". [See Declaration of Traci

28 Kirkbride, ¶ 10, filed concurrently herewith].

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions                 6

1    Despite this volume of discovery and the time constraints given her previously-announced

2    vacation plans and given the holiday season, Ms. Kirkbride worked with plaintiffs' counsel, Mr. Moore,

3    before, in-between and after her trips overseas, in scheduling five depositions of the County personnel

4    for January 14 through 17, 2008, and January 23, 2008, and in setting up the day and time for inspection

5    of the Monterey County Jail for January 25, 2008, which, at Mr. Moore's request, was scheduled for a

6    time after the depositions.  The setting of the PMK depositions required a substantial amount of time and

7    meeting with Sheriff's Office jail staff to determine who would be the most appropriate person at the

8    County to testify as to the numerous categories of testimony requested in each notice.  The jail facility

9    inspection required several meetings with jail staff to determine how the logistics of the inspection

10   would be accomplished and how the current inmates in the jail could be moved out of the subject area of

11   the jail for security purposes during the time that Plaintiffs' counsel was viewing and photographing the

12   jail areas.  The depositions began on January 14, 2008, at the Office of County Counsel in Salinas, CA.

13   The jail facility inspection was conducted on January 25, 2008.

14   Despite Plaintiffs' counsels' knowledge about Ms. Kirkbride's scheduled trips, Plaintiffs'

15   counsel sent correspondence to Ms. Kirkbride, via facsimile, on December 10, 2007, during one of the

16   stated time periods that Ms. Kirkbride had listed in her Notice of Unavailability of Counsel.  [See

17   December 10th letter from Michael Moore , attached as Exhibit 6 to Declaration of Traci Kirkbride, ¶

18   12, filed concurrently herewith].

19   On the morning of December 27, 2007, Ms. Kirkbride telephoned Mr. Boroff's office and left a

20   message for him giving him the name of California Forensic Medical Group (CFMG), the name of the

21   contact person at CFMG, Elaine Hustead, who is a vice president at CFMG, and her phone number.  In

22   the message to Mr. Boroff, Ms. Kirkbride stated that CFMG was the custodian of records of the medical

23   records of the jail inmates.  Later that afternoon on December 27th, Mr. Boroff telephoned Ms.

24   Kirkbride and Ms. Kirkbride told Mr. Boroff again about the information concerning CFMG.  Mr.

25   Boroff's response was: "So that's the  PMK?"  Ms. Kirkbride also stated to Mr. Boroff at that time that

26   she was sending out documents to him via overnight mail the next day. [See Declaration of Traci

27   Kirkbride, ¶ 15, filed concurrently herewith].

28   On December 28, 2007, Ms. Kirkbride sent 356 Bates-stamped documents that were responsive

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          7

1  to Plaintiffs' Request for Production of Documents to Plaintiffs' counsel, Ralph Boroff, via FEDEx

2  Overnight Priority mail. [See Letter dated December 28th to Ralph Boroff along with the copy of the

3  FEDEx Airbill, attached as Exhibit 8, to the Declaration of Traci Kirkbride, ¶ 17, filed concurrently

4  herewith.  Also see the Declaration of Richard S. DeSaulles, with accompanying exhibits, filed

5  concurrently herewith]. Due to the large volume of paperwork, those documents are not attached to this

6  Opposition, but are available to the Court upon request and will be brought to the hearing on this motion

7  on February 27, 2008.

8       On December 31, 2007, Mr. Boroff called the Office of County Counsel to speak with Ms.

9  Kirkbride.  [See Declaration of Richard S. DeSaulles, filed concurrently herewith].

10      On January 10, 2008, Ms. Kirkbride forwarded the County's supplemental responses to

11  Plaintiffs' Specially Prepared Interrogatories and Plaintiff's Request for Production of Documents.  The

12  supplemental responses were sent to Mr. Boroff and Mr. Moore, separately, via FedEx Standard

13  Overnight delivery.  [See copies of the FEDEx Airbills, attached as Exhibit 12, to the Declaration of

14  Traci Kirkbride, ¶ 21, filed concurrently herewith.  This was in conformity with what Ms. Kirkbride had

15  stated to Plaintiff's counsel in the original responses by defendant County to both sets of discovery on

