CHARLES J. McKEE          (SBN 152458)
County Counsel
TRACI A. KIRKBRIDE        (SBN 195690)
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, California 93901-2680
Telephone:  (831) 755-5045
Facsimile:   (831) 755-5283
Email: kirkbrideta@co.monterey.ca.us

Attorneys for Defendants COUNTY OF MONTEREY and
MICHAEL KANALAKIS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS, and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants.<br>_____ / | Case No. C 07-02599 JF<br><br>DECLARATION OF TRACI A. KIRKBRIDE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS<br><br>Date:    February 27, 2008<br>Time:    9:30 a.m.<br>Ctrm:    4, 5th Floor<br>Judge:   Magistrate Richard Seeborg |

I, Traci A. Kirkbride, have personal knowledge of the following facts and could testify to them in a court of law.  I declare as follows:

1. I am a Deputy County Counsel for the County of Monterey.

2. I am the attorney of record for defendants County of Monterey and Michael Kanalakis in this matter.

3. On October 9, 2007, I filed and served a Notice of Unavailability of Counsel for the time period of November 21 through November 30, 2007. [Attached as Exhibit 1, hereto].

4. On November 5, 2007, I filed and served another Notice of Unavailability of Counsel for

---

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                          Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions                                                                                                                    1

1   the time period of December 7 through December 14, 2007. [Attached as Exhibit 2, hereto]. The reason
2   for these notices was due to the fact that I went overseas to London on two nearly back-to-back trips in
3   late November and early to mid December.

4       5.    On November 2, 2007, my office received a Request for Production of Documents, a set of
5   Specially Prepared Interrogatories and a Request for Entry Upon Land For Inspection. [See discovery
6   requests, attached hereto as Exhibit 3].

7       6.    On November 2, 2007, I received a letter via facsimile regarding numerous deposition
8   notices which I had not even received yet. [See November 2, 2007, letter from Michael Moore, attached
9   hereto as Exhibit 4]. In the letter, Mr. Moore states that he would like me to respond to the written
10  discovery "sooner than required by statute" and that he wanted me to contact him "about scheduling the
11  depositions to occur sooner than noticed". [See November 2, 2007, letter from Michael Moore, attached
12  hereto as Exhibit 4].

13      7.    On November 5, 2007, my office received six (6) Notices of Taking Deposition from
14  Plaintiffs' counsel, Mr. Moore. Five of the deposition notices were designated for the County's Person
15  Most Knowledgeable (PMK) as to each notice. One of the deposition notices specifically named Chief
16  Liebersbach as the deponent. Each one of the PMK deposition notices included a list of, on average, 15-
17  20 topics of deposition. Each one of the deposition notices also included a list, on average, of 15
18  categories of documents to be produced at each deposition. The dates stated in all these deposition
19  notices had been set unilaterally by Mr. Moore's office without any consultation with me prior to his
20  sending the notices out regarding either my schedule or my clients' schedules. [See Deposition notices
21  attached hereto as Exhibit 5 ].

22      8.    It was my intent to have one of the Commanders from the Sheriff's Office assist me in
23  gathering the documents and information that were responsive to the discovery requests, especially
24  during the time that I would be out of the country. However, in the latter part of November, the
25  commander learned that he had to go into the hospital for unexpected surgery. The commander was out
26  for nearly an entire month and he was unable to assist me in this matter.

27      9.    Due to the proximity of the Thanksgiving, Christmas and New Years' holidays, a
28  significant number of County personnel were out starting around mid-November on planned vacations.

*Jimmy D. Haws, et al. v. County of Monterey, et al.*    Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions    2

1  This factor made it impossible for me to talk to or get information in this matter from several key
2  personnel.

3        10.    Both Plaintiffs' counsel were aware that I was going overseas due to the fact that on
4  November 19, 2007, all counsel participated in a telephonic conference with the Court's assigned
5  mediator, Ms. Gail Killefer. At one point during that telephonic conference when all parties were
6  attempting to pick a suitable date for the mediation, one of the plaintiff's counsel commented that he was
7  going overseas soon and one other person on the conference call remarked that they were going overseas
8  as well. I made a comment to the effect that "it sounds like several of us are going to be overseas soon".

9        11.    Despite the volume of discovery propounded by Plaintiffs and the time constraints given
10 my previously-announced vacation plans and given the holiday season, I still worked with plaintiffs'
11 counsel, Mr. Moore, before, in-between and after my trips overseas, in scheduling the five depositions of
12 the County personnel for January 14 through 17, 2008, and January 23, 2008, and in setting up the day
13 and time for inspection of the Monterey County Jail for January 25, 2008, which, at Mr. Moore's
14 request, was scheduled for a time after the depositions. The setting of the PMK depositions required a
15 substantial amount of my time in meeting with Sheriff's Office jail staff to determine who would be the
16 most appropriate person at the County to testify as to the numerous categories of testimony requested in
17 each notice. The jail facility inspection required several meetings with jail staff to determine how the
18 logistics of the inspection would be accomplished and how the current inmates in the jail could be
19 moved out of the subject area of the jail for security purposes during the time that Plaintiffs' counsel was
20 viewing and photographing the jail areas. The depositions began on January 14, 2008, at the Office of
21 County Counsel in Salinas, CA. The jail facility inspection was conducted on January 25, 2008.

