# Exhibit 7

ⒸCOPY

LAW OFFICES OF

# RALPH W. BOROFF, P.C.

55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## FAX TRANSMITTAL SHEET

DATE: December 21, 2007

NUMBER OF PAGES TRANSMITTED (EXCLUDING COVER): 2

TO: Traci A. Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
*Facsimile: (831) 755-5283*

FROM: Ralph W. Boroff

RE: <u>Jimmy D. Haws, et al. vs. County of Monterey, et al.</u>
*U.S. District Court, Northern District of California
Case No. C07 02599*

COMMENT: cc: Michael Moore, Esq.
*Facsimile: (415) 956-6580*

David Sheuerman, Esq.
*Facsimile: (408) 295-9900*

IF YOU HAVE ANY QUESTIONS REGARDING THIS TRANSMISSION OR DO NOT RECEIVE THE
TOTAL NUMBER OF PAGES, PLEASE CALL (831) 458-0502. THANK YOU.

<u>CONFIDENTIAL ADVISORY</u>: Unless otherwise indicated or obvious from the nature of the transmittal, the
information contained in this facsimile message may be attorney privileged and confidential information intended for
the use of the individual or entity named above. Therefore, if the reader of this message is not the intended recipient,
or the employee or agent responsible to deliver it to the intended recipient, or the employee or agent responsible to
deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error or are not sure whether it is
privileged, please immediately notify us by collect telephonic, and return the original message to us at the above
address via the U.S. Postal Service at our expense. Thank you.

EXHIBIT ___7___
PAGE _1_ OF _3_ PAGES

LAW OFFICES OF

# RALPH W. BOROFF, P.C.

55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## SENT BY FACSIMILE AND U.S. MAIL

December 21, 2007

Traci Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, CA 93901

re:     Jimmy D. Haws, et al. vs. County of Monterey, et al.
        U.S. District Court, Northern District of California

Dear Ms. Kirkbride:

On October 31, 2007, we served defendant County with Special Interrogatories, Set One, and Request for Production of Documents. Set One. During that same period of time we noticed six depositions of Monterey County agents with document production requests for those depositions. In a spirit of cooperation Mr. Moore agreed to reschedule all these depositions into the January 14 to 23 period, at your request.

Mr. Moore documented your negotiations in his correspondence. On November 2 he wrote imploring your cooperation "as much as possible to expedite the exchange of information so that everyone will be fully prepared for the mediation in this matter which is likely to be scheduled in January."

On November 20, 2007, Mr. Moore wrote you extending your time to respond to the interrogatories and document production to today's date, December 21. In that letter Mr. Moore closed with "It is my hope to get the information requested as soon as possible and as completely as possible to allow for Mr. Boroff and I to appropriately develop and evaluate this case.

On December 10, 2007, Mr. Moore wrote you reminding you of your commitment to provide the discovery to us no later than today. In my discussions with him Mike has repeatedly represented that in your conversations you reassured him that someone was compiling the data during this two month's since the discovery was propounded.

You can well imagine our disappointment today when Mr. Moore found out the discovery had not been provided and you now don't intend to do so until a date near the rescheduled depositions, whenever they may occur. I telephone you this afternoon but was unable to speak with you.

EXHIBIT _____ 7 _____

PAGE _2_ OF _3_ PAGES

Traci Kirkbride
re: Haws v. County of Monterey, et al.
December 21, 2008
Page 2


So let me be firm here: You have until close of business on Tuesday, December 26, to confirm in writing that you will respond to the discovery (without objection) by close of business December 28. If you fail to do so I will file a motion for an order compelling discovery responses and appropriate sanctions.

Sincerely,

RALPH W. BOROFF

RWB:jv

cc:   Michael Moore, Esq.
*Facsimile: (415) 956-6580*

David Sheuerman, Esq.
*Facsimile: (408) 295-9900*


EXHIBIT_____7_____
PAGE__3__OF_3__PAGES

# Exhibit 8

# MONTEREY COUNTY



**OFFICE OF THE COUNTY COUNSEL**
168 WEST ALISAL STREET, 3ʳᵈ FLOOR, SALINAS, CALIFORNIA 93901-2680
(831) 755-5045          FAX: (831) 755-5283

**CHARLES J. McKEE**
COUNTY COUNSEL

December 28, 2007

**VIA OVERNIGHT MAIL**

Ralph Boroff, Esq.
LAW OFFICES OF RALPH W. BOROFF
55 River Street, Suite 100
Santa Cruz, CA 95060
FAX: 831-426-0159

Re:   *Jimmy Haws v. County of Monterey, et al.*

Dear Mr. Boroff:

As I indicated in my telephone conversation with you on December 27th, I am enclosing documents that are responsive to Plaintiff's Request for Production of Documents, Set No. One. As I told you over the phone, in order to expedite my getting these documents to you, I am not including them in a formal response at this time but instead, am enclosing them with this letter and indicating by a divider page which Request the documents are responsive to. Please note that some of these documents may be responsive to more than one of your Requests. For example, the majority of documents would be responsive to your Request No. 30 as well as another Request. I have tried to organize the documents under the Request number to which they are "most" responsive. I will forward these documents to you again prior to January 14th as part of a formal supplemental response to your Request for Production.

If you have any questions, please call.

Very truly yours,

CHARLES J. McKEE
County Counsel

*Traci A. Kirkbride*
Traci A. Kirkbride
Deputy County Counsel

Encls.

EXHIBIT _____ 8 _____
PAGE _1_ OF _2_ PAGES

F:\WPWIN60\TXT\LIT\400 - Tort Lit\Haws\ConBoroff 122807 Ltr.wpd

*Haus - Production To Ralph Bo[...]*

**FedEx** US Airbill
Express

FedEx Tracking Number **8604 9278 1907**

Sender's Copy

**1 From** Please print and press hard.

Date **12/28/2007**

Sender's FedEx Account Number **1235-2296-6**

Sender's Name

Phone **(831) 755-5045**

Company **COUNTY OF MONTEREY/CTY CNSL**

Address **168 W ALISAL ST FL 3**

Dept./Floor/Suite/Room

City **SALINAS**     State **CA**     ZIP **93901**

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.     OPTIONAL

**3 To**

Recipient's Name **RALPH BOROFF, ESQ**     Phone (     )

Company **LAW OFFICES OF RALPH W. BOROFF**

Recipient's Address **55 RIVER STREET, SUITE 100**

Dept./Floor/Suite/Room

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City **SANTA CRUZ**     State **CA**     ZIP **95060**

**0358180854**

**4a Express Package Service**     Packages up to 150 lbs.
☑ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**     Packages over 150 lbs.
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**
☑ FedEx Envelope
☐ FedEx Pak
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling**     Include FedEx address in Section 3.
☑ SATURDAY Delivery NOT Available for
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?
One box must be checked.
☐ No     ☐ Yes As per attached Shipper's Declaration     ☐ Yes Shipper's Declaration not required.     ☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment**     Bill to:
☑ Sender Acct. No. in Section 1 will be billed.     ☐ Recipient     ☐ Third Party     ☐ Credit Card     ☐ Cash/Check

Total Packages     Total Weight     Total Declared Value $        .00

FedEx Use Only

**8 NEW Residential Delivery Signature Options**     If you require a signature, check Direct or Indirect.
☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

**519**

Rev. Date 11/05•Part #152279•©1994–2005 FedEx•PRINTED IN U.S.A.•SRF

EXHIBIT ___8___
PAGE __2__ OF __2__ PAGES

# Exhibit 9

LAW OFFICES OF

# RALPH W. BOROFF, P.C.

55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## FAX TRANSMITTAL SHEET

DATE:              December 28, 2007

NUMBER OF PAGES TRANSMITTED (EXCLUDING COVER):           3

TO:                Traci A. Kirkbride, Deputy County Counsel
                   Office of the County Counsel
                   County of Monterey
                   *Facsimile: (831) 755-5283*

FROM:              Ralph W. Boroff

RE:                <u>Jimmy D. Haws, et al. vs. County of Monterey, et al.</u>
                   *U.S. District Court, Northern District of California*
                   *Case No. C07 02599*

COMMENT:     cc:   Michael Moore, Esq.
                   *Facsimile: (415) 956-6580*

                   David Sheuerman, Esq.
                   *Facsimile: (408) 295-9900*

IF YOU HAVE ANY QUESTIONS REGARDING THIS TRANSMISSION OR DO NOT RECEIVE THE
TOTAL NUMBER OF PAGES, PLEASE CALL (831) 458-0502. THANK YOU.

<u>CONFIDENTIAL ADVISORY</u>: Unless otherwise indicated or obvious from the nature of the transmittal, the
information contained in this facsimile message may be attorney privileged and confidential information intended for
the use of the individual or entity named above. Therefore, if the reader of this message is not the intended recipient,
or the employee or agent responsible to deliver it to the intended recipient, or the employee or agent responsible to
deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error or are not sure whether it is
privileged, please immediately notify us by collect telephonic, and return the original message to us at the above
address via the U.S. Postal Service at our expense. Thank you.

EXHIBIT _____9_____

PAGE _1_ OF _4_ PAGES

LAW OFFICES OF
# RALPH W. BOROFF, P.C.
55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## *SENT BY FACSIMILE AND U.S. MAIL*

December 28, 2007

Traci Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, CA 93901

       re:    <u>Jimmy D. Haws, et al. vs. County of Monterey, et al.</u>
                *U.S. District Court. Northern District of California*
                *Case No. C07-2599-JF*

                Discovery Meet and Confer
                FRCP 37 (a)(2)(B)

Dear Ms. Kirkbride:

     I reviewed your letter of December 26 with some puzzlement. We submitted 40 document production requests and 18 interrogatories to you two months ago. You repeatedly reassured Mike Moore that your minions were working on these projects while you were away and that we would have substantive responses in hand by December 21. When I reviewed your promised product upon its arrival December 26 I found not a single document produced and only one interrogatory answered. Of all the information sought you are now able to tell us only that the jail was rated for 813 inmates. Why have you not been able to produce more information given over two months to do so with an impending mediation (February 19, 2008) and trial? Because it is Christmas. But it has not been Christmas for two months Ms. Kirkbride.

     We needed requested information so we could prepare for the depositions in January. I am leaving on holiday out of the country from January 24 until February 18. This information was made known to you when we were scheduling the mediation with Gail Killifer back in November; yet yesterday you called my office to suggest we reschedule the person most knowledgeable deposition I had noticed for December 23 to January 25. This morning it became January 11 or 22. And this afternoon it becomes "Gee. We don't really have a PMK. You need to chase the information down with California Forensic Medical Group."

     My concern: We are making very little headway on discovery because of your unwillingness to roll up your sleeves. There will come a day when we stand before Judge Fogel

EXHIBIT ___9___
PAGE ___2___ OF ___4___ PAGES

Traci Kirkbride
re: Jimmy Haws, et al. v. County of Monterey, et al.
December 28, 2008
Page 2

and try to explain why the case is this old with nothing happening on it. He will likely remind us that we are all experienced counsel and know our remedies when someone does not participate in discovery in a meaningful fashion. I want to avoid that. I also want to avoid numerous inefficient deposition reschedulings. Finally, I want to avoid having to either try an ill prepared case or continuing a trial because we did not pursue our discovery plan with diligence.

All subsequent discovery is premised upon that which was submitted to you. Mr. Sheuerman says his client does not belong in this litigation. He may be right. In order to determine that I need to take Dr. Miller's deposition in Oregon. But it is futile to do so when we do not have information from you which is necessary to prepare for Dr. Miller's deposition. I had planned to take that deposition on January 18, 2008, and now cannot. So Sheuerman and his client stay in this litigation for now.

1.      REQUEST FOR DOCUMENT PRODUCTION.   It is our position that you have waived any claims of privilege or other objection to requested discovery. "Failure to object to discovery requests within the time required constitutes a waiver of objection..." *Richmark Corp v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468 at 1473.

In numerous instances you have alleged to the possibility of raising a privilege objection, without specifying the nature of the privilege. First, your responses are untimely. Second, your failure to at least identify the privilege upon which you may rely accompanied by a privilege log makes the claim ineffective as well as untimely. FRCP 26 (b)(5). *Burlington Northern and Santa Fe Ry Corp. v. United States District Court for the District of Montana* (9th Cir. 2005) 408 F3d 1142 at 1148. Cf. *U.S. v. Construction Products Research Inc.* (2d Cir. 1996) 73 F3d 464 at 473.

