Ralph W. Boroff, Esq. (SBN 59164)
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 458-0502
Facsimile: (831) 426-0159

Michael B. Moore, Esq. (SBN 62182)
595 Market Street, Suite 1320
San Francisco, CA 94105
Telephone: (415) 956-6500
Facsimile: (415) 956-6580

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants. | Case No. C 07-02599 JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REBUTTAL OF DEFENDANT COUNTY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Date:        March 26, 2008<br>Time:        9:30 a.m.<br>Court Room: 4, 5th Floor<br><br>**Magistrate Judge:**    Hon. Richard Seeborg |

## I. OVERVIEW

Defendant has raised some procedural defects which Plaintiff concedes and will correct with supplemental pleadings filed herewith.

*Jimmy D. Haws, et al. V. County of Monterey, et al.*                                                    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 1 of 12

Plaintiffs' motion is mandated in that he submitted defendant County two separate discovery devices, enlarged almost twofold defendant's time in which to respond, followed by defendant's failure to timely respond. Plaintiffs did not unilaterally set December 21, 2007, as the response date. Mr. Moore and Ms. Kirkbride agreed to that date in their telephone conference of November 19 as memorialized in Mr. Moore's letter to Ms. Kirkbride dated November 20, 2007, and found at Exhibit D of Boroff Declaration and reaffirmed in their next phone conference on December 3, 2007, as evidenced by Mr. Moore's December 10 letter to her found at Exhibit E of Boroff Declaration. Defendant submitted responsive pleadings five days late.

The response to document production request did not include any documents but an assertion that they would be produced 24 days later, on a date the parties had scheduled a key witness' deposition. (The documents were critically important in preparation of the interrogator for the deposition - see Boroff letter of December 21, 2007, found at Exhibit F of Boroff declaration.)

The Answers to Interrogatories submitted five days late had only one interrogatory answered and without verification as required under FRCP 33 (b) (1) (2). The remaining "responses" merely represent that defendant would respond 24 days later. (Boroff Declaration Exhibit H.)

On January 11, 2008, plaintiffs' counsel received defendant County's supplemental responses to the disputed discovery requests. (This was one business day before the commencement of the deposition of key witness Liebersbach.) Those responses included claims of privilege and other objections to most requests. Some of the responses included representations that defendant was "currently conducting a diligent search" and that responsive documents would be produced upon their discovery (Supplemental Response to Plaintiff's Request for Production of Documents Set One, Response Nos. 9, 13, 14, 17 and 27, and Supplemental Responses to Plaintiffs' Special Interrogatories Nos. 10 and 19).[1] The documents produced one day before the deposition of Deputy

---

[1] Defendant has not subsequently provided further formal discovery responses despite the passage of more than 40 days since the representation was made.

*Jimmy D. Haws, et al. V. County of Monterey, et al.*                                    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 2 of 12

Chief Liebersbach totaled 382 pages. If one were to include the documents produced at Liebersbach's deposition, it can be said that the County waited 73 days to produce 634 pages of documents germane to these pending depositions and that the production occurred within one business day of the depositions.

## II. PLAINTIFFS' ALLEGED NON-COMPLIANCE WITH MOTION RULES

### A. Meet and Confer Facts

Defendant represents that plaintiffs' only attempt to informally resolves this dispute was a telephone conversation on December 26 or 27, 2007, wherein she represented that discovery would be produced on January 11, 2008, to which plaintiffs' counsel responded "That is not good enough." The record belies this minimalistic interpretation.

Review of Mr. Moore's correspondence as appears in Boroff Declaration Exhibits D and E makes evident plaintiffs' foresage of defendant's tardiness and the need for prompt discovery compliance. Boroff's letter of December 21 (Exhibit F) was unequivocal but also provided defendant a five day extension in which to submit responsive pleading.

