Ralph W. Boroff, Esq. (SBN 59164)
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 458-0502
Facsimile: (831) 426-0159

Michael B. Moore, Esq. (SBN 62182)
595 Market Street, Suite 1320
San Francisco, CA 94105
Telephone: (415) 956-6500
Facsimile: (415) 956-6580

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, SETH DANIEL HAWS and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,<br><br>Defendants. | Case No. C 07-02599 JF<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN RE: MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>**Magistrate Judge:**   Hon. Richard Seeborg |

## I.   OVERVIEW

At hearing on March 26, 2008, Magistrate Seeborg ordered counsel to meet and confer further regarding the issues in dispute and proposed solution to remaining disputed issues.

On Wednesday, April 2, 2008, Ms. Kirkbride, Mr. Moore (via telephone), and Mr. Boroff met for over one hour. The meeting was quite fruitful and the parties believe most issues have been

1  resolved. They agreed to prepare a written memorialization of that resolution and do not believe
2  further involvement of the court in those issues at this time is necessary.
3      Both counsel are withdrawing their request for sanctions in light of Magistrate Seeborg's
4  comments at hearing coupled with the demonstrated cooperation.
5      County Counsel Kirkbride has agreed to stipulate to enlarge the number of depositions
6  plaintiff may take from 10 to 30 without further petition. Plaintiff has agreed to the same number
7  for defendant. Either side may request of each other or seek the Court's assistance in the event either
8  the conduct of depositions is believed to have become oppressive or the agreed number insufficient.
9  (The parties have developed much information in deposition discovery which has not been available
10 in written discovery due to both the nature of the claim and records keeping practices of defendant
11 County.)
12     As to some of the requests (e.g. architectural diagrams of the Monterey County Jail ) the
13 parties have agreed to provision of the writings and information upon plaintiff's agreement to
14 protective order to be fashioned by the parties which will include (1) non-dissemination except to
15 staff and consultants; (2) return of writings to defendant County upon completion of litigation; and
16 (3) use of the discovery only in the course of this litigation.

17 **II.    REMAINING ISSUES**
18     **A.    Medical Records of Plaintiff Jimmy Haws and Roger Spencer**
19     These records are covered by Requests for Production of Documents Numbers 2 and 3 as
20 found at page 6 of Plaintiffs' Rebuttal Brief.
21     Plaintiff detailed the relevancy of these records in his oral argument and Rebuttal Brief
22 (p. 7:2-6). Haws came into the facility in October of 2005, admitting to a psychiatric history and
23 currently under a regimen of psychotropic medications. When Spencer came in on September 23,
24 2006, he also averred psychiatric history and anti-psychotic medication therapy. His intake
25 classification officer records on that date "Spencer claims psychiatric problems. It seems that he is
26 unable to care for himself until he takes his medication." After he assaulted plaintiff Jimmy Haws,
27
28

Spencer told authorities that his medication had been recently changed, he was unable to sleep for several nights, and he does not take the medication at pill pass, but instead after his one hour of yard outside of his shared cell each day. The assault upon Haws occurred during that one hour. Spencer's post assault behavior is suggestive of psychological disruption. (After his assault upon Haws, he was placed in a padded cell but continued to bang his head against the door until nine officers came in to restrain him to a chair. Under "normal" circumstances, only four officers are required for the task.)

Plaintiff believes these facts place the case squarely within *Redman v. County of San Diego* 942 F2d 1435 (9th Cir. 1991) wherein a pre-trial detainee was placed in a cell with another inmate who was known to pose a high safety risk to his cell mates because of anti-social ideation and behavior (in that instance, sexual predation). The requested information may lead to the development of the identification of additional responsible parties, and thus defendants, as well.

Defendant failed to respond to the request in a timely manner and thus waived all objection to the production. *Rich Mark Corp. v. Timber Falling Consultants* 959 F2d 1468 at 1473 (9th Cir. 1992). At hearing defendant posits that they have no objection to production of the records; they do not have them; their contractor, California Forensic Medical Group, does.

It is undisputed that CFMG[1] is the exclusive provider of medical services to inmates of the Monterey County Jail and does so under contract with the County. Under the terms of that contract, the records belong to the County of Monterey:

### 7. RECORDS

"Medical Records: Existing medical records and medical records prepared by CONTRACTOR shall be the property of the COUNTY and maintained by CONTRACTOR for the life of this contract. COUNTY shall be responsible for any destruction of any and all medical records. Upon termination of this contract such records will

---

[1] California Forensic Medical Group

be turned over to the county of Monterey."[2]

Thus, County has the right of access to both Haws' medical records and those of his assailant, Spencer. The right to obtain a document is sufficient dominion over it to constitute control over it and thus the ability and obligation to produce it. *In re Legato Systems Inc. Sec. Lit.* (NDCA2001) 2004 FRD 167 at 170. A responding party is obliged to undertake reasonable inquiry to respond to a discovery request. FRCP Rule 33(a).

Plaintiff subpoenaed medical records from CFMG for plaintiff's records on the date of the incident, but not his earlier records nor those of Mr. Spencer. Both have now been subpoenaed but plaintiff is not optimistic as to receipt of Mr. Spencer's records. Plaintiff is agreeable to the records being produced under any protective order the Court believes appropriate.

**B.    Staff Discipline and Training Records**

This subject is addressed by Request No. 28 which seeks "Any and all documents relating to the training and disciplinary records of the supervisory staff on duty and assigned to supervise inmates housed in D-Pod of the Monterey County Jail on the date of incident."

In the April 2 meet and confer plaintiffs agreed to narrow this request to records of deputies assigned to floor or/and control duty on the date in question. (This narrows the request to no more than 5 to 8 people.) Plaintiff agrees to further narrow the nature of discipline and training records to disciplinary records relating to incidents of dishonest conduct, provocation of inmate on inmate or inmate on staff violence, misconduct related to pill pass or contraband violations, delay in response to emergency call or disturbances within the cell block, and failure to report observed inmate transgressions along with documentation of training remediation in the identified deficiency.

Defendant submitted an untimely response which waived all objection. (See Rutter *Federal*

---

[2] County of Monterey, State of California Professional Services Agreement produced by County in response to discovery request.

*Civil Procedure Before Trial* ¶ 11:1905). Once the response was submitted, defendant posed objection premised upon confidentiality and without provision of a Privilege Log. (Defense counsel has indicated she intends to file a privilege log with her forthcoming brief.) The confidentiality claim is apparently premised upon California state law.

**CONCLUSION:** The parties have sharply narrowed the issues before the Court. In fairness, plaintiff does not believe this cooperative effort would have came about but for the Court's intervention. Nonetheless, the parties are moving forward with some new understandings.

The medical record issue is particularly critical to plaintiff's case. Plaintiff has demonstrated the sought records are highly relevant to the issues involved in the case and there is no effective alternative means of their acquisition. For these reasons the Court is requested to Order production of the documents identified in Request Nos. 2 and 3 and Request No. 28 as amended. The Court is invited to fashion or direct counsel to fashion any protective order it considers appropriate to them.

Dated: April 4, 2008

Respectfully submitted,

_____
RALPH W. BOROFF
Attorney for Plaintiffs

---

*Jimmy D. Haws, et al. V. County of Monterey, et al.*   Case No. C 07-02599 JF
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS
AND AUTHORITIES IN RE: MOTION TO COMPEL ANSWERS
TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS