Michael B. Moore, Esq. (SBN 62182)
595 Market Street, Suite 1320
San Francisco, California 94105
Telephone:   (415) 956-6500
Facsimile:    (415) 956-6580
Email:        mbm@moore-law.net

Ralph W. Boroff, Esq. (SBN 59164)
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone:   (831) 458-0502
Facsimile:    (831) 426-0159

Attorneys for Plaintiffs JIMMY D. HAWS & CARRIE A. HAWS

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
NORTHERN DISTRICT OF THE STATE OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JIMMY D. HAWS, CARRIE A. HAWS,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | CASE NO.:  C07 02599 RS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE:  May 30, 2008<br>TIME:  10:30 a.m. |

**1.    Jurisdiction and Service:**

This is an action under the Federal Civil Rights Law (Title 42 U.S.C., Sec. 1983) asserting violations of substantive due process rights under the Fourteenth Amendment and under California Government Code Section 845.6 for delay in providing medical treatment. Carrie Haws is Jimmy's wife and guardian ad litem of Jimmy Haws. The couple have two minor children Seth, age 6 and Mia, age 4. Carrie, Seth and Mia Haws' have brought a cause of action for loss of consortium.

All parties have been served at this time.

**2.    Statement of Facts:**

At the time of this incident, plaintiff Jimmy D. Haws was a pretrial detainee at the Monterey County Jail in Salinas. All charges against Mr. Haws were dropped following this incident.

On December 7, 2006, plaintiff Jimmy Haws was attacked by his cell mate, Roger Spencer on the stairs between the two levels of the D-Pod inmate housing unit. According to witnesses, Mr. Haws attempted to walk away from Mr. Spencer. Mr. Spencer grabbed Mr. Haws from behind and wrapped both arms around his neck, and placed him in a choke hold. Mr. Spencer held him in a choke hold for several minutes during which time Jimmy Haws became unconscious. Mr. Spencer continued to choke Mr. Haws until his body went limp. When Spencer released him, Jimmy Haws fell unconscious down the stairs, violently striking his head and suffering a skull fracture and a severe brain injury.

Plaintiffs contend that:

(1) the jail was poorly constructed and inadequate;

(2) due to overcrowding, jail staff did not have the ability to classify or segregate problem inmates from other inmates or staff;

(3) Haws and Spencer should not have been as cell mates according to Monterey County sheriff's own classification criteria;

(4) There were chronic overcrowding issues at the jail which led to increased inmate violence. The overcrowding was so severe that the Sheriff's department operated the jail as an indirect supervision facility, and were unable to directly supervise the inmates.

(5) The jail was understaffed, and the lack of proper staffing prevented the guards from properly supervising the inmates even as an indirect supervision facility. Inmates are left to "fend for themselves" in these "blind" areas and can be easily victimized by other inmates.

(6) The jail authorities knew that Roger Spencer was psychotic and dangerous to other inmates, particularly his cell mate, Jimmy Haws, but the jail authorities failed to properly medication or control Mr. Spencer and failed to protect Mr. Haws.

Defendants contend as follows:

The subject incident in this case involves an altercation between two jail inmates, Jimmy Haws and Roger Spencer, which occurred on December 7, 2006. The two inmates were cell mates in D-Pod at the Monterey County Jail and during their "hour out" of their cell on December 7th,

Haws and Spencer got into a physical altercation, apparently over an issue concerning a razor. Spencer started choking Haws at the top of a flight of stairs in the pod, then he released Haws, causing Haws to fall down the flight of stairs which resulted in a severe closed head injury to Mr. Haws. Medical staff at the jail was summoned, Haws was then transported to Natividad Medical Center (NMC) and subsequently, Haws was transferred to Community Hospital of the Monterey Peninsula (CHOMP) where he underwent brain surgery. Haws' medical condition eventually improved enough to allow him to be transferred to a long-term care facility.

The County defendants' position on liability in this matter is that there was nothing that could have been done by the County defendants to prevent this altercation from occurring and, in addition, there was no delay, negligence, or any other oversight, action or inaction by County personnel which either contributed to this incident or which contributed to the resulting medical condition of Mr. Haws.

**3.   Legal Issues:**

Does the conduct of defendants County of Monterey, Sheriff Michael Kanalakis, and Natividad Medical Center constitute "deliberate Indifference" or "reckless indifference" to the 14th Amendment rights of Jimmy Haws as a pretrial detainee, and therefore result in his entitlement to damages under 28 USC §1983? Redman v. County of San Diego, (9th Cir. 1991), 942 Fed 2d 1435.

