Ralph W. Boroff, Esq. (SBN 59164)
55 River Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 458-0502
Facsimile: (831) 426-0159

Michael B. Moore, Esq. (SBN 62182)
595 Market Street, Suite 1320
San Francisco, CA 94105
Telephone: (415) 956-6500
Facsimile: (415) 956-6580

Attorneys for Plaintiffs

IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

SAN JOSE DIVISION

JIMMY D. HAWS, SETH DANIEL HAWS and MIA SKYE HAWS, minors, by and through their guardian ad litem, CARRIE A. HAWS, and CARRIE A. HAWS, individually

Plaintiffs,

v.

COUNTY OF MONTEREY, MICHAEL KANALAKIS, NATIVIDAD MEDICAL CENTER and DOES 1-300, inclusive,

Defendants.

Case No. C 07-02599 JF

**DECLARATION OF RALPH W. BOROFF IN SUPPORT OF MOTION AND MOTION TO DEPOSE PRISONER PURSUANT TO FRCP 30(a)(2)(B)**

Date: October 22, 2008
Time: 9:30 a.m.
Court Rm: 4

Magistrate
Judge: Hon. Richard Seeborg

Comes now Ralph W. Boroff who affies and swears as follows:

1. I am an attorney licensed to practice before this Court and represent plaintiffs in association with Michael B. Moore, Esq.

2. This case alleges defendants violated plaintiff Jimmy Haws Fourteenth Amendment rights as a pretrial detainee through the exercise of deliberate indifference to his personal security

*Jimmy D. Haws, et al. V. County of Monterey, et al.*
Declaration of Ralph W. Boroff in Support of Motion to
Depose Prisoner Pursuant to FRCP 30(a)(2)(B)

Case No. C 07-02599 JF

Page 1 of 3

1 as set forth in *Redman v. County of Sant Diego*, 942 F2d 1435 (9th Cir. 1991.).

2  3. Plaintiffs allege that defendants showed deliberate indifference to the safety of inmates by failing to correct a pattern of over crowding, improper inmate placement ("classification"), and inadequate supervision of inmates by Sheriff staff.

4. Plaintiff has deposed eleven agents of the Sheriff and four agents of California Forensic Medical Group, Inc., the private contract provider of medical (including psychiatric) services, to Monterey County Jail inmates.

5. In many instances the deponents described observed behavior by Roger Spencer which included self mutilation (Deputy Mario Munoz), Spencer's complaint of inability to function in the facility as a result of being denied his psychiatric medications (Deputy Bruce Mauk), acknowledgment that Spencer was violent and had psychiatric problems (Deputy Jason Thomas). Nonetheless, without exception the deponents have testified that they were unaware of any imminent danger posed by Spencer at the time of his assault on Haws or prior acts of aggression by Spencer against Haws.

6. Numerous investigation reports prepared by Monterey County Sheriff's detectives identify percipient witnesses to Spencer's attack upon his cell mate Haws and events leading up to that event. I have included at Exhibit A excepts from official Monterey County Sheriff's Department investigation reports describing interviews with inmates who are percipient witnesses. I wish to depose two of those persons who are currently "prisoners" as I understand that term as found in FRCP 30(a)(2)(B).

7. The first such prisoner is Christopher Lee Griffith. Griffith reported to the Sheriff's deputies that the day before Spencer's assault upon Haws the subject of this suit that Spencer visibly threatened Haws while the two were in the yard and in the observable presence of the assigned yard deputy. Griffith also described fight noises from the Haws/Spencer cell which were loud enough to wake him. If such representations are affirmed in testimony that evidence supports plaintiffs' claim that defendant County of Monterey practiced deliberate indifference to the well being of its prisoners

*Jimmy D. Haws, et al. V. County of Monterey, et al.*
Declaration of Ralph W. Boroff in Support of Motion to
Depose Prisoner Pursuant to FRCP 30(a)(2)(B)

Case No. C 07-02599 JF

Page 2 of 3

1  through inadequate supervision of inmates by the Sheriff.

