1  Michael B. Moore, Esq. (SBN 62182)
   100 Spear Street, Suite 1640
2  San Francisco, California 94105                    **E-Filed 8/31/2009**
   Telephone:    (415) 956-6500
3  Facsimile:    (415) 956-6580
   Email:        mbm@moore-law.net
4
   Ralph W. Boroff, Esq.
5  55 River Street, Suite 100
   Santa Cruz, CA 95060
6  Telephone:    (831) 458-0502
   Facsimile:    (831) 426-0159
7
   Attorneys for Plaintiffs JIMMY D. HAWS & CARRIE A. HAWS
8

9
              IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA
10
                NORTHERN DISTRICT OF THE STATE OF CALIFORNIA
11
                              SAN JOSE DIVISION
12

13
   JIMMY D. HAWS, SETH DANIEL HAWS,          CASE NO.:   C07 02599 JF
14 AND MIA SKYE HAWS, minors, by and
   through their guardian ad litem, CARRIE A.  **ORDER APPROVING COMPROMISE
15 HAWS, and CARRIE A. HAWS, individually     OF DISPUTED CLAIM FOR ADULT
                                             PERSON WITH A DISABILITY,
16            Plaintiff,                      MEMORANDUM IN SUPPORT AND
        v.                                   PROPOSED ORDER (ENTIRE
17                                           DOCUMENT)**
   COUNTY OF MONTEREY, et al.,
18                                           **Judge:      Hon. JEREMY FOGEL**
            Defendants.
19

20

21

22

23

24

25

26

27
   PETITION TO APPROVE COMPROMISE OF DISPUTED CLAIM OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR
28                      MINOR OR ADULT PERSON WITH A DISABILITY

Law Office of Michael B. Moore
695 Market Street, Suite 1320
San Francisco, California 94105
(415) 956-6500 (Tel) . (415) 956-6580 (Fax)

**MC-351**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Michael B. Moore, Esq. (SBN 62182)  Ralph W. Boroff, Esq. (SBN 59164) Law Office of Michael B. Moore     55 River Street, Suite 100 100 Spear Street, Suite 1640       Santa Cruz, CA 95060 San Francisco, CA 94105 | |

TELEPHONE NO.: (415) 956-6500     FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

CASE NAME: HAWS v. COUNTY OF MONTEREY, et al.

| ORDER APPROVING: | | CASE NUMBER: |
|---|---|---|
| ☐ | COMPROMISE OF DISPUTED CLAIM | C07 02599 JF |
| ☒ | COMPROMISE OF PENDING ACTION | |
| ☐ | DISPOSITION OF PROCEEDS OF JUDGMENT | HEARING DATE: 8/21/2009 |
| | ☐ Minor     ☒ Adult Person With A Disability | DEPT.: Courtroom 3 |

1. **Petitioner** *(name)*: Carrie Haws, as Guardian ad Litem for Jimmy Haws     has petitioned for court approval of a proposed compromise of a disputed claim of a minor or a pending action involving a minor or an adult person with a disability, or a proposed disposition of the proceeds of a judgment for a minor or an adult person with a disability.

2. **Hearing**
   Date: 8/21/2009     Time: 9:00 a.m.   Dept.: Courtroom 3 Judicial officer: Judge Jeremy Fogel

3. **Relationship to claimant**
   Petitioner is claimant's *(check all applicable boxes)*:
   a. ☐ Parent
   b. ☒ Guardian ad litem .
   c. ☐ Guardian
   d. ☐ Conservator
   e. ☐ Other *(specify)*:

4. **Claimant** *(name)*:
   a. ☐ is a minor.
   b. ☒ is an adult "person with a disability" within the meaning of Probate Code section 3603.

5. **Defendant**
   The claim or action to be compromised is asserted, or the judgment is entered, against *(name of settling or judgment defendant or defendants (the "payer"))*: County of Monterey and Michael Kanalakis

6. **THE COURT FINDS** that all notices required by law have been given.