16  December 21, 2007.  The only additional document that was included with the supplemental responses

17  that had not been included with the 356 documents that had been sent to counsel on December 28th was

18  a 9-page contract, with accompanying exhibits, (for a total of 25 pages), between the County of

19  Monterey and California Forensic Medical Group (CFMG).

20      On January 15, 2008, prior to the second day of depositions by County personnel, Ms. Kirkbride

21  personally hand-delivered to all counsel in attendance, including Mr. Moore and Mr. Boroff, another 252

22  pages of documents (by Mr. Boroff's count) that were responsive to the lists of documents to be

23  produced that were part of the deposition notice for Chief Liebersbach and several of the deposition

24  notices for the County's PMK, in addition to several hundred pages of copies of newspaper articles that

25  were produced the previous day at Chief Liebersbach's deposition.  [See Declaration of Traci Kirkbride,

26  ¶ 22, filed concurrently herewith]. Due to the large volume of paperwork, those documents are not

27  attached to this Opposition, but are available to the Court upon request and will be brought to the

28  hearing on this motion on February 27, 2008.

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions        8

1    On January 24, 2008, Mr. Boroff sent a letter to Ms. Kirkbride, via facsimile and U.S. Mail, in

2    which he stated "we will still have the specific issues of Mr. Haws' and Mr. Spencer's medical records".

3    In the letter, Mr. Boroff states that if Ms. Kirkbride provides the medical records of Mr. Haws and Mr.

4    Spencer, he will withdraw his motion.  [See Exhibit 13 to Declaration of Traci Kirkbride, ¶ 23, filed

5    concurrently herewith].  Also in the January 24th letter, Mr. Boroff states, " Although we have

6    subpoenaed and requested Mr. Haws' medical records from CFMG we are entitled to their production by

7    you independently". [January 24th letter, Third ¶, Exhibit 13 to Declaration of Traci Kirkbride, ¶ 23,

8    filed concurrently herewith]. Mr. Boroff cites no legal authority for this supposed right to "independent

9    production". [See Declaration of Traci Kirkbride, ¶ 24, filed concurrently herewith regarding the

10   relationship between CFMG and the County regarding inmate medical records].

11   Again, as is evidenced by the facts set forth above, especially by Mr. Boroff's letters of

12   December 21, 2007, December 28, 2007 and January 24, 2008, this motion was not made in good faith

13   by Plaintiffs' counsel.  Plaintiffs' counsel made no effort to resolve these matters in good faith prior to

14   bringing this motion, they have ignored the rules governing these motions, they have persisted in

15   bringing this motion even after they received the requested discovery and after being told several times

16   by counsel for Defendants that they would receive formal supplemental responses prior to the beginning

17   of the depositions on January 14th--which they did.  Plaintiffs' counsel has also made a flagrant

18   misrepresentation to this Court in the declaration of Ralph Boroff in support of the motion for economic

19   sanctions concerning the cancellation of the deposition of Dr. Miller, as discussed in section B.3., above.

20   Bottom Line: This motion was completely unnecessary and was made in bad faith.

21   **D.    DUE TO PLAINTIFFS' COUNSEL'S FAILURE TO COMPLY WITH NUMEROUS**
        **RULES, FOR HIS FAILURE TO ATTEMPT TO RESOLVE THIS MATTER IN GOOD**
22      **FAITH BEFORE FILING THIS MOTION, AND FOR HIS BRINGING THIS MOTION**
        **IN BAD FAITH, DEFENDANTS RESPECTFULLY REQUEST THAT THE COURT**
23      **IMPOSE SANCTIONS ON PLAINTIFFS' COUNSEL, *SUA SPONTE*, TO**
        **DISCOURAGE SUCH BEHAVIOR IN THE FUTURE.**

24

25   As detailed above, Plaintiffs' counsel, Mr. Boroff, failed to comply with numerous rules in both

26   the FRCivPs and the Local Rules for the Northern District which govern motions of this type.  Most

27   glaringly, Plaintiffs' counsel failed to attempt to resolve this matter in good faith prior to involving the

28   Court.  Further, this motion was brought in bad faith since Plaintiffs' counsel already had the bulk of

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions        9

1   documents responsive to the discovery requests and knew that formal, supplemental responses were

2   already on their way to him.  Also, it is the defendants' contention that Mr. Boroff's misrepresentation in

3   his declaration concerning the cancellation of Dr. Miller's deposition warrants sanctions for bad faith

4   behavior.