22       12.    Despite Plaintiffs' counsels' knowledge about my scheduled trips, Plaintiffs' counsel, Mr.
23 Moore, sent correspondence to my office, addressed to me, via facsimile, on December 11, 2007, during
24 one of the stated time periods that I had listed in my Notice of Unavailability of Counsel. [See
25 December 10th letter from Michael Moore, attached as Exhibit 6, hereto].

26       13.    On December 21, 2007, I received a letter from Mr. Boroff concerning the discovery
27 requests. [See December 21, 2007, letter from Ralph Boroff, attached as Exhibit 7, hereto]. Mr. Boroff
28 concludes the letter by stating: "So let me be firm here: You have until close of business on Tuesday,

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                              Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions                                                                              3

December 26, to confirm in writing that you will respond to the discovery (without objection) by close of business December 28. If you fail to do so I will file a motion for an order compelling discovery responses and appropriate sanctions".

14. I had only one phone conversation with Mr. Boroff regarding the discovery responses which are the subject of this motion. This phone conversation occurred on either December 26 or 27, 2007. In this phone conversation, Mr. Boroff demanded the responses "in the next couple of days", stated that he "hated to be the bad guy here, but that he would" and when I repeated my assurances that he would have the responses on or before January 11, 2008, prior to the start of the depositions, his response to me was, "That's not good enough". During this conversation, there was no attempt on Mr. Boroff's part to resolve this matter in good faith.

15. On the morning of December 27, 2007, I telephoned Mr. Boroff's office and left a voice message for him giving him the name of California Forensic Medical Group (CFMG), the name of the contact person at CFMG, Elaine Hustead, who is a vice president at CFMG, and her phone number. In the message to Mr. Boroff, I stated that CFMG was the custodian of records of the medical records of the jail inmates. Later that afternoon on December 27th, Mr. Boroff telephoned me and I told Mr. Boroff again about the information concerning CFMG. Mr. Boroff's response was: "So that's the PMK?" <u>I also stated to Mr. Boroff at that time that I was sending out documents to him via overnight mail the next day.</u>

16. On December 28, 2007, I saw and spoke to Ms. Elaine Hustead, the vice-president and co-owner of CFMG, at a retirement luncheon and Ms. Hustead told me that Mr. Boroff had already contacted her (Ms. Hustead) about the medical records and that she told Mr. Boroff to send her a list as to what precisely he wanted in the way of records.

17. Also on December 28, 2007, I sent 356 Bates-stamped documents that were responsive to Plaintiffs' Request for Production of Documents to Plaintiffs' counsel, Ralph Boroff, via FEDEx Overnight Priority mail. In the cover letter, I again told Mr. Boroff that I would be sending formal supplemental responses to him prior to January 14th. [See Letter dated December 28, 2007 to Ralph Boroff, along with the copy of the FEDEx Airbill, attached hereto as Exhibit 8 ].

18. On January 2, 2008, upon my return to my office after the New Year's holiday, I saw a

*Jimmy D. Haws, et al. v. County of Monterey, et al.*   Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions   4

1 letter dated December 28, 2007, from Mr. Boroff. This letter concluded with Mr. Boroff stating that I would agree to provide the discovery responses by January 7, 2008, or "we proceed to informal chambers conference with Judge Fogel to informally resolve this dispute pursuant to ND Ca Rule 37-1(b) as soon as possible". [See December 28, 2007 letter from Ralph Boroff, attached hereto as Exhibit 9].

19. On January 4, 2008, while I was at the jail meeting with staff to coordinate the upcoming inspection of the jail pursuant to Mr. Moore's Request for Entry Upon Land For Inspection that we had scheduled for January 25, 2008, one of the staff for California Forensic Medical Group (CFMG), Dave Harness, handed me a copy of a subpoena for records addressed to CFMG from Plaintiffs' counsel, Mr. Boroff. [See copy of subpoena, attached hereto as Exhibit 10

20. On January 8, 2008, my office received a letter from attorney Virgil Pryor, via facsimile and U.S. Mail, stating that he would represent Dr. Ray Miller at his deposition, but that he wouldn't be able to conduct the deposition on January 18, 2008, due to an unavoidable scheduling conflict. [See Letter dated January 8, 2008, from Virgil Pryor showing facsimile transmittal to Ralph Boroff, attached hereto Exhibit 11].