2.      INTERROGATORIES

a.      VERIFICATION.  Of the 18 interrogatories submitted, you answered one. That answer was not verified as required under FRCP 33 (b)(1)(2).

b.      PRIVILEGE.  In each instances you allude to the possible claims of privilege. Once again, your responses are untimely and, therefore, you have waived privilege claims. Again, you have failed to even identify the privilege upon which you might rely in the future when you provide substantive responses. This constitutes a separate defect in your response and further reason for finding waiver.

c.      PROOF OF SERVICE.  Your interrogatory responses are accompanied by an unsigned proof of service indicating that one Cecilia Zazueta mailed them on December 21, 2007. As such the proof of service is defective.

EXHIBIT     9
PAGE  3  OF  4  PAGES

Traci Kirkbride
re: Jimmy Haws, et al. v. County of Monterey, et al.
December 28, 2008
Page 3


    *SOLUTION:*  My objective is to acquire meaningful discovery responses and move this process to something more efficient. To that end, I suggest you either agree to provide the documents and interrogatory responses with verification and without objection or claim of privilege within a period of time allowing Mr. Moore and me an opportunity for their review before our first deposition (currently scheduled for January 14, 2008) e.g. January 7, 2008, or we proceed to informal chambers conference with Judge Fogel to informally resolve this dispute pursuant to ND CA Rule 37-1(b) as soon as possible. I require your written response before close of business December 31, 2007. If I have not received your unequivocating agreement to one of these two choices by that time I will conclude my meet and confer obligation has been met and will file a motion to compel discovery and for appropriate economic sanctions immediately thereafter.

Sincerely,

RALPH W. BOROFF


RWB:jv

cc:  Michael Moore, Esq.
     *Facsimile: (415) 956-6580*

    David Sheuerman, Esq.
     *Facsimile: (408) 295-9900*


EXHIBIT _____9_____
PAGE _4_ OF _4_ PAGES

# Exhibit 10

01/03/2008  10:25  8314260159          BOROFF SMITH ET AL          PAGE  02/05

‎AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

JAN 0 3 2008

CFMG, INC.

*hand delivered*

JIMMY D. HAWS, ET AL.

V.

COUNTY OF MONTEREY, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   C 07-02599 JF

TO:   CALIFORNIA FORENSIC MEDICAL GROUP
300 FOAM STREET, SUITE B
MONTEREY, CA  93940

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT FOR DETAILS

| PLACE   Law Offices of Ralph W. Boroff, P.C.<br>55 River Street, Suite 100, Santa Cruz, CA 95060 | DATE AND TIME  01-17-08<br>10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiffs | DATE   01-02-08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Ralph W. Boroff (SBN: 59164)
Law Offices of Ralph W. Boroff, P.C.
55 River Street, Suite 100, Santa Cruz, CA 95060, (831) 458-0502

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT    10

PAGE   1   OF   4   PAGES

Jimmy D. Haws, et al. vs. County of Monterey, et al.
*U.S. District Court, Northern District of California, Case No. C07-2599-JF*

## ATTACHMENT

### DEFINITIONS:

Words in **BOLDFACE CAPITALS** are defined as follows:

(1) **INCIDENT** means the attack by Roger Spencer on Jimmy D. Haws which occurred on December 7, 2006 in the stairway area of D-Pod of the Monterey County Jail in Salinas, California.

(2) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations of them.

### DOCUMENTS TO BE PRODUCED:

1. Any and all **DOCUMENTS** which evidence the policies and procedures in place at the Monterey County Jail on December 7, 2006 for providing emergency medical care to inmates who sustain serious personal injuries.

2. Any and all **DOCUMENTS** which evidence the policies and procedures in place at the Monterey County Jail on December 7, 2006 for responding to inmates who have serious medical emergencies.

3. Any and all **DOCUMENTS** which evidence the policies and procedures in place at the Monterey County Jail on December 7, 2006 for providing emergency medical care to inmates who sustain serious head injuries.

4. Any and all **DOCUMENTS** which evidence any and all agreements between the County of Monterey and any HEALTH CARE PROVIDER including California Forensic Medical Group to provide any emergency medical care, and/or medical services to inmates who have serious medical emergencies.

5. All **DOCUMENTS** which evidence any and all emergency medical care provided to Jimmy Haws at the scene of the **INCIDENT**, including but not limited to (a) the identities and medical qualifications of all persons who administered said emergency medical care; (b) the type of care administered to Jimmy Haws at the scene; (c) the time (i.e. how long after the incident) said care and treatment was provided to Jimmy Haws; (d) the identities of all person(s) present when said care and treatment was provided to Jimmy Haws.

EXHIBIT _____ 10
PAGE _2_ OF _4_ PAGES

01/03/2008  10:25    8314260159                    BOROFF SMITH ET AL                    PAGE  04/05

Jimmy D. Haws, et al. vs. County of Monterey, et al.
*U.S. District Court, Northern District of California, Case No. C07-2599-JF*

## ATTACHMENT - CONTINUED

6.    All **DOCUMENTS** which evidence the decision to transport Jimmy Haws to any medical
facility outside the Monterey County Jail, including but not limited to (a) the basis for
selecting the medical facility Jimmy Haws was transported to; (b) the identities of the
persons who selected the medical facility Jimmy Haws was transported to; (c) the
identities of the persons who transported Jimmy Haws to said facility; (d) the time Jimmy
Haws was transported to said facility; (e) Jimmy Haw's condition upon transport to said
facility, and upon arrival at said facility.

EXHIBIT _____ 10 _____
PAGE 3 OF 4 PAGES

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _____ 10

PAGE __4__ OF __4__ PAGES

# Exhibit 11

**OIUM REYEN & PRYOR**
ATTORNEYS AT LAW

220 MONTGOMERY STREET, SUITE 910
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 392-8300 · FAX (415) 421-1254

January 8, 2008

**Via Facsimile and U.S. Mail**

David Sheuerman, Esq.                    Ralph W. Boroff, Esq.
Sheuerman, Martini & Tabari, P.C.        55 River Street, Suite 100
1033 Willow Street                       Santa Cruz, CA  95060
San Jose, CA  95125

Traci Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
168 Alisal Street
Salinas, CA  93901

      Re:    **In Re: Miller**
               **(Haws v. Natividad, et al)**

Dear Counsel:

    I will represent Dr. Ray Miller at his deposition in this matter.  I regret to report that I am not able to conduct Dr. Miller's deposition on January 18, 2008, due to an unavoidable scheduling conflict.  I apologize for any inconvenience to you, and I will cooperate with you to reschedule this matter.

              Sincerely,

              OIUM REYEN & PRYOR

              Virgil F. Pryor

EXHIBIT ___11___
PAGE __1__ OF _2_ PAGES

# OIUM REYEN & PRYOR

220 Montgomery Street, Suite 910
San Francisco, California 94104
Telephone: (415) 392-8300
Facsimile: (415) 421-1254

## TELECOPIER TRANSMITTAL SHEET

Date: **January 8, 2008**

**To:**

David Sheuerman, Esq.
Sheuerman Martini & Tabari
**Fax: (408) 295-9900**

Ralph W. Boroff, Esq.
**Fax: (831) 426-0159**

Traci Kirkbride
Deputy County Counsel
County of Monterey
**Fax: (831) 755-5283**

**From:    Virgil F. Pryor, Esq.**

**Re:    In Re: Ray Miller, M.D. and Dragan Dimitrov, M.D.,
(Jimmy Haws vs. Natividad Medical Center, et al.)**

**No. of Pages:    2**
(Including this page)

**Comments:**

**CONFIDENTIALITY NOTE:**
*The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity name above. If the receiver of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

EXHIBIT _____11____
PAGE _2_ OF _2_ PAGES

# Exhibit 12

**FedEx** Express **US Airbill**

FedEx Tracking Number ⌐04 9278 0874

Sender's Copy

**1 From** *Please print and press hard.*

Date 01/10/08    Sender's FedEx Account Number    1235-2296-6

Sender's Name    Traci A. Kirkbride    Phone (831) 755-5045

Company    COUNTY OF MONTEREY/CTY CNSL

Address    168 W ALISAL ST FL 3

City    SALINAS    State CA    ZIP 93901

**2 Your Internal Billing Reference**    OPTIONAL
*First 24 characters will appear on invoice.*

**3 To**

Recipient's Name    Ralph B. Boroff, Esq.    Phone (831) 458-0502

Company

Recipient's Address    55 River Street, Suite 100
*We cannot deliver to P.O. boxes or P.O. ZIP codes.*

Address
*To request a package be held at a specific FedEx location, print FedEx address here.*

City    Santa Cruz    State CA    ZIP 95060

0358180854

**4a Express Package Service**    *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
☑ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service**    *Packages over 150 lbs.*

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☑ FedEx Box    ☐ FedEx Tube    ☐ Other

**6 Special Handling**    Include FedEx address in Section 3.

☐ SATURDAY Delivery    ☐ HOLD Weekday    ☐ HOLD Saturday

Does this shipment contain dangerous goods?    One box must be checked.

☑ No    ☐ Yes    ☐ Yes    ☐ Dry Ice

☐ Cargo Aircraft Only

**7 Payment** *Bill to:*

☑ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

Total Packages    Total Weight    Total Declared Value

$    .00

**8 NEW Residential Delivery Signature Options** *If you require a signature, check Direct or Indirect.*

☐ No Signature Required    ☐ Direct Signature    ☐ Indirect Signature    519

Rev. Date 1/05•Part #158279•©1994–2005 FedEx•PRINTED IN U.S.A.•SRF

EXHIBIT 12
PAGE 1 OF 6 PAGES

**FedEx®** US Airbill

Express

FedEx Tracking Number: L04 9278 0863

Sender's Copy

**1** From *Please print and press hard.*

Date 01/10/08

Sender's FedEx Account Number 1235-2296-6

Sender's Name Traci A. Kirkbride

Phone (831) 755-5045

Company COUNTY OF MONTEREY/CTY CNSL

Address 168 W ALISAL ST FL 3

City SALINAS    State CA    ZIP 93901

**2** Your Internal Billing Reference

OPTIONAL

**3** To
Recipient's Name Michael B. Moore, Esq.

Phone (415) 956-6500

Company ~~595 Market Street, Suite 1320~~

Recipient's Address 595 Market Street, Suite 1320

Address

City San Francisco    State CA    ZIP 94105

0358180854

**4a** Express Package Service    *Packages up to 150 lbs.*

- [ ] FedEx Priority Overnight
- [✓] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b** Express Freight Service    *Packages over 150 lbs.*

- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5** Packaging

- [ ] FedEx Envelope
- [ ] FedEx Pak
- [✓] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6** Special Handling    *Include FedEx address in Section 3.*

- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?

- [✓] No
- [ ] Yes
- [ ] Yes
- [ ] Dry Ice

- [ ] Cargo Aircraft Only

**7** Payment  *Bill to:*

- [✓] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages    Total Weight    Total Declared Value

$              .00

FedEx Use Only

**8** NEW Residential Delivery Signature Options  *If you require a signature, check Direct or Indirect.*

- [ ] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

519

Rev. Date 1/05•Part #158279•©1994–2005 FedEx•PRINTED IN U.S.A.•SRF

EXHIBIT 12
PAGE 2 OF 6 PAGES

## **PROOF OF SERVICE**

I am employed in the County of Monterey, State of California. I am over the age of 18 years and not a party to the within action. My business address is 168 West Alisal Street, 3rd Floor, Salinas, California.

On January 10, 2008, I served a true copy of the following document(s):

## **DEFENDANT COUNTY OF MONTEREY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

on the interested parties to said action by the following means:

[**✗**]    **(BY MAIL)** By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, in the United States Mail at the Office of the County Counsel, 168 West Alisal Street, 3rd Floor, Salinas, California, addressed as shown below. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, correspondence would be deposited with the United States Postal Service the same day it was placed for collection and processing.

[ ]    **(BY HAND DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

[ ]    **(BY EXPRESS MAIL)** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the County Counsel, to be delivered by **Express Mail**, to the address(es) shown below.

[**✗**]    **(BY OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the County Counsel, to be delivered by **Federal Express Mail**, to the address(es) shown below.