A full and detailed meet and confer letter including point by point analysis of the discovery history, deficiencies and authorities to include citations to both case authority and applicable Rules dated December 28, 2007, may be found at Boroff Declaration Exhibit J. The document is even captioned "Discovery Meet and Confer FRCP 37 (a) (2) B." The letter proposes either defendant provide further answers without objection or the parties meet with a judicial officer and provide a deadline for response (December 31, 2007) which was extended to January 2, 2008 at defendant's request. The closing paragraph of that letter is set forth below and represents perhaps the hallmark of a true effort to find meaningful compromise:

> *SOLUTION*: My objective is to acquire meaningful discovery responses and move this process to something more efficient. To that end, I suggest you either agree to provide the documents and interrogatory responses with verification and without objection or claim of privilege within a period of time allowing Mr. Moore and me an opportunity for their review before our first deposition (currently scheduled for January 14, 2008) e.g. January 7, 2008, or we proceed

*Jimmy D. Haws, et al. V. County of Monterey, et al.*  Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 3 of 12

to informal chambers conference with Judge Fogel to informally resolve this dispute pursuant to ND CA Rule 37-1(b) as soon as possible. I require your written response before close of business December 31, 2007. If I have not received your unequivocating agreement to one of these two choices by that time I will conclude my meet and confer obligation has been met and will file a motion to compel discovery and for appropriate economic sanctions immediately thereafter.

Defendant represents that plaintiffs' motion herein is submitted in bad faith and that the evidence thereof may be found in Boroff's letter of January 24, 2008, submitted to counsel after the filing of this motion. The Court is invited to review the disputed letter found at Exhibit 13 of Ms. Kirkbride's Declaration. The author proposed to withdraw this motion if defendant (1) reformatted several hundred pages of documents produced at Mr. Liebersbach's deposition on January 14, 2008, into a Supplemental Documents Production as she represented at Liebersbach's deposition. DEFENDANT HAS YET TO DO SO. (2) Provide copies of plaintiff Haws' medical records and those of Roger Spencer. (3) As an alternative to providing Spencer's records, provide his last known address and the identity of the person administering medications on December 7, 2006. Both of these last items of information are unquestionably appropriate subjects for discovery. As will be seen in a moment, the proposed compromise of January 24, 2008, falls far short of the totality of requested information for which defendant County is without privilege or objection to answer due to its untimely response to plaintiffs' initial discovery requests.

### B.  Meet and Confer Requirements

Rule 37 (1) (2) (B) requires that the motion include a "certification" that the moving party conferred or attempted to confer with the non compliant party in an effort to secure the information without court action. Local Rule 37-3 (b) (2) requires the moving party describe in detail efforts made to secure compliance with the discovery obligation.

It is unclear whether defendant County's claim is that the Boroff Declaration fails to constitute a "certification" or that the efforts were deficient. Neither argument holds weight. Local Rule 37-3 (b) (2) requires the moving party describe in detail efforts made to secure compliance with

*Jimmy D. Haws, et al. V. County of Monterey, et al.*  Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 4 of 12

the discovery obligation. The Declaration is freighted with correspondence, admittedly received, unequivocal in nature, detailing the deficiencies, reasons why the information is germane to the litigation, and offers of compromise even after the filing of this motion.

## III.    LOCAL RULE 37-2 NONCOMPLIANCE

Defendant County correctly represents that plaintiff failed to set forth each request and its objection or response and "detail the basis for the parties contention that it is entitled to the requested discovery..." The request and responses are found in Boroff Declaration Exhibit G and H. Plaintiffs' entitlement to detailed responses is set forth below:

**Discovery Request - Interrogatory No. 10:**

*State the minimum number of supervisory staff required to supervise inmates housed a the Monterey County Jail on the day of the INCIDENT.*

**Entitlement:**

Plaintiff's complaint alleges under staffing. The minimum number of personnel required to supervise the inmate population on the date of the incident, in the opinion of defendant, is germane to such issue.