**4.   Motions:**

Defendants filed a Motion to Dismiss the Complaint which was granted in part, and denied in part on July 27, 2007.

Defendants filed a Motion to Dismiss the first amended complaint which was then vacated.

Plaintiffs filed a motion to compel further answers to their first set of specially prepare interrogatories and further responses to their first requests for production of documents which was granted on March 26, 2008.

**5.   Amendment of Pleadings:**

The complaint in this case was filed on May 16, 2007. Defendants filed a Motion to Dismiss this action which was granted in part, and denied in part on July 27, 2007.

Plaintiff's filed their First Amended Complaint on August 14, 2007. Defendants answered plaintiff's First amended complaint on September 20, 2007.

Recent discovery has disclosed that plaintiffs may have claims against the private contractor who provided medical care at the Monterey County Jail. Plaintiffs have scheduled depositions to determine whether these claims should be pursued. Based on discovery to date, plaintiffs will dismiss Natividad Medical Center, which provided medical care to Jimmy Haws after the incident.

**6.    Evidence Preservation:**

The parties are not aware of any evidence preservation issues at this time.

**7.    Disclosures:**

The parties have complied with the Initial Disclosure requirements of the FRCP.

**8.    Discovery:**

A significant amount of discovery has taken place in this case.

Defendant Natividad has subpoenaed all of plaintiff's medical records.

Plaintiffs have propounded two sets of specially prepared interrogatories to Defendant County of Monterey. Defendant County of Monterey has responded to one set of plaintiff's interrogatories. The second set is pending.

Plaintiffs have propounded two sets of requests for production of documents to Defendant County of Monterey. Defendant County of Monterey has responded to set one. The second set is pending. Plaintiffs have conducted an inspection of the jail with their consultant.

The following depositions have been taken by plaintiffs in this case:

| **Deponent** | **Date Taken** |
|---|---|
| 1.    Sergeant Jose Mendoza as the County of Monterey PMK | January 15, 2008 |
| 2.    Chief Deputy Norbert Liebersbach | January 14, 2008 |
| 3.    Crystal Coniglio | April 10, 2008 |
| 4.    Deputy Bossouth | March 27, 2008 |
| 5.    Deputy Mora | April 7, 2008 |
| 6.    R. Fisher | April 7, 2008 |

7.  Sean White                                             March 27, 2008

8.  Guadalupe Ferrari                                      March 27, 2008

The following depositions have been noticed and/or are presently on Calendar to be taken by plaintiffs in this case:

| Deponent | Date |
|---|---|
| 1. The Custodian of Records for CFMG, Inc. | May 21, 2008 |
| 2. Elaine Finnberg, Ph.D. | May 21, 2008 |
| 3. Kim Spano | May 21, 2008 |
| 4. Taylor Fithian, M.D. | May 22, 2008 |
| 5. County of Monterey PMK Deposition (Contined) | June 4, 2008 |
| 6. William Harry Munyon | June 10, 2008 |
| 7. Deputy Munoz | June 5, 2008 |
| 8. Deputy Thomas | June 5, 2008 |

The following depositions have been noticed and/or are presently on calendar to be taken by defendant Natividad Medical Center:

1.  Carrie A. Haws                                         May 28, 2008

In addition, in preparation for the previous Mediation in this case, plaintiffs' hired medical and vocational experts who prepared extensive written reports, including a life care plan for plaintiff Jimmy Haws. These reports have been provided to defendants.

**9.     Class Actions:**

Not applicable.

**10.    Related Cases:**

Not applicable.

**11.    Damages:**

As a result of this incident Mr. Haws sustained a severe traumatic brain injury, complicated by a skull fracture and epidural hematoma with severe cognitive and behavior impairment. He also sustained a right spastic hemiparesis with a contracture of the right arm involving the right shoulder,

elbow and fingers, and a severe contracture of the right ankle. He is also incontinent of bowel and bladder.

Mr. Haws has been placed in a long term care facility at Mee Memorial Hospital. According to his treating physicians at Mee Memorial Hospital, his prospects for discharge are very poor. His family's residence is not wheelchair accessible at all, and his medical condition requires assistance with all activities of daily living and 24 hour supervision.