2  Griffith is a now sentenced felon who has been sentenced to the California Department of
3  Corrections.

4  The second prisoner is Abel Hernandez. Hernandez occupied the cell immediately adjacent
5  to Haws and Spencer. He told deputies that he had heard the two arguing "in the past" and that
6  Roger Spencer had behavioral problems which the deputy described in his report as "anxiety" and
7  "hyper."

8  Hernandez has been transferred to Atascadero State Hospital. Plaintiffs believe that
9  placement is in the mentally disordered sexual offender program.

10  8. Permitting discovery by deposition of these two incarcerated witnesses is consistent
11  with the objections expressed in Rule 26(b)(2) in that the discovery is not unreasonably cumulative
12  or duplicative. Plaintiff has sought the information available from these witnesses through other
13  sources who have not been as forthright as hoped. The issues about which these witnesses will
14  testify are central to the litigation and their testimony is directly on point to the issues. The amount
15  in controversy here is several million dollars. The defendant County of Monterey is certainly better
16  positioned that plaintiffs to withstand the rigors of costly discovery. (As plaintiffs' counsel
17  necessarily bears the costs of discovery during litigation the economic impact of unnecessary or
18  extravagant undertaking is experienced by the attorney himself and thereby reduces the likelihood
19  of discovery abuse by excessive depositions.)

20  I declare under penalty of perjury that the foregoing is true and correct.

21  Executed within the United States at Santa Cruz, California, this 11th day of September,
22  2008.

_____
RALPH W. BOROFF
Attorney for Plaintiffs

*Jimmy D. Haws, et al. V. County of Monterey, et al.*
Declaration of Ralph W. Boroff in Support of Motion to
Depose Prisoner Pursuant to FRCP 30(a)(2)(B)

Case No. C 07-02599 JF

Page 3 of 3

# EXHIBIT A

| Crime | Case # |
|---|---|
| 664/187PC | 09431-06 |
| Victim(s)/Reporting Party | Date |
| HAWS, JIMMY | 12/7/06 |

## SUPPLEMENTAL REPORT

On 12/7/06, Detective Sergeant Kevin Oakley instructed Detective Pete Ramos and I to respond to Monterey County Jail regarding a possible attempted homicide.

At 1430hrs, Detective Ramos and I interviewed Michael Pitruzzello. Michael was an inmate housed in D204.

Michael Pitruzzello said this morning he was scheduled for his hour out. However, he passed up this hour because he normally was awake at night and preferred to sleep in the daytime. As a result, Roger and Jimmy were released from their cell for their hour out.

Michael said he was housed next door to Jimmy (he believed the last name to be Haws) and Roger Spencer. Inside their cell, he had heard Jimmy and Roger arguing and "bodies" against the walls as though Jimmy and Roger were fighting. Roger was yelling. Additionally, Michael heard the toilet flushing between 50-70 times. Jimmy told Michael (later) that Roger had tried to put him in a headlock.

Michael believed the fight and argument inside the cell was about Jimmy's food.

Michael said after Jimmy and Roger were let out for their hour, Roger asked Jimmy why he did not get a razor. Jimmy and Roger argued about the razor. Roger told Jimmy to go into the cell and fight about it. Jimmy was at the top of stairs and Roger was at the bottom. Jimmy took a posture that would indicate he wanted to "bring it on" (fight). Jimmy went down the stairs and Roger came up the stairs. At a distance of approximately of ¼ to ½ from the top, Roger grabbed Jimmy's left arm (Michael did not have clear recollection of which arm). Roger told Jimmy "come up to the cell". Roger told Jimmy that he did not want to do this. Roger then got behind Jimmy and put his arm around Jimmy's neck. Roger choked Jimmy for 30-45 seconds.

Michael said as Roger choked Jimmy, Jimmy pulled at Roger's arm with both his hands and tried to free himself. Jimmy's body then went limp and Roger let go. Jimmy's body slid down the stairs and his head hit the stairs until he reached the bottom floor. Jimmy lied on the floor and his body would occasionally jerk.