7. **THE COURT ORDERS**
   a. The petition is granted and the proposed compromise of claim or action or the proposed disposition of the proceeds of the judgment is approved. The gross amount or value of the settlement or judgment in favor of claimant is $ 1,500,000.00
   b. The payer shall disburse the proceeds of the settlement or judgment approved by this order in the following manner:
      (1) **Payment of fees and expenses**
      Fees and expenses shall be paid by one or more checks or drafts, drawn payable to the order of the petitioner and the petitioner's attorney, if any, or directly to third parties entitled to receive payment identified in this order for the following items of expense or damage, which are hereby authorized to be paid out of the proceeds of the settlement or judgment:
      (a) ☒ Attorney's fees in the total amount of: $ 500,000.00     payable to *(specify)*: Law Office of Michael B. Moore; Law Office of Ralph W. Boroff

Form Adopted for Mandatory Use
Judicial Council of California
MC-351 [Rev. January 1, 2005]

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING
ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR
OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

Code of Civil Procedure, § 372;
Probate Code, § 3500 et seq.;
Cal. Rules of Court, rules 378,
7.953

Legal
Solutions
℞ Plus

| CASE NAME: HAWS v. COUNTY OF MONTEREY, et al. | CASE NUMBER: C07 02599 JF |
|---|---|

**7. b. (1) (b)** [X] Reimbursement for medical and all other expenses paid by the petitioner or the petitioner's attorney in the total amount of: **$ 85,439.75**

**(c)** [ ] Medical, hospital, ambulance, nursing, and other like expenses payable directly to providers as follows, in the total amount of: **$**

    (i) Payee (name):
    (A) Address:

    (B) Amount: $

    (ii) Payee (name):
    (A) Address:

    (B) Amount: $

    [ ] Continued on Attachment 7b(1)(c). (Provide information about additional payees in the above format.)

**(d)** [X] Other authorized disbursements payable directly to third parties in the total amount of: $112,500.00 (Describe and state the amount of each item, and provide the name and address of each payee):

Department of Health Care Services in full satisfaction of its lien.

    [ ] Continued on Attachment 7b(1)(d).

**(e)** [X] Total allowance for fees and expenses from the settlement or judgment: **$ | 697,939.75 |**

**(2) Balance**

The balance of the settlement or judgment available for claimant after payment of all allowed fees and expenses is: **$ | 802,060.25 |**

The balance shall be disbursed as follows:

**(a)** [ ] By one or more checks or drafts in the total amount of (specify): $ drawn payable to the order of the petitioner as trustee for the claimant. Each such check or draft must bear an endorsement on the face or reverse that it is for deposit in one or more interest-bearing, federally insured accounts in the name of the petitioner as trustee for the claimant, and no withdrawals may be made from the accounts except as provided in the Order to Deposit Money Into Blocked Account, which is signed contemporaneously with this order ("blocked account").

**(b)** [X] By the following method(s) (describe each method, including the amount to be disbursed ):

The check for the net amount payable on behalf of Jimmy D. Haws ($802,060.25) shall be deposited in accordance with this order and the order establishing the Special Needs Trust.

    [ ] Continued on Attachment 7b(2)(b).

**(c)** [X] If money is to be paid to a special needs trust under Probate Code section 3604, all statutory liens in favor of the state Department of Health Services, the state Department of Mental Health, the state Department of Developmental Services, and any city and county in California must first be satisfied by the following method (specify):

Department of Health Care Services has agreed to accept $112,500.00 in full satisfaction of its lien.

    [ ] Continued on Attachment 7b(2)(c).

| CASE NAME: HAWS v. COUNTY OF MONTEREY, et al. | CASE NUMBER: C07 02599 JF |
|---|---|

8. ☐ **Further orders of the court concerning blocked accounts**
The court makes the following additional orders concerning any part of the balance ordered to be deposited in a blocked account under item 7b(2)(a):

   a.  Within 48 hours of receipt of a check or draft described in item 7b(2)(a), the petitioner and the petitioner's attorney, if any, must deposit the check or draft in the petitioner's name as trustee for the claimant in one or more blocked accounts at *(specify name, branch, and address of each depository, and the amount of each account):*

       ☐ Continued on Attachment 8a.

   b.  The petitioner and the petitioner's attorney, if any, must deliver to each depository at the time of deposit three copies of the *Order to Deposit Money Into Blocked Account,* which is signed contemporaneously with this order, and three copies of the *Receipt and Acknowledgment of Order to Deposit Money Into Blocked Account* ("receipt"). The petitioner or the petitioner's attorney must file a copy of the receipt with this court within 15 days of the deposit. The sole responsibilities of the petitioner and the petitioner's attorney, if any, are to place the balance in a blocked account or accounts and to timely file a copy of the receipt.

   c.  The balance of the proceeds of settlement or judgment deposited in a blocked account or accounts under item 7b(2)(a) may be withdrawn only as follows *(check (1) or (2)):*

      (1) ☐ No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judge, and bearing the seal of this court. The money on deposit is not subject to escheat.