5        There is precedent in the Ninth Circuit  for the Court imposing sanctions, *sua sponte*, in cases

6   where the Court has found a willful abuse of the judicial process (*Oregon RSA No. 6, Inc. v. Castle Rock*

7   *Cellular of Or. Ltd. Partnership*, 76 F.3d 1003, 1007 (9th Cir. 1996) or bad faith conduct during

8   litigation (*Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 973 (9th Cir. 1992).  The U.S. Supreme Court has

9   held that courts retain the inherent power to sanction bad faith conduct during litigation, and that this

10  power exists independent of Rule 11.  *Chambers v. Nasco, Inc.* 501 U.S. 32, 47, 115 L. Ed. 2d 27, 46,

11  111 S. Ct. 2123, 2134 (1991).  Even in the Northern District, there is precedent for the Court imposing

12  sanctions, *sua sponte*, for bad faith conduct and conduct that constitutes an abuse of the judicial process.

13  *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). (The Ninth Circuit reversed and

14  remanded the sanctions award in the District Court due to the fact that the Ninth Circuit found that the

15  trial court had abused its discretion in imposing the sanctions without giving the attorney notice and an

16  opportunity to be heard).

17       In another case out of the Northern District, the Honorable Susan Illston stated the following

18  which is appropriate here:

19            Only when the parties have a discovery dispute that they cannot resolve among

20       themselves should the parties even consider asking the court to intervene in the discovery

21       process.  The court does not have enough time or resources to oversee all discovery, and

22       therefore requires that the parties present to it only their very specific disagreements.  To

23       promote the goal of addressing only very specific disagreements (rather than becoming an

24       overseer of all discovery), the court requires that the parties meet and confer to try to

25       resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P.

26       37(a)(2)(B); N.D. Cal. Local Rule 37-1.

27       *Morris v. McGrath*, (N.D. Cal. 2006) 2006 U.S. Dist. LEXIS 19062.

28       It is precisely the type of conduct which has been exhibited here in this case which needs to be

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                        Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          10

1    discouraged from occurring in the future.  Therefore, Defendants respectfully request that the court

2    utilize its inherent power to award sanctions due to Plaintiffs' counsel's bad faith conduct and abuse of

3    the judicial process in connection with the filing of this motion.

4                                        **CONCLUSION.**

5         For the reasons stated above, Defendants County of Monterey and Mike Kanalakis request that this

6    court decline to entertain this Motion to Compel and for Economic Sanctions due to the numerous

7    instances of non-compliance with both the Federal Rules of Civil Procedure and the Local Rules of this

8    Court.  If the Court is inclined to entertain this Motion, Defendants respectfully request that this court

9    deny Plaintiffs' motion for the reasons set forth above.  In addition, Defendants respectfully request that

10   the court impose sanctions due to  plaintiffs' counsel's bad faith behavior and abuse of the judicial

11   process in connection with the filing of this motion.

12

13   DATED:        February 5, 2008.              Respectfully submitted,

14                                               CHARLES J. McKEE, County Counsel

15

16                                               By /S/ Traci A. Kirkbride
                                                    TRACI A. KIRKBRIDE, Deputy County Counsel

17                                               Attorneys for Defendants COUNTY OF MONTEREY
18                                               and MICHAEL KANALAKIS

19

20   F:\WPWIN60\TXT\LIT\400 - Tort Lit\Haws\Discovery\Opp to Mtn to Compel.FinalP&A.wpd

21

22

23

24

25

26

27

28

*Jimmy D. Haws, et al.  v. County of Monterey, et al.*                    Case No. C 07-02599 JF
Memorandum of Points & Authorities in Support of County of Monterey and Michael Kanalakis' Opposition to
Plaintiffs' Motion to Compel Answers to Interrogatories/Production of Documents and Request for Sanctions          11