21. On January 10, 2008, I forwarded the County's supplemental responses to Plaintiffs' Specially Prepared Interrogatories and Plaintiff's Request for Production of Documents. The supplemental responses were sent to Mr. Boroff and Mr. Moore, separately, via FedEx Standard Overnight delivery. [See copies of the FEDEx Airbills and Proofs of Service, attached as Exhibit 12 hereto] This was in conformity with what I had stated to Plaintiffs' counsel several times previously starting with the original responses by defendant County to both sets of discovery on December 21, 2007. The only additional document that was included with the supplemental responses that had not been included with the 356 documents that had been sent to counsel on December 28th was a 9-page contract, with accompanying exhibits, (for a total of 25 pages), between the County of Monterey and California Forensic Medical Group (CFMG).

22. On January 15, 2008, immediately before the start of the second day of depositions of County personnel, I personally hand-delivered to all counsel in attendance, including Mr. Moore and Mr. Boroff, another 252 pages of documents (by Mr. Boroff's count) that were responsive to the lists of

*Jimmy D. Haws, et al. v. County of Monterey, et al.*                                                                     Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions                                                                                                                                   5

1  documents to be produced that were part of the deposition notice for Chief Liebersbach and several of
2  the deposition notices for the County's PMK, in addition to several hundred pages of copies of
3  newspaper articles that both Mr. Moore and Mr. Boroff had reviewed and marked for copying the
4  previous day as part of Chief Liebersbach's deposition.

5        23.  On January 24, 2008, Mr. Boroff sent a letter to me, via facsimile and U.S. Mail, in which
6  he stated "we will still have the specific issues of Mr. Haws' and Mr. Spencer's medical records". In the
7  letter, Mr. Boroff states that if I provide the medical records of Mr. Haws and Mr. Spencer, he will
8  withdraw his motion. [See letter dated January 24, 2008 from Ralph Boroff, attached hereto as Exhibit
9  13]. Also in the January 24th letter, Mr. Boroff states, " Although we have subpoenaed and requested
10 Mr. Haws' medical records from CFMG we are entitled to their production by you independently". [See
11 January 24th letter, ¶ 3, attached hereto as Exhibit 13].

12       24.  Although the contract between the County of Monterey and California Forensic Medical
13 Group (CFMG) provides that the medical records prepared by CFMG shall be the property of the
14 County, the contract also states in Section 7 that the medical records are maintained by CFMG. [See
15 contract between County of Monterey and CFMG, attached hereto as Exhibit 14]. I can represent that
16 County employees do not have access to these records, except in certain emergency situations, due to
17 concerns of doctor-patient privilege and patient rights under the Health Insurance Portability and
18 Accountability Act ("HIPAA").

19       25.  On January 31, 2008, my office received a letter dated January 28, 2008, from attorney W.
20 David Walker addressed to Ralph Boroff, wherein he enclosed records from his client, California
21 Forensic Medical Group, pursuant to the subpoena that was issued by Mr. Boroff on January 2, 2008.
22 [See January 28, 2008, letter from W. David Walker, attached hereto as Exhibit 15].

23       26.  One of the notices that my office received from Mr. Moore's office, Plaintiffs' First Re-
24 Notice of Taking Deposition of County of Monterey, for the date of January 17, 2008, on the Proof of
25 Service, included a signature line for the declaration under penalty of perjury for service by mail of the
26 notice. The signature line has the name "Mark Ross" typed underneath it; however, the signature on the
27 line is clearly not that of "Mark Ross", but is instead the signature of a "Carolyn Bennett". [See
28 Plaintiffs' First Re-Notice of Taking Deposition of County of Monterey, for the date of January 17,

*Jimmy D. Haws, et al. v. County of Monterey, et al.*　　　　　　　　　　　　　　Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　6

2008, attached hereto as Exhibit 16].

27. Each of the Proofs of Service on the Discovery Propounded and Sent Out by Mr. Moore's office reference California state statutory provisions in the Declaration of Service by Mail. This is improper and inapplicable since this matter is in the United States District Court. [See Exhibits 3, 5 and 16, attached hereto].

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this Fifth day of February, 2008, in Salinas, California.

       /S/ Traci A. Kirkbride
       TRACI A. KIRKBRIDE

F:\WPWIN60\TXT\LIT\400 - Tort Lit\Haws\Discovery\Opp to Mtn to Compel.FinalDec Kirkbride.wpd

*Jimmy D. Haws, et al. v. County of Monterey, et al.*      Case No. C 07-02599 JF
Declaration of Traci A. Kirkbride in Support of Defendants' Opposition to Plaintiffs' Motion to
Compel and for Sanctions     7