[ ]    **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof by facsimile machine, whose facsimile number is (831) 784-5978, to the interested parties to said action at the facsimile number(s) shown below. The facsimile transmission was reported as complete and without error. A copy of the transmission report was properly issued by the transmitting facsimile machine and is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 10, 2008, at Salinas, California.

_Cecilia Zazueta_

EXHIBIT ___12___

PAGE _3_ OF _6_ PAGES

## NAMES AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:

Michael B. Moore, Esq.
595 Market Street, Suite 1320
San Francisco, California 94105
FedEx Tracking No.:  8604 9278 0863
        *Attorney for Plaintiffs Jimmy D. Haws &*
*Carrie A. Haws*

Ralph B. Boroff, Esq.
55 River Street, Suite 100
Santa Cruz, California 95060
FedEx Tracking No.:  8604 9278 0874
        *Co-Counsel for Plaintiffs Jimmy D. Haws &*
*Carrie A. Haws*

David Sheuerman, Esq.
Sheuerman, Martini & Tabari, P.C.
1033 Willow Street
San Jose, California 95125
Via U.S. Mail
        *Attorneys for Defendant Natividad Medical*
*Center*

EXHIBIT ___12___
PAGE _4_ OF _6_ PAGES

## PROOF OF SERVICE

I am employed in the County of Monterey, State of California. I am over the age of 18 years and not a party to the within action. My business address is 168 West Alisal Street, 3rd Floor, Salinas, California.

On January 10, 2008, I served a true copy of the following document(s):

## DEFENDANT COUNTY OF MONTEREY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SPECIALLY PREPARED INTERROGATORIES, SET ONE

on the interested parties to said action by the following means:

[✘]  **(BY MAIL)**  By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, in the United States Mail at the Office of the County Counsel, 168 West Alisal Street, 3rd Floor, Salinas, California, addressed as shown below. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the United States Postal Service, and in the ordinary course of business, correspondence would be deposited with the United States Postal Service the same day it was placed for collection and processing.

[ ]  **(BY HAND DELIVERY)**  By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

[ ]  **(BY EXPRESS MAIL)**  By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the County Counsel, to be delivered by **Express Mail**, to the address(es) shown below.

[✘]  **(BY OVERNIGHT DELIVERY)**  By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to the Office of the County Counsel, to be delivered by **Federal Express Mail**, to the address(es) shown below.

[ ]  **(BY FACSIMILE TRANSMISSION)**  By transmitting a true copy thereof by facsimile machine, whose facsimile number is (831) 784-5978, to the interested parties to said action at the facsimile number(s) shown below. The facsimile transmission was reported as complete and without error. A copy of the transmission report was properly issued by the transmitting facsimile machine and is attached hereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 10, 2008, at Salinas, California.

_Cecilia Zazueta_
Cecilia Zazueta

EXHIBIT ___12___
PAGE __5__ OF __6__ PAGES

---

Jimmy D. Haws, et al. v. County of Monterey, et al.                            Case No. CV 07-02599 JF
County of Monterey's Supplemental Responses to Plaintiffs' Specially Prepared Interrogatories, Set 1

## <u>NAMES AND ADDRESS(ES) OR FAX NUMBER(S) OF EACH PARTY SERVED:</u>

Michael B. Moore, Esq.
595 Market Street, Suite 1320
San Francisco, California 94105
FedEx Tracking No.:  8604 9278 0863 .
     *Attorney for Plaintiffs Jimmy D. Haws &*
*Carrie A. Haws*


Ralph B. Boroff, Esq.
55 River Street, Suite 100
Santa Cruz, California 95060
FedEx Tracking No.:  8604 9278 0874
     *Co-Counsel for Plaintiffs Jimmy D. Haws &*
*Carrie A. Haws*


David Sheuerman, Esq.
Sheuerman, Martini & Tabari, P.C.
1033 Willow Street
San Jose, California 95125
Via U.S. Mail
     *Attorneys for Defendant Natividad Medical*
*Center*

EXHIBIT _____ 12 _____

PAGE _6_ OF _6_ PAGES

# Exhibit 13

LAW OFFICES OF

# RALPH W. BOROFF, P.C.

55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## _SENT BY FACSIMILE AND U.S. MAIL_

January 24, 2008

Traci Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
168 West Alisal Street, 3rd Floor
Salinas, CA 93901

      re:    Jimmy D. Haws, et al. vs. County of Monterey, et al.
            _U.S. District Court, Northern District of California_
            _Case No. C07-2599-JF_

Dear Ms. Kirkbride:

    I want to take this opportunity to clean up a few of our discovery issues. At our January 14, 2008, deposition of Mr. Liebersbach you provided several hundred pages of discovery which you represented would be reformatted into a supplemental document production. If you do so, that will remedy many of the problems which prompted my motion set for hearing on February 27, 2008.

    Even so, we will still have the specific issues of Mr. Haws' and Mr. Spencer's medical records. You declined to provide them because they are held by a third party and are subject to "federal and state patient rights statues." (Response to Request No. 3). The medical records of Spencer were also subject to disclosure by request nos. 17 and 31.

    Documents you disclosed disprove your allegation that the records are held by a third party. Section 7 of the contract with CFMG provides that all medical records are the property of the County. Although we have subpoenaed and requested Mr. Haws' medical records from CFMG we are entitled to their production by you independently. Please include them among your supplemental responses.

    This leaves us simply with a dispute over Mr. Spencer's records. In his statement to MOCO investigators Spencer claimed that he "palmed" or feigned taking his medications until after his exercise period. He also represented that he had been on a recently altered medications regimen which was less effective. The sought information is highly relevant to determining liability of another, as yet unnamed, party as well as notice to jail staff that Spencer was a violent/security risk.

EXHIBIT _13_
PAGE _1_ OF _3_ PAGES

Traci Kirkbride
re: Haws, et al. v. County of Monterey, et al.
January 24, 2008
Page 2


Your objections were untimely, and therefore, waived. That is the black letter law. I am not interested so much in "being right" as I am in getting appropriate discovery. I suggest you disclose Spencer's medical records (along with Haws' medical records) following which I will withdraw my motion. Alternatively, provide us Spencer's last known address (he's a probationer) so we can subpoena him for a deposition and provide the identity of the person who administered his medications on December 7, 2006, for the same purpose. If you do these promptly Mr. Moore and I will be able to determine if the necessary information can be developed without the court's intervention.

I will be gone from January 25 until February 18. During that period Mr. Moore will be available to you to address this issue.

Sincerely,

RALPH W. BOROFF


RWB:jv

cc:    Michael Moore, Esq.
       *Facsimile: (415) 956-6580*

       David Sheuerman, Esq.
       *Facsimile: (408) 295-9900*


EXHIBIT _____13_____

PAGE _2_ OF _3_ PAGES

LAW OFFICES OF
# RALPH W. BOROFF, P.C.
55 RIVER STREET, SUITE 100
SANTA CRUZ, CA 95060
TELEPHONE (831) 458-0502
FAX (831) 426-0159

## FAX TRANSMITTAL SHEET

**DATE:**          January 24, 2008

**NUMBER OF PAGES TRANSMITTED (EXCLUDING COVER):**          2

**TO:**          Traci A. Kirkbride, Deputy County Counsel
                 Office of the County Counsel
                 County of Monterey
                 *Facsimile: (831) 755-5283*

**FROM:**         Ralph W. Boroff

**RE:**           Jimmy D. Haws, et al. vs. County of Monterey, et al.
                  *U.S. District Court, Northern District of California*
                  *Case No. C07 02599*

**COMMENT:**      David Sheuerman, Esq.
                  *Facsimile: (408) 295-9900*

                  Michael Moore, Esq.
                  *Facsimile: (415) 956-6580*

IF YOU HAVE ANY QUESTIONS REGARDING THIS TRANSMISSION OR DO NOT RECEIVE THE
TOTAL NUMBER OF PAGES, PLEASE CALL (831) 458-0502. THANK YOU.

CONFIDENTIAL ADVISORY: Unless otherwise indicated or obvious from the nature of the transmittal, the
information contained in this facsimile message may be attorney privileged and confidential information intended for
the use of the individual or entity named above. Therefore, if the reader of this message is not the intended recipient,
or the employee or agent responsible to deliver it to the intended recipient, or the employee or agent responsible to
deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this
communication is strictly prohibited. If you have received this communication in error or are not sure whether it is
privileged, please immediately notify us by collect telephonic, and return the original message to us at the above
address via the U.S. Postal Service at our expense. Thank you.

EXHIBIT     13
PAGE  3  OF  3  PAGES

# Exhibit 14

## COUNTY OF MONTEREY, STATE OF CALIFORNIA
## PROFESSIONAL SERVICES AGREEMENT

This Agreement, is made and entered into this 1st day of July 2007 by and between the County of Monterey, State of California, hereinafter called "COUNTY" and California Forensic Medical Group, hereinafter called "CONTRACTOR" for the purpose of furnishing medical, mental health, and dental services to inmates of the Monterey County Adult Detention Facilities.

### 1. RECITALS

1.  COUNTY has the power to carry out and perform some of its functions by way of contract with private agencies.

2.  COUNTY desires to engage CONTRACTOR, who has the special skill, experience, and staff to provide medical, dental and mental health services to the inmates of the Monterey County Adult Detention Facilities.

NOW THEREFORE in consideration of the mutual promises hereinafter set forth, COUNTY and CONTRACTOR agree as follows:

### 2. SCOPE OF SERVICES

The CONTRACTOR agrees to provide certain medical, dental and mental health services to inmates of the Monterey County Adult Detention Facilities as more specifically described in the attached Exhibit A, which is incorporated herein by reference. The provision of these services shall be in accord with the policies and procedures of CONTRACTOR as modified from time to time by the mutual consent of the Sheriff and CONTRACTOR.

The services described in Exhibit A are limited as follows:

(a) Under this contract, the responsibility for CONTRACTOR for the medical care of an inmate commences with the booking, medical clearance, and physical placement of said inmate into the Monterey County Adult Detention Facilities.

(b) Prisoners on temporary release are not the responsibility of CONTRACTOR. Prisoners in the custody of other police or penal jurisdictions located outside of the Monterey County are not the responsibility of CONTRACTOR.

(c) CONTRACTOR will determine the method, details and means of performing the above-described services.

### 3. TERM OF AGREEMENT

This Agreement shall remain in effect for the period July 1, 2007 through June 30, 2010 unless terminated by either party to that date as provided in Paragraph 18. Upon mutual agreement, this contract may be renewed for two additional one-year periods.

EXHIBIT ____14____

PAGE _1_ OF _25_ PAGES

1

## 4. COMPENSATION/ANNUAL PRICE ADJUSTMENTS

CONTRACTOR shall submit to the Monterey County Sheriff's Office an invoice within 15 days in the period in which the service is being provided. The invoice shall set forth the amounts claimed by CONTRACTOR for the period. The Sheriff's Office shall promptly submit such invoice to the Auditor-Controller for payment. The County Auditor-Controller shall pay the amount certified within 30 days of receiving the invoice.

(a) In consideration for the medical, mental health and dental services to be performed by the CONTRACTOR, COUNTY agrees to pay the CONTRACTOR the sum of $4,736,756 for the period of July 1, 2007 to June 30, 2008 in twelve equal installments.

(b) A per diem charge will be computed and paid by the COUNTY on a quarterly basis. If the daily inmate resident population should average in any calendar month during the term of the Agreement more than 1155, then compensation payable to CONTRACTOR by COUNTY shall be increased by a per diem rate of $3.42 per inmate over 1155. The per diem payment shall be made within 30 days of the close of the quarter. CONTRACTOR shall bill separately on a quarterly basis for any per diem charges. The per diem charge will be adjusted on July 1, 2008 by the percentage increase of the CPI San Francisco-Oakland Region from February 2007 to February 2008.

(c) The June 30, 2008 monthly payment described in 4. (a) above of $394,729.67 will be adjusted on July 1, 2008 to $394,729.67 plus $394,729.67 times the percentage increase of the medical index of the CPI San Francisco-Oakland Region from February of 2007 to February of 2008. (Example: If the medical index is increased by 4.2%, then the monthly price effective July 1, 2008 would be $394,729.67 plus ($394,729.67 times .042 equals $16,578.65) equals $411,308.32.)