A responding party is obliged to undertake reasonable inquiry to respond to a discovery request. FRCivP Rule 33 (a). See also *General Dynamic Corp. v. SECB Mfr. Co.* (8th Civ. 1973) 481 F2d 1204, 1210. Rutter <u>Federal Civil Procedure Before Trial</u> ¶ 11:1747.

FRCP 37 (a)(3): "... an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.

**Discovery Request - Interrogatory No. 18:**

*Identify all contractors, architects, audio and video companies involved in the construction or equipping of D-Pod of the Monterey County Jail, and identify the scope of work of each such contractor architects, and audio and video company.*

**Entitlement:**

Defendant represents that there is no audio equipment in D-Pod. However, two agents of

*Jimmy D. Haws, et al. V. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 5 of 12

defendant deposed by plaintiffs have represented to the contrary. (Deposition of Sgt. Jose Mendoza, pp. 42-44 and Deposition of Chief Deputy Norbert Liebersbach, pp. 61-63.) Defendants answers are therefore evasive or incomplete in contravention of FRCP37 (a) (3). Plaintiff is entitled to confirmation of the existence of the monitoring equipment and the identity of its designer and installing contractor.

**Discovery Request - Request for Production of Documents, Request No. 2:**

*Any and all DOCUMENTS relating to the detention of Jimmy Haws, including but not limited to arrest records, violence records, discipline records, lockdown records, medical records, mental health evaluations, gang affiliation identification, witness statements, and any other records in your possession, custody or control relating to the detention of Jimmy Haws.*

**Entitlement:**

Plaintiff is entitled to copies of his own medical records. Those records are available to defendant County although the information is recorded by a separate entity. Pursuant to a contractual agreement, prisoner medical records are the property of the County as evidenced by the contract with CFMG provided in discovery to plaintiff's counsel. (See letter of Boroff dated January 24, 2008, appearing at Exhibit 13 of Declaration of Traci A. Kirkbride.) Cf. Kirkbride. Declaration ¶ 24.

The duty to produce discovery extends not only to entities but includes information known or available to its agents and employees. *General Dynamics Corp. v. SECB Mfr. Co.* (op. cit.) The right to obtain a document is sufficient dominion over it to constitute "control" over the document. In re Legato Systems Inc. Sec. Lit. (NDCA 2001) 204 FRD 167, 170.

**Discovery Request - Request for Production of Documents, Request No. 3:**

*Any and all DOCUMENTS relating to the detention of Roger Spencer, including but not limited to arrest records, violence records, discipline records, lockdown records, medical records, mental health evaluations, gang affiliation identification, witness statements, and any other records in your possession, custody or control relating to the detention of Roger Spencer.*

///

---

*Jimmy D. Haws, et al. V. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

**Entitlement:**

The medical records of Roger Spencer are relevant in that they will reveal that Spencer was mentally deranged, a fact known to defendant's agents.

Further, Spencer was provided psychotropic medications which he failed to take as prescribed according to Spencer's own statement to agents of defendant shortly after assaulting Mr. Haws (Defendant Monterey County Document Production p. 268).

FRCP Rule 26 (b) (5) (A) specifies the manner in which a party is to assert a privilege. They must first assert the claim, then describe the nature of the documents not produced in a manner that will enable the requesting party to assess the claim. The assertion is to be accompanied by a privilege log which (1) identifies the nature of the document; (2) identifies the author of the document; (3) sets forth the date of the privileged document; (4) identifies all addressees and recipients of the documents; (5) relates the current location of the document; and (6) specifies the privilege relied upon. Rutter <u>Federal Civil Procedure Before Trial</u> ¶ 11:1919.

"Boiler plate objections or blanket refusals in response to a FRCP 34 request are insufficient to assert a privilege." Rutter <u>Federal Civil Procedure Before Trial</u> ¶ 11:1918.

"Failing to respond to a Rule 34 request within the time permitted waives all objections thereto – including claims of privilege and work product." Rutter <u>Federal Civil Procedure Before Trial</u> ¶ 11:1905.