Jimmy Haws' damages are summarized as follows:

| | | |
|---|---|---|
| 1. | Past Medical Treatment Expenses | $1,030,074.17 |
| 2. | Future needs | $3,766,814.68 - $6,562,869.53 |
| 3. | Pain and Suffering | $5,000,000.00 |
| | **Total** | **$9,796,888.85 - $12,592,943.70** |

Carrie, Seth and Mia Haws' seek **$1,000,000.00** for their loss of consortium claim.

**12.    Settlement and ADR:**

There were no significant negotiations at the first mediation of this matter, in part because at the time of the mediation the County of Monterey intended to bring a Motion for Summary Judgment. Since the County no longer intends to pursue a Summary Judgment motion, plaintiffs suggest a second mediation to attempt to resolve this case.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties did not consent to a Magistrate Judge in this case.

**14.    Other References:**

Not applicable.

**15.    Narrowing of Issues:**

The parties have no stipulated facts at this time.

**16.    Expedited Schedule:**

Not applicable.

**17.    Proposed Scheduling:**

To be determined.

18. **Trial:**

The estimated length of trial is 20 trial days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Not applicable.

20. **Other Matters:**

Not applicable.

Dated: May 19, 2008　　　　　　　　　　　LAW OFFICE OF MICHAEL B. MOORE

By: _____
　　Michael B. Moore

Dated: May 19, 2008　　　　　　　　　　　OFFICE OF THE COUNTY COUNSEL,
　　　　　　　　　　　　　　　　　　　　COUNTY OF MONTEREY

By: _____
　　Traci Kirkbride
　　Deputy County Counsel

Dated: May 19, 2008　　　　　　　　　　　SHEUERMAN, MARTINI & TABARI

By: _____
　　David Sheuerman

18. **Trial:**

The estimated length of trial is 20 trial days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Not applicable.

20. **Other Matters:**

Not applicable.

Dated: May 19, 2008

LAW OFFICE OF MICHAEL B. MOORE

By: *Michael B. Moore*
Michael B. Moore

Dated: May 19, 2008

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MONTEREY

By: *Traci Kirkbride*
Traci Kirkbride
Deputy County Counsel

Dated: May 19, 2008

SHEUERMAN, MARTINI & TABARI

By: _____
David Sheuerman

18. **Trial:**

The estimated length of trial is 20 trial days.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Not applicable.

20. **Other Matters:**

Not applicable.

Dated: May 19, 2008

LAW OFFICE OF MICHAEL B. MOORE

By: _Michael B. Moore_
    Michael B. Moore

Dated: May 19, 2008

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MONTEREY

By:_____
    Traci Kirkbride
    Deputy County Counsel

Dated: May 19, 2008

SHEUERMAN, MARTINI & TABARI

By:_____
    David Sheuerman

---

Joint Case Management Conference Statement
- 7 -

*Haws v. County of Monterey, et al*
Case No.   C07 02599 RS
*U. S. District Court - Northern District of California*

# DECLARATION OF SERVICE BY MAIL
## (C.C.P. § 1013a(3), 2009, 2015.5)

I am over the age of 18 years, a citizen of the United States, and not a party to the within entitled cause of action.  My business address is 595 Market Street, Suite 1320, San Francisco, California 94105, and I am employed in the City and County of San Francisco, State of California.  On the date set forth below I served the documents described below:

Joint Case Management Conference Statement

on the following party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Traci Kirkbride, Deputy County Counsel
Office of the County Counsel
County of Monterey
168 W. Alisal Street
Salinas, CA 93901
**Attorneys for Defendant County**

Ralph W. Boroff, Esq.
55 River Street, Suite 100
Santa Cruz, CA 95060
**Co-Counsel for Plaintiffs**

David Sheuerman, Esq.
Sheuerman, Martini & Tabari, P.C.
1033 Willow Street
San Jose, CA 95125
**Attorneys for Defendant Natividad**

☐ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California.

☐ (BY HAND) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY FACSIMILE/ELECTRONIC MAIL/OVERNIGHT MAIL) I caused such document(s) to be transmitted by facsimile/electronically or by overnight mail on this date to the office of the addressee(s).

▶ (BY E-FILING WITH THE U.S. DISTRICT COURT) By submitting these documents for Electronic Case Filing, Pursuant to Local Rule 5-4 and General Order 45, at the Law Office of Michael B. Moore, 595 Market Street, Suite 1320, San Francisco, CA 94105.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2008 at San Francisco, California.

*/s/ Mark Ross*
Mark Ross

LAW OFFICE OF MICHAEL B. MOORE
595 Market Street, Suite 1320
San Francisco, CA 94104