Michael said after Jimmy was on the floor, Roger knelt down and began to cry. It appeared as though Roger was attempting CPR by Roger placing his mouth on Jimmy's mouth. Michael was not certain if Roger put his mouth to Jimmy's. Roger pulled Jimmy up and jerked him. Roger did not say anything, except he was crying.

Michael said no one in D-Pod beat on the doors or yelled to alert deputies into the pod.

Michael said Roger was wearing boxers. Jimmy was wearing pants.

| Prepared by | ID No. | Date/Time | 1 | Supervisor |
|---|---|---|---|---|
| Det. L. Bryant | B1514 | 12/8/06 2:18 PM | | |

| Crime | Case # |
|---|---|
| 664/187PC | 09431-06 |
| Victim(s)/Reporting Party | Date |
| HAWS, JIMMY | 12/7/06 |

Michael described Roger as a "nut" and Jimmy was "looking at life".

Michael said when the deputies went cell-to-cell asking what had happened; Michael told the first deputy that he did not see anything. Michael then told the second deputy that he would not talk in the pod.

At 1515hrs, I interviewed Guilliano Sechi. Guillano was housed in D103.

Guilliano said he was on a visit with a preacher when the incident occurred. However, he heard from other inmates that it did not occur as it appeared, there was an altercation. He did not provide the source of his information.

At 1600hrs, I interviewed Jaime Jasso. Jaime was housed in D104.

Jaime said he was asleep, he heard people running, and a man on the ground. He did not or see any arguments.

At 1610, I interviewed Christopher Griffith. Christopher was housed in D107.

Christopher said he was at court when the incident occurred. When he came back from court, he saw that Roger was handcuffed.

Christopher said on 12/6/06 at about 1200hrs, D-Pod was on the yard. It appeared to him that there had been an argument between Roger and Jimmy. It was not based on what was being said, but rather the looks between Jimmy and Roger.

Christopher said he had heard struggling and rumbling from Jimmy and Roger's cell. The rumbling woke Christopher from sleeping.

At 1625hrs, I interviewed Jose Gastelum. Jose was housed in D110.

Jose said he heard "thumping" and saw Haws on the floor. Roger was trying to pick Haws up and then let him go and Haws head hit the floor. Roger tapped Haws' cheek. Roger then put his lips on Haws' lips as though he was doing CPR, but Roger panicked.

At 1640hrs, I interviewed Wendell Jones. Wendell was housed in D201.

Wendell said he did not see or hear anything.

At 1650hrs, I interviewed Abel Hernandez. Abel was housed in D207.

Abel said he was writing a letter. He saw a guy on the floor and Roger was trying to give CPR.

| Prepared by | ID No. | Date/Time | 2 | Supervisor |
|---|---|---|---|---|
| Det. L. Bryant | B1514 | 12/8/06 2:18 PM | | |

| Crime | Case # |
|---|---|
| 664/187PC | 09431-06 |
| Victim(s)/Reporting Party | Date |
| HAWS, JIMMY | 12/7/06 |

Abel said he did not know if Roger and the guy had a fight. However, he had heard the guy and Roger argue in the past. He did not know if they fought.

Abel said Roger had anxiety and was hyper.

At 1700hrs, I interviewed John Santiago. John was housed in D212.

John said he saw Roger and Jimmy wrestling on the stairs. He thought they were playing around and John sat down on his bunk. John heard a "boom" and looked to see Jimmy and Roger on the floor. Roger got up and Jimmy was "passed out".

Deputy R. Fisher collected jail clothing and boxers from Roger Spencer. I received packaged jail clothing and boxers to be submitted into evidence.

Cc Detective Ramos

| Prepared by | ID No. | Date/Time | 3 | Supervisor |
|---|---|---|---|---|
| Det. L. Bryant | B1514 | 12/8/06 2:18 PM | | |