      (2) ☐ The blocked account or accounts belong to a minor. The minor was born on *(date):*
No withdrawals of principal or interest may be made from the blocked account or accounts without a further written order under this case name and number, signed by a judicial officer, and bearing the seal of this court, until the minor attains the age of 18 years. When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat.

9. ☒ **Authorization to execute settlement documents**
The petitioner is authorized to execute settlement documents as follows *(check only one):*

   a. ☒ Upon receipt of the full amount of the settlement sum approved by this order and the deposit of funds, the petitioner is authorized and directed to execute and deliver to the payer a full, complete, and final release and discharge of any and all claims and demands of the claimant by reason of the accident or incident described in the petition and the resultant injuries to the claimant and a properly executed dismissal with prejudice.

   b. ☒ The petitioner is authorized and directed to execute any and all documents reasonably necessary to carry out the terms of the settlement.

   c. ☐ The petitioner is authorized and directed *(specify):*

       ☐ Continued on Attachment 9c.

10. Bond is ☐ ordered and fixed in the amount of: $            ☐ not required.

11. A copy of this order shall be served on the payer forthwith.

12. ☒ **Additional orders**
The court makes the following additional orders *(specify):* See Attachment 12

      ☒ Continued on Attachment 12.

Date: 8/27/2009

_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**ORDER APPROVING COMPROMISE OF DISPUTED CLAIM OR PENDING ACTION OR DISPOSITION OF PROCEEDS OF JUDGMENT FOR MINOR OR ADULT PERSON WITH A DISABILITY**
(Miscellaneous)

**Attachment 12 to Order Approving Petition for Compromise on Behalf of Jimmy D. Haws**

**Additional Order:**

1.      The County of Monterey shall issue a check in the full amount of the gross settlement ($1,500,000.00) payable to Carrie Haws, as guardian ad litem for Jimmy D. Haws and her attorneys Michael B. Moore and Ralph W. Boroff.

2.      Michael B. Moore shall issue checks from his client trust account in accordance with this order as follows:

        a.      $802,060.25 to be disbursed to the trustee of Jimmy D. Haws' Special Needs Trust;

        b.      $112,500.00 to Department of Health Care Services for its lien;

        c.      $85,439.75 to the Law Office of Michael B. Moore and Ralph W. Boroff for costs;

        d.      $250,000.00 to the Law Office of Michael B. Moore for attorneys fees;

        e.      $250,000.00 to the Law Office of Ralph W. Boroff for attorneys fees.

3.      The check for the net amount payable on behalf of Jimmy D. Haws ($802,060.25) shall be deposited in accordance with this Order and the Order Establishing the Special Needs Trust.

4.      Mircea Dragomir shall serve as the initial Trustee of the Jimmy D. Haws' Special Needs Trust.

5.      Jimmy D. Haws had a disability that substantially impairs his ability to provide for his own care or custody, and constitutes a substantial handicap.

6.      Jimmy D. Haws is likely to have special needs that will not be met without the trust.

7.      The money to be paid to the trust does not exceed the amount that appears reasonably necessary to meet Jimmy D. Haws' special needs.

8.      The assets of the trust are unavailable to the beneficiary and shall not constitute a resource to Jimmy D. Haws for his financial eligibility for MediCal, SSI, regional center assistance, Section 8, or any other program of public benefits.

9.      The Trustee shall provide the Court with a biennial Account and Report of the Special Needs Trust, beginning with the period one year after the date the court approves the establishment of the trust and every two years thereafter.

**Continued**
**Attachment 12 to Order Approving Petition for Compromise on Behalf of Jimmy D. Haws**
**Additional Order:**


10.    The Trustee is authorized to invest in mutual funds and bonds with maturity dates greater than five years.

11.    Mircea Dragomir, trustee shall post bond of $826,022.06.

12.    The continuing supervision of the Special Needs Trust created herein shall be transferred to the Santa Clara County Superior Court of the State of California, pursuant to Probate Code Sec. 17005, namely, the probate court in the county where the principal administration of the trust will occur.