The July 1, 2008 to June 30, 2009 contract and subsequent contracts will utilize the same process as described above. The July payment will be the June 2008 payment plus the June 2008 payment times the percentage increase of the medical index of the CPI San Francisco-Oakland region from February of that year as compared to February of the previous year. This method will also apply to increasing the per diem charge discussed in 4. (b). After the third year of this agreement (i.e. after fiscal year 2009-2010), the parties agree to meet and negotiate amendments to the compensation set forth above if market nursing compensation rates exceed the percentage of increase of the medical care index of the Consumer Price Index (CPI) San Francisco-Oakland Region from February to February of each year. The nursing market compensation rates to be considered will be rates paid at hospitals, skilled nursing facilities, and other correctional facilities in the greater Monterey area.

For purposes of calculating inmate population for establishing per diem payments, average daily inmate population constitutes the total number of inmates who have been booked into the Monterey County Adult Detention Facilities and placed in housing as of midnight each calendar day. The average daily inmate population represents the total number of inmates booked and housed divided by the number of days covered.

EXHIBIT____14____

PAGE _2_ OF _25_ PAGES

## 5. EQUIPMENT AND FACILITIES

(a)     The COUNTY will make available to CONTRACTOR without charge all equipment, firms, services and space, and telephone (excluding toll calls) etc., that it has made available in the past to medical personnel providing medical services to inmates of COUNTY'S Adult Detention Facilities. Disposal of contaminated waste and bagging of contaminated linens shall be the responsibility of the CONTRACTOR.

(b)     COUNTY will provide for the safety and security of CONTRACTOR'S personnel in the same manner as provided for COUNTY employees working in the Adult Detention Facilities.

## 6. HOSPITALIZATION

(a)     CONTRACTOR shall arrange and pay for all required hospitalization. However, CONTRACTOR shall not be responsible for any individual inmate's medical/surgical inpatient bill in excess of $15,000 (fifteen thousand dollars) per episode. An "episode" means a single admission and discharge from a hospital.

(b)     CONTRACTOR shall cooperate with, assist and advise Sheriff as requested to remove holds placed on hospitalized inmates as medically appropriate. CONTRACTOR shall develop with Sheriff a communications system to facilitate holds removal, to promptly and fully inform the Sheriff of holds status, and evaluate ongoing off-site costs.

(c)     CONTRACTOR will use Monterey county Natividad Medical Center for patients needing hospitalization and emergency services to the extent that hospital provides the required services and to the extent medically appropriate. CONTRACTOR may subcontract with other providers to the extent that the Natividad Medical Center in each individual case is unable to so provide services under this paragraph.

## 7. RECORDS

Medical Records:  Existing medical records and medical records prepared by CONTRACTOR shall be the property of the COUNTY and maintained by CONTRACTOR for the life of this contract. COUNTY shall be responsible for any destruction of any and all medical records. Upon termination of this contract all such records will be turned over to the County of Monterey.

Other Records:  All books, records, contract reports and accounts maintained pursuant to this contract, or related to CONTRACTOR's activities under this contract, shall be opened to inspection and audit by COUNTY, and/or by representatives of the State and Federal governments upon demand during normal business hours throughout the life of this contract and for a period of four (4) years thereafter. COUNTY shall have the right to receive copies of all or any of the above described documents. In addition, COUNTY shall have the right to require periodic reports relative to program activities and performance under this contract.

EXHIBIT   14
PAGE 3 OF 25 PAGES

## 8. SECURITY CLEARANCES

COUNTY Sheriff reserves the right to perform background or security checks on CONTRACTOR's employees as a condition of granting them access to the COUNTY's detention facilities. The Sheriff shall have the sole discretion to determine security acceptability of all CONTRACTOR personnel at any time during the contract period, and personnel found to be an unacceptable security risk shall not be given access to the facilities.

## 9. PERSONNEL

(a)     CONTRACTOR'S employees performing professional medical services shall be duly licensed by the appropriate body in and for the State of California except for medical residents and interns following an approved course of study and for authorized training by the CONTRACTOR.

(b)     Copies of licenses and/or records of certification for all medical personnel are to be furnished the Medical Director, who must at all times have them available for examination by the COUNTY and/or by representative of the COUNTY.

(c)     CONTRACTOR shall have a Medical Director who will be responsible to assure the quality of health care provided, and who will also supervise the practice of mid-level practitioners should such personnel be utilized.

(d)     There will at all times be an employee of the CONTRACTOR designated as liaison person in the absence of the Medical Director.

(e)     The CONTRACTOR shall be responsible for time and attendance accountability and provide appropriate records to the COUNTY upon demand. The CONTRACTOR will not be paid for staff positions that remain vacant for longer than thirty-days (30).

(f)     Employees must safeguard all property of the County of Monterey Sheriff's Department. Medical equipment shall be used only by those trained and qualified in its use, and the CONTRACTOR will be held responsible for any and all damage resulting from any act, negligence or carelessness on the part of the CONTRACTOR's employee.

## 10. THIRD PARTY REIMBURSEMENTS

With respect to inmates who are provided off-site medical services and who have medical insurance, CONTRACTOR shall in each instance notify the provider of the off-site medical services that inmate medical insurance is available.

## 11. COMPLIANCE WITH MINIMUM JAIL STANDARDS OF CMA

CONTRACTOR will provide health care services which meet California Medical Association (CMA) standards for health services in local detention facilities and will also comply with all applicable laws, including the provisions of the California Code of Regulations, Title 15, relating to medical services in local detention facilities in the State of California. CONTRACTOR shall maintain CMA accreditation during the term of contract.

4

EXHIBIT _14_

PAGE _4_ OF _25_ PAGES

## 12. RESEARCH

No research projects involving inmates, other than projects limited to the use of information from records compiled in the ordinary delivery of patient care activities, shall be conducted without the prior written consent of the Sheriff or his designee. The conditions under which research shall be conducted shall be agreed to by the CONTRACTOR and the Sheriff or his designee, and shall be governed by written guidelines. In every case, the written informed consent of each inmate who is a subject of a research project shall be obtained prior to the inmate's participation as a subject.

## 13. AUDITS

COUNTY shall have access to CONTRACTOR's financial records for purposes of audit. Such records shall be complete and available for audit 90 days after final payment hereunder. Pursuant to Government Code Section 8546.7, if this Agreement involves the expenditure of public funds in excess of $10,000.00, the parties to this Agreement may be subject, at the request of the COUNTY or as part of any audit of COUNTY, to the examination and audit of the State Auditor pertaining to matters connected with the performance of this Agreement for a period of three years after final payment under this Agreement.

## 14. INDEMNIFICATION

CONTRACTOR shall indemnify, defend, and hold harmless the COUNTY, its officers, agents, and employees, from and against any and all claims, liabilities, and losses whatsoever (including, but not limited to, damages to property and injuries to or death of persons, court costs, and attorney's fees) occurring or resulting to any and all persons, firms, or corporations furnishing or supplying work, services, materials, or supplies in connection with the performance of this Agreement, and from any and all claims, liabilities, and losses occurring or resulting to any person, firm, or corporation for damage, injury, or death arising out of or connected with the CONTRACTOR's performance of this Agreement, unless such claims, liabilities, or losses arise out of the sole negligence or willful misconduct of the COUNTY. CONTRACTOR's performance includes CONTRACTOR's action or inaction and the action or inaction of CONTRACTOR's officers, employees, agents, and subcontractors.

## 15. INSURANCE

Insurance Coverage Requirements: Without limiting CONTRACTOR's duty to indemnify, CONTRACTOR shall maintain in effect throughout the term of this agreement a policy or policies of insurance with the following minimum limits of liability:

- Commercial general liability, including but not limited to premises, personal injuries, and products, with a combined single limit of not less than $1,000,000.00 per occurrence; and

- Business automobile liability covering all motor vehicles, including owned, leased, non-owned and hired vehicles, use in providing services under this Agreement, with a combined single limit of not less than $1,000,000.00 per occurrence; and

5

EXHIBIT    14
PAGE  5  OF  25  PAGES

- If CONTRACTOR is an employer, CONTRACTOR shall maintain workers compensation insurance in accordance with California Labor Code section 3700 and with a minimum of $1,000,000.00 per occurrence for employer's liability; and

- Professional liability, the COUNTY agrees to provide medical professional liability insurance coverage on behalf of CONTRACTOR, for any act or omission by CONTRACTOR and its employees in the performance of its contractual duties during the term of this contract by including CONTRACTOR on County's policy of medical professional liability insurance. COUNTY currently carries a policy of insurance at the following limits:

> Primary layer -- $5,000,000 – Policy Number B-97-33
> Excess layer -- $15,000,000 – Policy Number X-B-97-33

The terms of which are incorporated into this contract as though set forth in full. CONTRACTOR agrees to reimburse the County of Monterey for any and all cost(s), including attorney's fees, incurred by the COUNTY as a result of the extension of the COUNTY's own medical professional liability insurance coverage to CONTRACTOR and its employees. COUNTY agrees to notify CONTRACTOR in writing of any significant change in cost or coverage under the terms of such policy. The COUNTY reserves the right to periodically review this practice of providing medical professional liability insurance coverage, and with appropriate notice as set forth in this contract, the parties may re-negotiate this provision of the contract.

General Insurance Requirements:  All insurance required by this Agreement shall be with a company acceptable to the COUNTY and authorized by law to transact insurance business in the State of California. All such insurance shall be written on an occurrence basis, or, if the policy is not written on an occurrence basis, such policy with the coverage required herein shall continue in effect for a period of two years following the date CONTRACTOR completes its performance of services under this Agreement.

Each liability policy shall provide that the COUNTY shall be given notice in writing at least thirty days in advance of any change, cancellation, or non-renewal thereof. Each policy shall provide identical coverage for each subcontractor, if any, performing work under this Agreement, or be accompanied by a certificate of insurance showing each subcontractor has identical insurance coverage.

Comprehensive general liability and automobile liability policies shall provide an endorsement naming the County of Monterey, its officers, agents, and employees as Additional Insureds and shall further provide that such insurance is primary insurance to any insurance of self-insurance maintained by the COUNTY and that the insurance of the Additional Insureds shall not be called upon to contribute to a loss covered by the CONTRACTOR's insurance.

Prior to the execution of this Agreement by the COUNTY, CONTRACTOR shall file certificates of insurance with the COUNTY Risk Management and COUNTY's contract administrator, showing that the CONTRACTOR has in effect the insurance required by this Agreement. The CONTRACTOR shall file a new or amended certificate of insurance promptly after any change is made in any insurance policy which would alter the

EXHIBIT ___14___

PAGE _6_ OF _25_ PAGES

information of the certificate then on file.  Acceptance or approval of insurance shall in no way modify or change the indemnification clause in this Agreement, which shall continue in full force and effect.

## 16. INDEPENDENT CONTRACTOR

CONTRACTOR agrees that it is an independent contractor and that its officers and employees do not become employees of COUNTY nor are they entitled to any employee benefits as COUNTY employees as a result of the execution of this agreement.

As an independent contractor, any and all Federal, State, and Local taxes shall be the sole responsibility of the CONTRACTOR.  CONTRACTOR hereby indemnifies and holds COUNTY harmless from any and all claims that may be made against COUNTY based upon any contention that an employer-employee relationship exists by reason of this Agreement or the performance thereof.

## 17. CONFLICT OF INTEREST

No officer, member or employee of CONTY and no member of their governing bodies shall have any pecuniary interest, direct or indirect, in this agreement or the proceeds thereof.  No employee of CONTRACTOR nor any member of an employee's family shall serve on a COUNTY board, committee or hold any such position which either by rule, practice or action nominates, recommends, supervises CONTRACTOR's operations, or authorizes funding to CONTRACTOR.

## 18. ASSIGNMENT

CONTRACTOR may not assign or transfer this agreement, any interest therein or claim thereunder without the prior written approval of COUNTY.  Any assignment without the COUNTY's prior written consent shall automatically terminate this contract.

## 19. TERMINATION

The COUNTY may terminate this contract at any time the CONTRACTOR fails to carry out its provisions.  The COUNTY shall give the CONTRACTOR thirty (30) days notice of such termination with stated reasons for the termination.  If, the conditions contained in the notice within (30) days thereafter, the COUNTY shall issue the CONTRACTOR an order to stop work immediately and to vacate the premises.

Either party may terminate the contract without cause upon giving 120 days written notice to the other party.