**Discovery Request - Request for Production of Documents, Request No. 9:**

*Any and all DOCUMENTS relating to the minimum number of supervisory staff required to supervise inmates housed at the Monterey County Jail on the day of the INCIDENT.*

**Entitlement:**

Plaintiff's complaint alleges under staffing. The minimum number of personnel required to supervise the inmate population on the date of the incident, in the opinion of defendant, is germane to such issue.

A responding party is obliged to undertake reasonable inquiry to respond to a discovery

*Jimmy D. Haws, et al. V. County of Monterey, et al.*                                                                    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 7 of 12

request. FRCivP Rule 33 (a). See also *General Dynamic Corp. v. SECB Mfr. Co.* (8th Civ. 1973) 481 F2d 1204, 1210. Rutter Federal Civil Procedure Before Trial ¶ 11:1747.

FRCP 37 (a) (3): "... an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer or respond.

**Discovery Request - Request for Production of Documents, Request No. 13:**

*Any and all DOCUMENTS, including but not limited to, all policy and procedure manuals in effect at the time of the INCIDENT, relating to safe and proper staffing levels at the Monterey County Jail on the day of the INCIDENT.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 14:**

*Any and all DOCUMENTS, including but not limited to, all policy and procedure manuals in effect at the time of the INCIDENT, relating to how cell blocks were to be monitored and/or supervised at the Monterey County Jail on the day of the INCIDENT.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 17:**

*Any and all DOCUMENTS relating to any potential safety problems posed by Roger Spencer at any time prior to the INCIDENT.*

**Entitlement:**

This request addresses the issue of notice to defendant of the risk of violence posed by plaintiff's assailant.

A responding party is obliged to undertake reasonable inquiry to respond to a discovery request. FRCivP Rule 33 (a). See also *General Dynamic Corp. v. SECB Mfr. Co.* (8th Civ. 1973) 481 F2d 1204, 1210. Rutter Federal Civil Procedure Before Trial ¶ 11:1747.

FRCP 37 (a) (3): "... an evasive or incomplete disclosure, answer or response is to be treated

*Jimmy D. Haws, et al. V. County of Monterey, et al.*   Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 8 of 12

as a failure to disclose, answer or respond.

**Discovery Request - Request for Production of Documents, Request No. 20:**

*All DOCUMENTS relating to the persons on duty at the Monterey County Jail at the time of the INCIDENT.*

**Entitlement:**

FRCP Rule 26 (b) (5) (A) specifies the manner in which a party is to assert a privilege. They must first assert the claim, then describe the nature of the documents not produced in a manner that will enable the requesting party to assess the claim. The assertion is to be accompanied by a privilege log which (1) identifies the nature of the document; (2) identifies the author of the document; (3) sets forth the date of the privileged document; (4) identifies all addresses and recipients of the documents; (5) relates the current location of the document; and (6) specifies the privilege relied upon. Rutter Federal Civil Procedure Before Trial ¶ 11:1919.

"Boiler plate objections or blanket refusals in response to a FRCP 34 request are insufficient to assert a privilege." Rutter Federal Civil Procedure Before Trial ¶ 11:1918.

"Failing to respond to a Rule 34 request within the time permitted waives all objections thereto – including claims of privilege and work product." Rutter Federal Civil Procedure Before Trial ¶ 11:1905.