## 20. FAILURE TO PERFORM

The services rendered under this contract are critical to the legally mandated responsibilities of the Sheriff.  Therefore, the CONTRACTOR will reimburse the COUNTY for all expenses incurred by the COUNTY in providing any services which, under the provisions of this contract and its attachments, amendments, and/or modifications are the CONTRACTOR's responsibility.  Any and

7

EXHIBIT_____ 14
PAGE 7 OF 25 PAGES

all such expense(s) may, at the COUNTY's option, be reduced from the subsequent monthly payment(s) due to the CONTRACTOR.

## 21. QUALITY ASSURANCE PROGRAM

Contractor will implement a quality assurance program. Said program shall include a process of external review to be approved in writing in advance by COUNTY. CONTRACTOR shall maintain regular communications as deemed necessary and appropriate by the Sheriff or his designee and shall actively cooperate in all matters pertaining to this contract.

## 22. CONTRACT MODIFICATIONS

No alteration or variation of the terms of this agreement shall be valid unless made in writing and signed by the parties hereto. Exhibit "A" may be modified in writing with the mutual consent of the Sheriff and CONTRACTOR.

## 23. DISCRIMINATION

CONTRACTOR assures that it will comply with Title VII of the Civil Rights Act of 1964 and that personal shall, on the grounds of race, creed, color, sex, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under this agreement.

## 24. NOTICES

Any notice given hereunder may be given by personal service or by U.S. Mail, postage prepaid, addressed to the parties as follows:

COUNTY                          CONTRACTOR
Sheriff, Monterey County        W. Taylor Fithian, M.D.
1414 Natividad Road             California Forensic Medical Group, Inc.
Salinas, CA 93906               Cannery Row Park Plaza
                                300 Foam Street, Suite B
                                Monterey, CA 93940

8

EXHIBIT ___14___
PAGE __8__ OF _25_ PAGES

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first hereinabove written.

| COUNTY OF MONTEREY | CALIFORNIA FORENSIC MEDICAL GROUP, INC. |
|---|---|
| By _Mike Kanalakis_ | By _(signature)_ MD |
| Mike Kanalakis, Sheriff | W. Taylor Fithian, M.D. |
|  | President |
|  |  |
|  | By _Daniel Hustedt_ |
|  | Daniel Hustedt |
|  | Chief Financial Officer |
|  |  |
| Approved as to Form: | Approved as to Fiscal Terms: |
| _Carolyn Blankenship_ | _(signature)_ |
| ~~Deputy~~ Assistant County Counsel | Monterey County Auditor-Controller's Office |
|  | 4-26-07 |
| Dated _____ | Dated _____ |
|  |  |
|  | RISK MANAGEMENT |
|  | Risk Management COUNTY OF MONTEREY APPROVED AS TO INDEMNITY/ INSURANCE LANGUAGE |
|  | Dated: _____ |
|  | By: _Lydia Schumacher_ |
|  | Date: _4-18-07_ |

9

EXHIBIT  14
PAGE  9  OF  25  PAGES

# MONTEREY COUNTY CONTRACT

# EXHIBIT A

**SERVICES**:  All services performed by Contractor shall be carried out in conformance with CMA accreditation guidelines and CAC-Title 15.

1.    **Receiving Screening (Adult Facilities)**

    a)    Deputies will complete the Intake Health Screening form at the Main Jail.

    b)    CFMG nursing staff will respond to requests for consultation on screenings as required.

    c)    When medically appropriate, Contractor will provide medical services on-site.

    d)    CFMG staff has the authority to make the final decisions for accepting or not accepting inmates into custody prior to outside elevation and treatment, based on mutually agreed upon medical criteria.

    e)    Once and inmate is cleared by outside medical evaluation as per d), the final decision as to whether to accept the inmate or not will be made by jail management.

2.    **Health Inventory and Communicable Disease Screening (Adult Facilities)**

    a)    CFMG will perform a Health Inventory and Communicable Disease Screening on all inmates who reside in the Adult Facilities within 14 days.

    b)    Included will be screening for tuberculoses and other communicable diseases.  Lab tests will be performed per CMA guidelines and as medically indicated.

    c)    The Health Inventory and Communicable Disease Screening will be completed by either the physician, the family nurse practitioner, physician's assistant, or registered nurse specifically trained to conduct health appraisals.

3.    **Detoxification from Drugs and Alcohol (Adult Services)**

    a)    Detoxification services will be performed under medical supervision.

    b)    Inmates will be assessed by medical personnel when admitted to the detoxification cell.

    c)    CFMG staff will check inmates in the detoxification cell upon admission, every six hours thereafter, and any time when requested by custody.

    d)    CFMG staff will note the check on the log posted on the detoxification cell door.

    e)    Deputies will monitor detoxification cells as per Title 15 and/or CMA guidelines.

4.  **Sick Call** **(Adult Facilities)**

    a)    Sick call will be conducted five days a week with emergency response on weekends.

    b)    Sick call will be conducted by a Physician, Family Nurse Practitioner, Physician Assistant, or a Registered Nurse operating under standardized procedure.

    c)    Sick call will be conducted in designated areas of the clinics or housing units, in as much privacy as security concerns allow.

    d)    Inmates will be scheduled to be seen at sick call as soon as possible or as medically indicated.

5.  **Outpatient Housing Unit** **(Adult Facilities)**

    a)    Outpatient housing unit services will be provided at the Main Jail as set forth in the most current CFMG Policy and Procedure Manual.

6.  **Off-Site Services** **(Adult Facilities)**

    (a)    CMFG will provide required medical/surgical inpatient hospital care, off-site specialty care, off-site clinic care, emergency room care, and other health-related ancillary services for those inmates who have been medically cleared, booked and physically placed in the Adult Facilities.

    (b)    All such care as described in a) above must be approved and referred by CFMG staff utilizing a CFMG, Inc. Referral form.

    (c)    CFMG will not make referrals for elective procedures that can safely be provided when an inmate is released from custody.

    (d)    CFMG will provide outside providers with other third party payor information when available.

7.  **Laboratory, X-Ray, Pharmaceuticals, Medical Supplies, Equipment, and Medical Record Supplies** **(Adult Facilities)**

    a)    CFMG will be responsible for the purchase and provision of required pharmaceuticals, medical supplies, and medical record supplies.

    b)    CFMG is responsible for purchasing required laboratory services and x-ray services.

8.  **On-Site Emergency Services** **(Adult Facilities)**

    a)    Contractor will provide FNP/PA/Physician personnel to provide consultations to nursing staff and to come to the facilities as required to provide treatments 24 hours a day, seven days a week.

9.  **Mental Health Services** (Adult Facilities)

   a)  CFMG will provide on-site mental health care services to all jail inmates incarcerated in County custodial facilities and shall do so in satisfaction of all requirements of the California Medical Association (CMA) standards and Title 15 of the California Administrative Code. Furthermore, CFMG will meet all requirements of any other provision of law as it pertains to the provision of mental health care to inmates at a county custodial facility.

   b)  CFMG will provide all 4011.6 and 4011.8 evaluations of inmates prior to referral to the County Mental Health Facility. This section shall not supercede the authority of the court to order a prisoner to a 72-hour mental health facility.

   c)  On-site mental health services will be provided at the Main Jail and Rehabilitation Center.

   d)  CFMG will not be responsible for any Mental Health off-site costs.

10. **Dental Services** (Adult Facilities)

   a)  CFMG will be responsible for providing emergency dental services to inmates at the Main Jail for inmates at all adult facilities in accordance with CMA standards.

   b)  The dental services will be provided on-site at the Main Jail.

   c)  CFMG will provide .30 Dentists and .30 Dental Assistants for dental services.

   d)  Inmates requesting dental services will be prioritized, and will be scheduled to see the dentist as soon as possible, as medically indicated.

   e)  Medically necessary oral surgery that cannot safely be delayed until release from custody will be referred to outside specialists.

11. **Medical Records** (Adult Facilities)

   a)  CFMG will be responsible for the maintenance of all medical records.

   b)  The medical records will be the property of Monterey County.

   c)  CFMG will be the custodian of the active and inactive medical records generated after CFMG began operations.

   d)  CFMG will adhere to all laws relating to confidentiality of medical records.

   e)  CFMG will maintain all records in accordance with Title 15, California Administrative Code, Section 1205 and CMA accreditation guidelines.

   f)  Pertinent medical information will be prepared to accompany all inmates when transferring to other detention/correctional facilities.

12.    **Medication Administration** (Adult Facilities)

    a)    CFMG nursing staff will be responsible for administering medications at the Adult Facilities.

    b)    Medications will principally be administered on a BID regime.

    c)    PRN medications will principally be administered on a BID regime.

    d)    CFMG nursing staff will respond to requests for PRN medications at other times on an emergency basis as medically required.

    e)    All pharmaceuticals will be used, stored, inventoried, and administered in accordance will all applicable laws, guidelines, policy and procedure.

13.    **Food Service Health Clearance** (Adult Facilities)

    a)    Deputies will provide a list to CFMG on a weekly basis of inmates that they wish to have work in the kitchen.

    b)    CFMG will provide a health clearance for each of these inmates and communicate with Deputies to let them know whether or not the inmate is cleared to work in the kitchen.

14.    **Work Furlough Participants** (Adult Facilities)

    a)    CFMG will evaluate Work Furlough inmates who present urgent or emergency complaints, and will provide emergency response, first aid treatment, and/or referral, as appropriate.

    b)    CFMG will not be financially responsible for medical care provided for Work Furlough inmates in the community or pharmaceuticals ordered by health providers in the community when such care is initiated by Work Furlough inmates while outside of the facilities.

15.    **Inmate Workers Compensation Services**

    a)    CFMG will provide first aid and medical screening of inmate workers claiming injury during the course of their work assignments while incarcerated in the County Jail.

    b)    Inmates determined to have injuries that require treatment beyond first aid or further diagnostic services will be referred to Natividad Medical Center Occupational Health Center for treatment.

16.    **Self-Contained Breathing Apparatus (SCBA) Medical Screening**

    a)    CFMG will provide review of OSHA medical screening forms of all Sheriff's personnel assigned to the Corrections Bureau who may wear emergency self-contained breathing apparatus (SCBA).

    b)    The medical screening questionnaire review shall be completed by a physician or other licensed health care professional.

EXHIBIT ___14___
PAGE _13_ OF _25_ PAGES

c) This section shall be reviewed six (6) months from the date of implementation of this contract for the purpose of determining workload impact and will continue upon mutual consent of the County and Contractor.

17. **Blood and Saliva Samples for Sex Offenders and Penal Code Section 7500 et. seq.**

a) CFMG will obtain two specimens of blood and a saliva samples from inmates per Penal Code Section 296, based upon custody request. SEE exhibit B.

b) CFMG will obtain blood samples from inmates in compliance with Penal Code Section 7500 et. seq. The determination for such testing will be made by the Public Health Officer or as ordered by the Court. Such testing will only be performed with the consent of the inmate. Inmates who refuse will be transported to an off-site facility or a representative from the community who is authorized to obtain such specimens will come on-site.

18. **Emergency First Aide (Adult Facilities and Juvenile Facility)**

a) CFMG shall respond and provide emergency first aid to county staff and/or visitors.

19. **Training (Adult Facilities)**

a) CFMG will provide up to eight hours of bi-annual training for Deputies concerning health care issues in the jail.

20. **Prosthesis (Adult Facilities)**

a) Medical and dental prosthesis and corrective eyeglasses are provided when the health of the inmate would otherwise be adversely affected as directed by the responsible physician or dentist.

21. **Statistical Reporting (Adult Facilities)**

a) No later than the third Friday of the following month, CFMG shall submit to the County, statistics and information on the month's activities.

b) Included in the above reports shall be statistical reports concerning the use of psychotropic drugs.

22. **Other Administrative Requirements**

a) CFMG will be responsible for responding to inmate grievances concerning medical care.

b) CFMG will be responsible for allowing medical personnel to testify concerning civil rights suits or any writs of habeas corpus filed by inmates. CFMG must also respond in writing to Deputies concerning any such writs of habeas corpus or federal civil rights suits.

23.   **Quality Assurance Program (Adult Facilities)**

    a)   CFMG shall maintain a comprehensive quality assurance plan.

    b)   CFMG will provide County with a copy of overall Quality Assurance plan and any updates or revisions of same. Quality Assurance plan will be adopted with the mutual concurrence of CFMG and County.

    c)   CFMG shall provide County upon request with statistical summaries of quality assurance activities.