**Discovery Request - Request for Production of Documents, Request No. 21:**

*Any and all DOCUMENTS relating to the decision to drop all charges against Jimmy Haws, including but not limited to, the reason said decision was made, and the identities of all persons involved in making this decision.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 22:**

*Any and all DOCUMENTS relating to the identities of the PERSON(S) responsible for supervising inmates housed in D-Pod at the time of the INCIDENT.*

*Jimmy D. Haws, et al. V. County of Monterey, et al.*                                        Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 9 of 12

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 23:**

*Any and all DOCUMENTS relating to the identities of the PERSON(S) responsible for supervising Jimmy Haws at the time of the INCIDENT.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 24:**

*Any and all DOCUMENTS relating to the identities of the PERSON(S) responsible for supervising Roger Spencer at the time of the INCIDENT.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 25:**

*Any and all DOCUMENTS relating to the identities of the PERSON(S) responsible for assigning inmate Roger Spencer and inmate Jimmy Haws as cell mates.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 28:**

*Any and all DOCUMENTS relating to the training and discipline records of the supervisory staff on duty and assigned to supervise inmates housed in D-Pod of the Monterey County Jail on the date of the INCIDENT.*

**Entitlement:**

See immediately above.

**Discovery Request - Request for Production of Documents, Request No. 34:**

*All DOCUMENTS relating to the configuration and placement of inmate monitoring equipment in D-Pod of the Monterey County Jail, as it was configured at the time of the INCIDENT,*

*Jimmy D. Haws, et al. V. County of Monterey, et al.*  Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 10 of 12

1 *including but not limited to all contracts to install and maintain said inmate monitoring equipment.*

**Entitlement:**

Defendant represents that there is no audio equipment in D Pod. However, two agents of defendant deposed by plaintiffs have represented to the contrary. (Deposition of Sgt. Jose Mendoza, pp. 42-44 and Deposition of Chief Deputy Norbert Liebersbach, pp. 61-63.) Defendants answers are therefore evasive or incomplete in contravention of FRCP37 (a) (3). Plaintiff is entitled to confirmation of the existence of the monitoring equipment and the identity of its designer and installing contractor.

**Discovery Request - Request for Production of Documents, Request No. 38:**

*All DOCUMENTS, including but not limited to any first aid certificates and emergency medical training certificates, relating to any and all training in emergency medical care and first aid for any all persons employed by the County of Monterey at the Monterey County Jail who came in contact with Jimmy Haws on December 7, 2006 after the INCIDENT.*

**Entitlement:**

See Response to No. 20.

**CONCLUSION:** Apparent confusion over the roles of the litigators in this matter has necessitated this request for the Court's intervention. Opposing counsel has represented to the Court that the undersigned made a "...blatant, intentional misrepresentation to the Court" (Defendant's Memorandum of Points and Authorities p. 5:15) when I swore that the deposition of Dr. Miller could not go forward as scheduled due to defendant's disregard of discovery obligations. Her evidence for this serious accusation of perjury committed by an officer of the court for the purpose of misleading a judicial officer is that Dr. Miller's attorney faxed a letter to counsel advising his unavailability on January 8, 2008. This condemnation overlooks the following representation found in my December 28, 2007, letter to opposing counsel which appears in whole at Kirkbride Declaration Exhibit G:

///

---

*Jimmy D. Haws, et al. V. County of Monterey, et al.*                                                                Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

> All subsequent discovery is premised upon that which was submitted to you. Mr. Sheuerman says his client does not belong in this litigation. He may be right. In order to determine that I need to take Dr. Miller's deposition in Oregon. But it is futile to do so when we do not have information from you which is necessary to prepare for Dr. Miller's deposition. <u>I had planned to take that deposition on January 18, 2008, and now cannot</u>. So Sheuerman and his client stay in this litigation for now. (Emphasis added.)

Thus, Dr. Miller's deposition had been scrapped eleven days earlier and with Ms. Kirkbride's full knowledge of both the decision and the reason for it. So who is trying to mislead the Court?

Respectfully submitted,

Dated: February 28, 2008

_____
RALPH W. BOROFF
Attorney for Plaintiffs

*Jimmy D. Haws, et al. V. County of Monterey, et al.*    Case No. C 07-02599 JF
Memorandum of Points and Authorities in Rebuttal of Defendant County's Opposition
to Plaintiffs' Motion to Compel Answers to Interrogatories and Production of Documents

Page 12 of 12