24.   **Other Services**

    a)   CFMG agrees to provide the following services adhering to CMA and Title 15 guidelines: prenatal care, inmates in isolation services, safety cell services, monitoring inmates in restraints, delousing and scabies, monitoring syringes and needles, preventative care, and pharmaceutical reviews.

25.   **Special Medical Diets**

    a)   CFMG staff will evaluate the need for and will prescribe medically required special diets for inmates as appropriate.

    b)   CFMG will coordinate with Food Service management staff regarding the types of special medical diets which can be offered to the inmate population.

26.   **Personnel Services**

    a)   CFMG will comply with all laws relating to hiring/promotion practices to ensure that applicants for employment/promotion are not discriminated against because of race, creed, color, age, sex, sexual preference, marital status, handicap, or national origin.

    b)   CFMG shall obtain all licenses necessary to provide medical services in Monterey County Detention Facilities. CFMG will ensure that all of its employees, including Registry temporary employees, who render medical services, possess and maintain all applicable licenses and certificates. CFMG shall ensure that all staff work only within the scope of practice described by their license or certificate.

    c)   CFMG will ensure that all of its new employees are afforded an orientation period.

    d)   CFMG will provide in-service training for its personnel. Topics will be identified by the Program Manager who will also maintain records on subject matter and employee participation.

27.   **Policy and Procedure Manuals (Adult Facilities)**

    a)   CFMG will develop and maintain up-to-date written policy and procedure, protocol, and reference manuals in compliance with CMA accreditation standards and CAC, Title 15.

b) New policies and/or procedures will not be implemented or existing policies and procedures revised by either party without the mutual concurrence of CFMG and County.

## 28. <u>Staffing Pattern (minimum)</u>

The following is the minimum staffing pattern for the adult facilities.

EXHIBIT _____ 14
PAGE 16 OF 25 PAGES

# MONTEREY COUNTY STAFFING PATTERN

| POSITION | S | M | T | W | T | F | S | HRS | FTE | FAC |
|---|---|---|---|---|---|---|---|---|---|---|
| Program Manager | | 8-4 | 8-4 | 8-4 | 8-4 | 8-4 | | 40 | 1.0 | Both |
| Director of Nursing | | 8-4 | 8-4 | 8-4 | 8-4 | 8-4 | | 40 | 1.0 | Both |
| L.V.N. | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 56 | 1.4 | Jail |
| L.V.N. | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 56 | 1.4 | Jail |
| R.N. | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 56 | 1.4 | Jail |
| P.A./FNP | | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | | 40 | 1.0 | Jail |
| Medical Record Supervisor | | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | | 40 | 1.0 | Jail |
| C.N.A. | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 7-3 | 56 | 1.4 | Jail |
| L.V.N. | 1-9 | 1-9 | 1-9 | 1-9 | 1-9 | 1-9 | 1-9 | 56 | 1.4 | Jail |
| R.N. | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 56 | 1.4 | Jail |
| L.V.N. | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 56 | 1.4 | Jail |
| C.N.A. | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 56 | 1.4 | Jail |
| C.N.A. | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 3-11 | 56 | 1.4 | Jail |
| R.N. | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 56 | 1.4 | Jail |
| L.V.N. | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 56 | 1.4 | Jail |
| C.N.A. | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 56 | 1.4 | Jail |
| R.N. | | 10-6 | 10-6 | 10-6 | 10-6 | 10-6 | | 40 | 1.0 | J. Hall |
| L.V.N. | | 6-10 | 6-10 | 6-10 | 6-10 | 6-10 | | 20 | 0.5 | J. Hall |
| CLERK | | 8-12 | 8-12 | 8-12 | 8-12 | 8-12 | | 20 | 0.5 | J. Hall |
| LVN | | 6-2 | 6-2 | 6-2 | 6-2 | 6-2 | | 40 | 1.0 | Treatment Center |
| L.V.N. pill pass | AM/Noon/ PM | | | | | AM/Noon/ PM | | 12-20 | .30-.50 | J.Hall Treatment |
| L.V.N. pill pass | | PM | PM | PM | PM | PM | | 2-5 | .05-.12 | Treatment Center |
| Medical Director/ Physician | 40 hours To Be Determined | | | | | | | 40 | 1 | All |
| Psychiatrist | 15 hours To Be Determined | | | | | | | 15 | 0.38 | Jail |
| Dentist | 16 hours To Be Determined | | | | | | | 16 | 0.4 | Jail |
| Dental Assistant | 16 hours To Be Determined | | | | | | | 16 | 0.4 | Jail |
| Physician On-Call | 24 hours a day, seven days a week | | | | | | | | | Both |
| Psychiatrist On-Call | 24 hours a day, seven days a week | | | | | | | | | Both |
| MFT/LCSW | 20 hours per week | | | | | | | 20 | 0.5 | Jail |
| Psychiatric RN | 40 hours per week | | | | | | | 40 | 1 | Jail |
| Days | 6-10, 6-2, 7-3, 8-4, 10-6 | | | | | | | | | |
| Evenings | 1-9, 3-11, 5-1 | | | | | | | | | |
| Nights | 11-7 | | | | | | | | | |

EXHIBIT ___14___

PAGE _17_ OF _25_ PAGES

**ACORD** **CERTIFICATE OF LIABILITY INSURANCE**

OP ID JL
CALIF03

DATE (MM/DD/YYYY)
07/19/06

| PRODUCER | |
|---|---|
| Arthur J. Gallagher & Co.<br>Ins. Brokers of CA Inc. 072693<br>18900 Stevens Creek Blvd, #200<br>Cupertino CA 95014<br>Phone: 408-973-9500  Fax: 408-257-2985 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| California Forensic Medical Group a Member of Health Care Purchasing Group, Inc. 300 Foam Street, Bldg B Monterey, CA 93940 | INSURER A: Everest Indemnity Insurance Co | |
| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | **GENERAL LIABILITY**<br>COMMERCIAL GENERAL LIABILITY<br>[X] CLAIMS MADE [ ] OCCUR | 6500000211-061 | 07/26/06 | 07/26/07 | EACH OCCURRENCE | $2,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $N/A |
| | | | | | | PERSONAL & ADV INJURY | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:<br>[ ] POLICY [ ] PRO-JECT [ ] LOC | | | | GENERAL AGGREGATE | $5,000,000 |
| | | | | | | PRODUCTS - COMP/OP AGG | $5,000,000 |
| | | **AUTOMOBILE LIABILITY**<br>ANY AUTO<br>ALL OWNED AUTOS<br>SCHEDULED AUTOS<br>HIRED AUTOS<br>NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**<br>ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC | $ |
| | | | | | | AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY**<br>[ ] OCCUR [ ] CLAIMS MADE<br>[ ] DEDUCTIBLE<br>[ ] RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | **OTHER**<br>Professional Liab Claims Made | 6500000211-061 | 07/26/06 | 07/26/07 | Included Liability | In General Shown Above |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

EXHIBIT _____14_____

PAGE __18__ OF __25__ PAGES

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| MONTE08<br><br>Monterey County Sheriff's Dept<br>1414 Natividad Road<br>Salinas CA 93906 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>_Ronald H. Sereno_ |

ACORD 25 (2001/08)

© ACORD CORPORATION 1988

Endorsement No. 14

California Forensic Medical Group

## GENERAL CHANGE ENDORSEMENT

### Persons Insured Revision

Medical Professional and General Liability Retained Limit Insurance

In consideration of the premium charged, it is agreed that Section V, **PERSONS INSURED** is deleted in its entirety and replaced by the following:

V. **PERSONS INSURED**

A. The Named Insured shown in Item 1. of the **DECLARATIONS** for this insurance.

B. Any partner, officer, director, trustee or administrator of the Named Insured while acting within the capacity and scope of their duties in providing **medical professional services** on behalf of the Named Insured.

C. Any Medical Insured. A Medical Insured is any physician, nurse, assistant or technician, while providing **medical professional services** under a contract of employment or service contract with the Named Insured, but only while acting within the scope of any contract or employment with the Named Insured and under the control of or of direct benefit to the Named Insured at the time of a **loss event**. Employees of a hospital are not Medical Insureds under this policy, unless specifically scheduled hereon.

✳ D. Any Additional Insured. An Additional Insured is any hospital, person or organization to whom or to which the Named Insured is obligated by virtue of a written contract to provide insurance or **indemnity** such as is afforded by this policy, but only with respect to **medical professional services** performed by the Named Insured or any Medical Insured.

Notwithstanding the above, this provision does not provide insurance or **indemnity** or claims expense to any hospital, person or organization to whom or to which the Named Insured is or may be obligated to provide **indemnity** by virtue of a written contract with respect to damages arising out of the rendering of or failure to render **medical professional services** by any hospital, its agents or employees.

All other terms, conditions and exclusions of the policy remain unchanged.

EXHIBIT _____ 14

PAGE _19_ OF _25_ PAGES

2. No person or organization shall have any right under this policy to join the Company as a third party to take any action against the **Insured** to determine the liability of the **Insured**, nor shall the Company be impleaded by any **Insured** or its legal representative. Bankruptcy or insolvency of an **Insured** or its estate shall not relieve the Company of any of its obligations hereunder.

D. Other Insurance

1. This insurance is excess over any other valid and collectable insurance available to each **Insured**, with respect to a **loss event** covered by this policy, whether such other insurance is stated to be primary, contributing, contingent, or otherwise. The Company will only pay its share of net loss, if any, that exceeds the sum of the total amount of the retained limit and that all such other insurance would pay in the absence of this insurance. However, this insurance is not excess over any other valid and collectable insurance available to any **Insured** to which the Named Insured may be obligated by virtue of a written contract to provide insurance such as is afforded by this policy; but only with respect to **medical professional services** performed by or on behalf of an **Insured** as provided for by this policy. Amounts collectable under a Self-Insured Trust Plan or other Self-Insured Plan of any type are other insurance for purposes of this policy.

*Primary Ins.*

2. This Article VIII., D., does not apply to excess insurance written specifically to be in excess of this policy. Nothing herein shall be construed to make this policy subject to terms, conditions and limitations of any other insurance.

E. Subrogation

In the event of any payment under this policy with respect to a **loss event**, the Company shall be subrogated to all the rights of recovery of an **Insured** against any person or organization, and the **Insured** shall execute and deliver instruments and papers and do whatever is necessary to secure such rights. The **Insured** shall do nothing after loss to prejudice such rights. Any amount so recovered shall be apportioned as follows: Any person or organization (including an **Insured**) who has paid an amount in excess of the limit of liability hereunder shall be first reimbursed to the extent of such actual payment; the Company shall next be reimbursed to the extent of its actual payment; any balance remaining in the amount of recovery shall be paid to the **Insured**. The expenses of all such recovery proceedings shall be apportioned in the ratio of respective recoveries. If there is no recovery in proceedings conducted solely by the Company, it shall bear the expenses thereof.

F. Assignment

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon.

G. Cancellation

1. The first Named Insured shown on the **DECLARATIONS** may cancel this policy by mailing or delivering advance written notice of intent to cancel.

2. The Company may cancel this policy by mailing or delivering to the first Named Insured written notice of intent to cancel:

   a. Ten (10) days before the effective date of cancellation, if the Company cancels for non-payment of premium, or;

   b. Sixty (60) days before the effective date of cancellation, if Company cancels for any other reason.

3. The Company will mail or deliver its notice of cancellation to the first Named Insured's last mailing address known to the Company.

4. The notice of cancellation will state the effective date of cancellation. The policy will end on that date, which shall be and become the expiration date of this policy.

EXHIBIT ___14___
PAGE _20_ OF _25_ PAGES

**drive**

JOHN O BRONSON CO
PO BOX 255387
SACRAMENTO, CA 95865
916-974-7800

Policy number: 04618703-4
Underwritten by:
United Financial Casualty Company
July 7, 2006
Page 1 of 1

# Certificate of Insurance

| Certificate Holder | Insured | Agent |
|---|---|---|
| Additional Insured | CA FORENSICMEDICAL GRO | JOHN O BRONSON CO |
| MONTEREY CNTY SHERI | 300 FOAM STREET STE# | PO BOX 255387 |
| 1414 NATIVIDAD | MONTEREY, CA < "FAX| 93940 | SACRAMENTO, CA 95865 |
| SALINAS, CA `% TAX| 93906 | | |

This document certifies that insurance policies identified below have been issued by the designated insurer to the insured named above for the period(s) indicated. This Certificate is issued for information purposes only. It confers no rights upon the certificate holder and does not change, alter, modify, or extend the coverages afforded by the policies listed below. The coverages afforded by the policies listed below are subject to all the terms, exclusions, limitations, endorsements, and conditions of these policies.

| Policy Effective Date: Jun 7, 2006 | Policy Expiration Date: Jun 7, 2007 |
|---|---|
| **Insurance coverage(s)** | **Limits** |
| Bodily Injury/Property Damage | $1,000,000 Combined Single Limit |

## Description of Location/Vehicles/Special Items

Scheduled autos only

PROGRESSIVE WILL PROVIDE 30-DAY NOTICE OF CANCELLATION FOR ALL CANCELS BESIDES NON-PAYMENT CANCELLATION, WHICH WILL BE 15 DAY NOTICE.

Certificate number

18806AWP703

Please be advised that additional insureds and lienholders will be notified in the event of a mid-term cancellation.

Form 5241 (10/02)

EXHIBIT    14
PAGE 21 OF 25 PAGES



Policy number: **04618703-4**
Underwritten by:
United Financial Casualty Company
Insured: CA FORENSICMEDICAL GRO
July 8, 2006
Policy Period: Jun 7, 2006 - Jun 7, 2007

MONTEREY CNTY SHERI
1414 NATIVIDAD
SALINAS, CA 93906

**Mailing Address**
United Financial Casualty Company
PO Box 94739
Cleveland, OH 44101

# Additional insured endorsement

**800-444-4487**
For customer service, 24 hours a day,
7 days a week

## Name of Person or Organization

MONTEREY CNTY SHERI
1414 NATIVIDAD
SALINAS, CA 93906

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the **Declarations Page**.

### Limit of Liability
| | |
|---|---|
| **Bodily Injury** | Not applicable |
| **Property Damage** | Not applicable |
| **Combined Liability** | $1,000,000 each accident |

**All other terms, limits and provisions of this policy remain unchanged.**

This endorsement applies to Policy Number: 04618703-4

Issued to (Name of Insured):  CA FORENSICMEDICAL GRO

Effective date of endorsement: 07/07/2006       Policy expiration date: 06/07/2007

Form 1198 (01/04)

EXHIBIT  14
PAGE 22 OF 25 PAGES

CERTHOLDER COPY                                                                      NG



**STATE COMPENSATION INSURANCE FUND**

P.O. BOX 420807, SAN FRANCISCO, CA 94142-0807

CERTIFICATE OF WORKERS' COMPENSATION INSURANCE

ISSUE DATE: 10-01-2006

GROUP:
POLICY NUMBER:       1293553-2006
CERTIFICATE ID:            150
CERTIFICATE EXPIRES: 10-01-2007
                                10-01-2006/10-01-2007

MONTEREY COUNTY SHERIFF'S OFFICE                    NG
CONTRACTS
1414 NATIVIDAD RD
SALINAS CA 93906

This is to certify that we have issued a valid Workers' Compensation insurance policy in a form approved by the California Insurance Commissioner to the employer named below for the policy period indicated.

This policy is not subject to cancellation by the Fund except upon 30 days advance written notice to the employer.

We will also give you 30 days advance notice should this policy be cancelled prior to its normal expiration.

This certificate of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policy listed herein. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate of insurance may be issued or to which it may pertain, the insurance afforded by the policy described herein is subject to all the terms, exclusions, and conditions, of such policy.

AUTHORIZED REPRESENTATIVE                          PRESIDENT

EMPLOYER'S LIABILITY LIMIT INCLUDING DEFENSE COSTS:   $1,000,000 PER OCCURRENCE.

ENDORSEMENT #2065 ENTITLED CERTIFICATE HOLDERS' NOTICE EFFECTIVE 10-01-2004 IS ATTACHED TO AND FORMS A PART OF THIS POLICY.

EMPLOYER

CALIFORNIA FORENSIC MEDICAL GROUP INC              NG
300 FOAM ST STE B
MONTEREY CA 93940

EXHIBIT ___14___
PAGE _23_ OF _25_ PAGES

0602.500; 0125.000

*Before the Board of Supervisors in and for the*
*County of Monterey, State of California*

**Agreement No.: A-10883**

Approve and authorize the Sheriff to sign Professional Medical )
Services Agreement for Fiscal Years 2007-2010 with the )
California Forensic Medical Group (CFMG) for medical, dental, )
and mental health services for inmates at the Custody Operations )
Bureau. )

EXHIBIT ___14___

PAGE _24_ OF _25_ PAGES

Upon motion of Supervisor Salinas, seconded by Supervisor Armenta, and carried by those members present, effective <u>May 8, 2007</u>, the Board hereby:

Approves agreement and authorizes the Sheriff to sign Professional Medical Services Agreement For Fiscal Years 2007-2010 with California Forensic Medical Group (CFMG) for medical, dental and mental health services to the inmates at the Custody Operations Facility, as detailed below:

1. The term of this Agreement shall be July 1, 2007 through June 30, 2010, unless terminated by either party prior to that date as provided in Paragraph 3. Upon mutual agreement, this contract may be renewed for two additional one-year periods.

2. In consideration for the medical and dental services to be performed by CONTRACTOR, COUNTY agrees to pay the sum of $4,736,756 for the period of July 1, 2007 to June 30, 2008 in twelve equal installments.

3. A per diem charge will be computed and paid by the COUNTY on a quarterly basis. If the daily inmate resident population should average in any calendar month during the term of the Agreement more than 1155, then compensation payable to CONTRACTOR by COUNTY shall be increased by a per diem rate of $3.42 per inmate over 1155. The per diem payment shall be made within 30 days of the close of the quarter. CONTRACTOR shall bill separately on a quarterly basis for any per diem charges. The per diem charge will be adjusted on July 1, 2008 by the percentage increase of the CPI San Francisco-Oakland Region from February 2007 to February 2008.

4. The June 30, 2008 monthly payment described in 4. (a) above of $394,729.67 will be adjusted on July 1, 2008 to $394,729.67 plus $394,729.67 times the percentage increase of the medical index of the CPI San Francisco-Oakland Region from February of 2007 to February of 2008. (Example: If the medical index is increased by 4.2%, then the monthly price effective July 1, 2008 would be $394,729.67 plus ($394,729.67 times .042 equals $16,578.65) equals $411,308.32.

The July 1, 2008 to June 30, 2009 contract and subsequent contracts will utilize the same process as described above. The July payment will be the June 2008 payment plus the June 2008 payment times the percentage increase of the medical index of the CPI San Francisco-Oakland region from February of that year as compared to February of the previous year. This method will also apply to increasing the per diem charge discussed in 4. (b). After the third year of this agreement (i.e. after fiscal year 2009-2010), the parties agree to meet and negotiate amendments to the compensation set forth above if market nursing compensation rates exceed the percentage of increase of the medical care index of the Consumer Price Index (CPI) San Francisco-Oakland Region from February to February of each year. The nursing market compensation rates to be considered will be rates paid at hospitals, skilled nursing facilities, and other correctional facilities in the greater Monterey area.

May 8, 2007
A-10883
0602.500; 0125.000

For purposes of calculating inmate population for establishing per diem payments, average daily inmate population constitutes the total number of inmates who have been booked into the Monterey County Custody Operations Bureau and placed in housing as of midnight each calendar day. The average daily inmate population represents the total number of inmates booked and housed divided by the number of days covered.

PASSED AND ADOPTED this 8th day of May 2007, by the following vote, to-wit:

AYES:    Supervisors Armenta, Calcagno, Salinas, Potter

NOES:    None

ABSENT:  Supervisor Smith

I, Lew C. Bauman, Clerk of the Board of Supervisors of the County of Monterey, State of California, hereby certify that the foregoing is a true copy of an original order of said Board of Supervisors duly made and entered in the minutes thereof of Minute Book _73_ for the meeting on May 8, 2007.

Dated:   May 8, 2007              Lew C. Bauman, Clerk of the Board of Supervisors,
                                 County of Monterey, State of California

                                 By _____
                                       Darlene Drain, Deputy

EXHIBIT_____ _14_
PAGE _25_ OF _25_ PAGES

# Exhibit 15

LAW OFFICES OF

D. STUART CANDLAND
RICHARD J. CONTI
W. DAVID WALKER
ANDREW S. MILLER
MARK L. DAWSON
JEAN L. PERRY
S. BRADFORD HARPER
JESSICA P. LAMIERO
NAFIJA J. WESTON
ERIC S. RITIGSTEIN

# CRADDICK, CANDLAND & CONTI
PROFESSIONAL CORPORATION
DANVILLE-SAN RAMON MEDICAL CENTER
915 SAN RAMON VALLEY BOULEVARD, SUITE 260
DANVILLE, CALIFORNIA 94526-4020

TELEPHONE 925-838-1100
FACSIMILE 925-743-0729

JEFFREY A. HARPER
Of Counsel

MARRS A. CRADDICK
(1928-1996)

COMMEMORATING
30 YEARS
1977 - 2007



January 28, 2008

Ralph W. Boroff, Esq.
Law Offices of Ralph W. Boroff, P.C.
55 River Street, Suite 100
Santa Cruz, CA 95060

RE:   **HAWS v. CALIFORNIA FORENSIC MEDICAL GROUP**
      **Patient: Jimmy Haws**

Dear Mr. Boroff:

Pursuant to the extension which you graciously granted us to this date to respond to your subpoena of January 2, 2008 directed to our client, California Forensic Medical Group, enclosed is our response with attached exhibits.

We will be responding to your request for production of medical records shortly.

Thank you for your courtesy and cooperation.

Very truly yours,

W. DAVID WALKER

WDW:klt
Enclosure
cc:   Traci Kirkbride, Deputy County Counsel – w/enclosure
      David Sheuerman, Esq. – w/enclosure

EXHIBIT __15__
PAGE __1__ OF __1__ PAGES

# Exhibit 16

1  Michael B. Moore, Esq. (SBN 62182)
   595 Market Street, Suite 1320
2  San Francisco, California 94105
   Telephone:    (415) 956-6500
3  Facsimile:    (415) 956-6580
   Email:        mbm@moore-law.net
4
   Ralph W. Borott, Esq. (SBN 59164)
5  55 River Street, Suite 100
   Santa Cruz, CA 95060
6  Telephone:    (831) 458-0502
   Facsimile:    (831) 426-0159
7
   Attorneys for Plaintiffs
8

9          IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
              NORTHERN DISTRICT OF THE STATE OF CALIFORNIA
10                           SAN JOSE DIVISION

11
   JIMMY D. HAWS, SETH DANIEL HAWS,         CASE NO.:    C07 02599 JF
12 and MIA SKYE HAWS, minors, by and
   through their guardian ad litem, CARRIE   **PLAINTIFFS' FIRST RE-NOTICE OF**
13 A. HAWS, and CARRIE A. HAWS,              **TAKING DEPOSITION OF COUNTY**
   individually,                             **OF MONTEREY**
14
                  Plaintiffs,               Date:   January 17, 2008
15                                          Time:   9:00 a.m.
             v.                             Place:  Offices of County Counsel
16
   COUNTY OF MONTEREY, MICHAEL
17 KANALAKIS, NATIVIDAD MEDICAL
   CENTER and DOES 1-300, inclusive,
18
                  Defendants.
19  ─────────────────────────────────

20 TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

21        Pursuant to FRCP Rule 30 (b)(1), on **January 17, 2008**, beginning at 9:00 a.m., at the

22 Offices of County Counsel,168 W. Alisal Street, Salinas, CA 93901, plaintiffs will take the

23 deposition of the **COUNTY OF MONTEREY**.  Defendant County of Monterey is requested to

24 designate and produce those of its officers, directors, managing agents, employees or agents who are

25 most qualified to testify on its behalf as to the matters listed in Attachment 1 to the extent of any

26 information known or reasonably available to the County of Monterey.

27

28

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

EXHIBIT 16
PAGE 1 OF 10 PAGES

1     Said depositions will be taken before a deposition officer who is authorized to administer an

2 oath.  If the deposition is not completed on the dates set forth above, the taking of the depositions

3 will be continued from day to day thereafter except Sundays and holidays at the same place until

4 completed.

5     Pursuant to Rule 34, Defendant County of Monterey is requested to produce at the time of

6 the deposition all documents relating to or referring the matters listed in Attachment 2.

7                                                    LAW OFFICE OF MICHAEL B. MOORE

8

9 Dated: November 20, 2007              By:_____

                                                      Michael B. Moore

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                   EXHIBIT____16____

27                                                   PAGE__2__OF_10__PAGES

28
                                               2
                          Plaintiffs' Notice of Taking Deposition

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

# ATTACHMENT 1

## DEFINITIONS

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(1)    **INCIDENT** means the attack by Roger Spencer on Jimmy D. Haws which occurred on December 7, 2006 in the stairway area of D-Pod of the Monterey County Jail in Salinas, California.

(2)    **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them.

## TOPICS FOR DEPOSITION

1.    That person most familiar with the maximum inmate capacity of the Monterey County Jail on the day of the INCIDENT.

2.    That person most familiar with any and all DOCUMENTS which evidence the maximum inmate capacity of the Monterey County Jail on the day of the INCIDENT.

3.    That person most familiar with the maximum inmate capacity of D Pod at the Monterey County Jail on the day of the INCIDENT.

4.    That person most familiar with any and all DOCUMENTS which evidence the maximum inmate capacity of D Pod at the Monterey County Jail on the day of the INCIDENT.

5.    That person most familiar with the number of inmates housed at the Monterey County Jail on the day of the INCIDENT.

6.    That person most familiar with any and all DOCUMENTS relating to the number of inmates housed at the Monterey County Jail on the day of the INCIDENT.

7.    That person most familiar with the number of inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

EXHIBIT ___16___

PAGE _3_ OF _10_ PAGES

Plaintiffs' Notice of Taking Deposition

8.    That person most familiar with any and all DOCUMENTS relating to the number of inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

9.    That person most familiar with the minimum number of supervisory staff required to supervise inmates housed at the Monterey County Jail on the day of the INCIDENT.

10.    That person most familiar with any and all DOCUMENTS relating to the minimum number of supervisory staff required to supervise inmates housed at the Monterey County Jail on the day of the INCIDENT.

11.    That person most familiar with the actual number of supervisory staff present on the job supervising the inmates housed at the Monterey County Jail on the day of the INCIDENT.

12.    That person most familiar with any and all DOCUMENTS relating to the actual number of supervisory staff present on the job supervising the inmates housed at the Monterey County Jail on the day of the INCIDENT.

13.    That person most familiar with the minimum number of supervisory staff required to supervise inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

14.    That person most familiar with any and all DOCUMENTS relating to the minimum number of supervisory staff required to supervise inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

15.    That person most familiar with the actual number of supervisory staff present on the job supervising the inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

16.    That person most familiar with any and all DOCUMENTS relating to the actual number of supervisory staff present on the job supervising the inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

17.    That person most familiar with any and all supplementary housing allowance program for law enforcement employees investigation by the Sheriff's Department staff and/or the County Administrative Officer's staff referenced in the 2003 Monterey County Grand Jury report.

EXHIBIT    16

PAGE  4  OF  10  PAGES

Plaintiffs' Notice of Taking Deposition

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

18.     That person most familiar with all DOCUMENTS relating to any and all supplementary housing allowance program for law enforcement employees investigation by the Sheriff's Department staff and/or the County Administrative Officer's staff referenced in the 2003 Monterey County Grand Jury report.

19.     That person most familiar with any and all presentations made by the Sheriff's Department staff and the County Administrative Officer's staff to the Monterey County Board of Supervisors as part of an "affordable housing" plan to insure recruitment and retention of critical County employees referenced in the 2003 Monterey County Grand Jury report.

20.     That person most familiar with any and all DOCUMENTS evidencing all presentations made by the Sheriff's Department staff and the County Administrative Officer's staff to the Monterey County Board of Supervisors as part of an "affordable housing" plan to insure recruitment and retention of critical County employees referenced in the 2003 Monterey County Grand Jury report.

21.     That person most familiar with any and all prisoner overcrowding relief programs developed by the Sheriff's Department staff and/or the County Administrative Officer's staff in response to the conditions at the Monterey County Jail.

22.     That person most familiar with any and all DOCUMENTS evidencing any and all prisoner overcrowding relief programs developed by the Sheriff's Department staff and/or the County Administrative Officer's staff in response to the conditions at the Monterey County Jail.

23.     That person most familiar with any and all judicial or regulatory inquiries relating to the overcrowded conditions at the Monterey County Jail, and the County of Monterey's responses to said inquiries, including but not limited to all Monterey County Civil Grand Jury reports, and reports of the Presiding Judge of the Superior Court of Monterey, reports by Sheriff's Department staff and/or the County Administrative Officer's staff, and the Monterey County Board of Supervisors relating to overcrowding at the Monterey County Jail.

24.     That person most familiar with any and all DOCUMENTS evidencing any and all

EXHIBIT _____ 16

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

1   judicial or regulatory inquiries relating to the overcrowded conditions at the Monterey County Jail,

2   and the County of Monterey's responses to said inquiries, including but not limited to all Monterey

3   County Civil Grand Jury reports, and reports of the Presiding Judge of the Superior Court of

4   Monterey, reports by Sheriff's Department staff and/or the County Administrative Officer's staff, and

5   the Monterey County Board of Supervisors relating to overcrowding at the Monterey County Jail.

6       25.     That person most familiar with any and all judicial or regulatory inquiries relating to

7   under staffing and high employee turnover rates at the Monterey County Jail, and the County of

8   Monterey's responses to said inquiries, including but not limited to all Monterey County Civil Grand

9   Jury reports, and reports of the Presiding Judge of the Superior Court of Monterey, reports by

10  Sheriff's Department staff and/or the County Administrative Officer's staff, and the Monterey

11  County Board of Supervisors relating to under staffing and high employee turnover rates at the

12  Monterey County Jail.

13

14      26.     That person most familiar with any and all DOCUMENTS evidencing any and all

15  judicial or regulatory inquiries relating to under staffing and high employee turnover rates conditions

16  at the Monterey County Jail, and the County of Monterey's responses to said inquiries, including but

17  not limited to all Monterey County Civil Grand Jury reports, and reports of the Presiding Judge of

18  the Superior Court of Monterey, reports by Sheriff's Department staff and/or the County

19  Administrative Officer's staff, and the Monterey County Board of Supervisors relating to under

20  staffing and high employee turnover rates at the Monterey County Jail.

21

22

23

24

25

26

27                                              EXHIBIT ___16___

28                              6                PAGE _6_ OF _10_ PAGES

**ATTACHMENT 2**

**DEFINITIONS**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(1)    **INCIDENT** means the attack by Roger Spencer on Jimmy D. Haws which occurred on December 7, 2006 in the stairway area of D-Pod of the Monterey County Jail in Salinas, California.

(2)    **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them.

**DOCUMENTS TO BE PRODUCED**

1.    Any and all DOCUMENTS which evidence the maximum inmate capacity of the Monterey County Jail on the day of the INCIDENT.

2.    Any and all DOCUMENTS which evidence the maximum inmate capacity of D Pod at the Monterey County Jail on the day of the INCIDENT.

3.    Any and all DOCUMENTS relating to the number of inmates housed at the Monterey County Jail on the day of the INCIDENT.

4.    Any and all DOCUMENTS relating to the number of inmates housed in D Pod at the Monterey County Jail on the day of the INCIDENT.

5.    Any and all DOCUMENTS relating to the minimum number of supervisory staff required to supervise inmates housed at the Monterey County Jail on the day of the INCIDENT.

6.    Any and all DOCUMENTS relating to the actual number of supervisory staff present on the job supervising the inmates housed at the Monterey County Jail on the day of the INCIDENT.

7.    Any and all DOCUMENTS relating to the minimum number of supervisory staff required to supervise inmates housed in D Pod at the Monterey County Jail on the day of the

EXHIBIT ___16___

PAGE _7_ OF _10_ PAGES

Plaintiffs' Notice of Taking Deposition

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

1   INCIDENT.

2       8.      Any and all DOCUMENTS relating to the actual number of supervisory staff present

3   on the job supervising the inmates housed in D Pod at the Monterey County Jail on the day of the

4   INCIDENT.

5       9.      Any and all DOCUMENTS relating to any and all supplementary housing allowance

6   program for law enforcement employees investigation by the Sheriff's Department staff and/or the

7   County Administrative Officer's staff referenced in the 2003 Monterey County Grand Jury report.

8       10.     Any and all DOCUMENTS evidencing all presentations made by the Sheriff's

9   Department staff and the County Administrative Officer's staff to the Monterey County Board of

10  Supervisors as part of an "affordable housing" plan to insure recruitment and retention of critical

11  County employees referenced in the 2003 Monterey County Grand Jury report.

12      11.     Any and all DOCUMENTS evidencing any and all prisoner overcrowding relief

13  programs developed by the Sheriff's Department staff and/or the County Administrative Officer's

14  staff in response to the conditions at the Monterey County Jail.

15      12.     Any and all DOCUMENTS evidencing any and all judicial or regulatory inquiries

16  relating to the overcrowded conditions at the Monterey County Jail, and the County of Monterey's

17  responses to said inquiries, including but not limited to all Monterey County Civil Grand Jury

18  reports, and reports of the Presiding Judge of the Superior Court of Monterey, reports by Sheriff's

19  Department staff and/or the County Administrative Officer's staff, and the Monterey County Board

20  of Supervisors relating to overcrowding at the Monterey County Jail.

21      13.     Any and all DOCUMENTS evidencing any and all judicial or regulatory inquiries

22  relating to under staffing and high employee turnover rates conditions at the Monterey County Jail,

23  and the County of Monterey's responses to said inquiries, including but not limited to all Monterey

24  County Civil Grand Jury reports, and reports of the Presiding Judge of the Superior Court of

25  Monterey, reports by Sheriff's Department staff and/or the County Administrative Officer's staff, and

26  the Monterey County Board of Supervisors relating to under staffing and high employee turnover

27

28  _____

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

EXHIBIT ___16___

PAGE _8_ OF _10_ PAGES

8

Plaintiffs' Notice of Taking Deposition

1   rates at the Monterey County Jail.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office Of Michael B. Moore
595 Market Street Suite 1320
San Francisco, CA 94105

EXHIBIT ___16___
PAGE _9_ OF _10_ PAGES

9

*Haws v. County of Monterey, et al*
Case No.   C07 02599 RS
*U. S. District Court - Northern District of California*

## DECLARATION OF SERVICE BY MAIL
### (C.C.P. § 1013a(3), 2009, 2015.5)

I am over the age of 18 years, a citizen of the United States, and not a party to the within entitled cause of action.  My business address is 595 Market Street, Suite 1320, San Francisco, California 94105, and I am employed in the City and County of San Francisco, State of California. On the date set forth below I served the documents described below:

Plaintiffs' First Re-notice of Deposition of County of Monterey PMK re: Jail Inmate Capacity

on the following party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Traci Kirkbride, Deputy County Counsel<br>Office of the County Counsel<br>County of Monterey<br>168 W. Alisal Street<br>Salinas, CA 93901<br>**Attorneys for Defendant County** | Ralph W. Boroff, Esq.<br>55 River Street, Suite 100<br>Santa Cruz, CA 95060<br>**Co-Counsel for Plaintiffs** |

David Sheuerman, Esq.
Sheuerman, Martini & Tabari, P.C.
1033 Willow Street
San Jose, CA 95125
**Attorneys for Defendant Natividad**

[▶] (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

[ ] (BY HAND) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] (BY FACSIMILE/ELECTRONIC MAIL/OVERNIGHT MAIL) I caused such document(s) to be transmitted by facsimile/electronically or by overnight mail on this date to the office of the addressee(s).

[ ] (BY E-FILING WITH THE U.S. DISTRICT COURT) By submitting these documents for Electronic Case Filing, Pursuant to Local Rule 5-4 and General Order 45, at the Law Office of Michael B. Moore, 595 Market Street, Suite 1320, San Francisco, CA 94105.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 20, 2007 at San Francisco, California.

_____
Mark Ross

EXHIBIT ___16___

PAGE _10_ OF _10_ PAGES

LAW OFFICE OF MICHAEL B. MOORE
595 Market Street, Suite 1320
San Francisco, CA 94104